# 12-2557(L)

## 12-2497-bk(CON), 12-2500-bk(CON), 12-2557-bk(CON), 12-2616-bk(CON), 12-3422-bk(CON), 12-3440-bk(CON), 12-3582-bk(CON), 12-3585-bk(CON)

# United States Court of Appeals

*for the*

# Second Circuit

In Re: Bernard L. Madoff Investment Securities LLC,

*Debtor,*

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

*Plaintiff-Appellant,*

SECURITIES INVESTOR PROTECTION CORPORATION,
Statutory Intervenor pursuant to the Securities Investor Protection Act,
15 U.S.C. § 78eee(d),

*Intervenor-Appellant,*

– v. –

IDA FISHMAN REVOCABLE TRUST, PAUL S. SHURMAN,
in his capacity as co-trustee of the Ida Fishman Revocable Trust, WILLIAM
SHURMAN, in his capacity as co-trustee of the Ida Fishman Revocable Trust
and as Executor of the Estate of IDA FISHMAN,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## JOINT BRIEF OF CUSTOMER APPELLEES

**SUBMITTED BY APPELLEES IN THE DECIDED ACTIONS,
THE WITHDRAWN 546(e) ACTIONS AND VARIOUS ELIGIBLE ACTIONS,
FOR THEMSELVES AND ON BEHALF OF THE JOINING APPELLEES
LISTED IN SCHEDULE A**

*(For Appearances See Inside Cover)*

## **COUNSEL FOR APPELLEES IN THE DECIDED ACTIONS:**

CAROLE NEVILLE, ESQ.
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6800

*Attorneys for Defendants in Picard v.
Ida Fishman Revocable Trust,
S.D.N.Y. No. 11-cv-7603 (JSR),
Appellees in Case No. 12-2497, and
for Defendants in Decided Actions
Picard v. Greiff, S.D.N.Y. No. 11-cv-
3775 (JSR), and Picard v. Hein, et
al., S.D.N.Y. No. 11-cv-4936 (JSR),
Appellees in Case No. 12-2557*

RICHARD LEVY, JR., ESQ.
DAVID C. ROSE, ESQ.
PRYOR CASHMAN LLP
Seven Times Square
New York, New York 10036
(212) 421-4100

*Attorneys for Defendants in Decided
Action Picard v. Goldman, et al.,
S.D.N.Y. No. 11-cv-4959 (JSR),
Appellees in Case No. 12-2557*

JENNIFER L. YOUNG, ESQ.
MATTHEW A. KUPILLAS, ESQ.
MILBERG LLP
One Pennsylvania Plaza, 49th Floor
New York, New York 10119
(212) 594-5300

PARVIN K. AMINOLROAYA, ESQ.
SEEGERWEISS LLP
77 Water Street
New York, New York 10005
(888) 584-0411

*Attorneys for Defendants in Decided Action Picard v. Blumenthal, et al., S.D.N.Y.
No. 11-cv-4293 (JSR), Appellees in Case No. 12-2557*

## **COUNSEL FOR APPELLEES IN THE WITHDRAWN 546(e) ACTIONS:**

DAVID PARKER, ESQ.
MATTHEW J. GOLD, ESQ.
KLEINBERG, KAPLAN, WOLFF
   & COHEN, P.C.
551 Fifth Avenue
New York, New York 10176
(212) 986-6000

*Attorneys for Defendants in Withdrawn
546(e) Action Picard v. Elins
Family Trust, et al., S.D.N.Y.
No. 11-cv-4772 (JSR),
Appellees in Case No. 12-2557*

PARVIN K. AMINOLROAYA, ESQ.
SEEGERWEISS LLP
77 Water Street
New York, New York 10005
(888) 584-0411

*Attorneys for Defendants in
Withdrawn 546(e) Action Picard v.
M&B Weiss Family L.P., et al.,
S.D.N.Y. No. 11-cv-6244 (JSR),
Appellees in Case No. 12-2557*

## **COUNSEL FOR APPELLEES IN VARIOUS ELIGIBLE ACTIONS:**

RICHARD A. KIRBY, ESQ.
LAURA L. CLINTON, ESQ.
MARTHA RODRIGUEZ-LOPEZ, ESQ.
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
(202) 778-9000

*Attorneys for Defendants in Eligible
    Action Picard v. The Wolfson Trust,
    S.D.N.Y. No. 11-cv-9449 (JSR),
    Appellees in Case No. 12-2557*

MARCY RESSLER HARRIS, ESQ.
JENNIFER M. OPHEIM, ESQ.
MARK D. RICHARDSON, ESQ.
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for Defendants in Eligible
    Action Picard v. Pati H. Gerber
    1997 Trust, et al., S.D.N.Y. No. 11-
    cv-9060 (JSR), Appellees in Case
    No. 12-2557, and for Defendants in
    Eligible Actions Picard v. Blue Star
    Investors, LLC, et al., S.D.N.Y. No.
    11-cv-9059 (JSR), and Picard v.
    HHI Investment Trust #2, et al.,
    S.D.N.Y. No. 11-cv-9061 (JSR),
    Appellees in Case No. 12-3422*

PHILIP BENTLEY, ESQ.
ELISE S. FREJKA, ESQ.
KRAMER LEVIN NAFTALIS
    & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9000

*Attorneys for Defendants in Eligible
    Action Picard v. Goldstein,
    S.D.N.Y. No. 11-cv-8491 (JSR),
    Appellees in Case No. 12-2557*

WILLIAM P. WEINTRAUB, ESQ.
GREGORY W. FOX, ESQ.
STUTMAN, TREISTER & GLATT, PC
675 Third Avenue, Suite 2216
New York, New York 10017
(212) 235-0800

*Attorneys for Defendants in
    Eligible Action Picard v.
    Nystrom, et al., S.D.N.Y.
    No. 12-cv-2403 (JSR),
    Appellees in Case No. 12-2557*

## CORPORATE DISCLOSURE STATEMENT

Appellees filing and joining this brief will submit their corporate disclosure statements by October 28, 2013, in a separate compendium, pursuant to the Court's Order dated September 17, 2013 (ECF No. 209).

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ......................................................... i

GLOSSARY .................................................................................................. xiv

INTRODUCTION ............................................................................................ 1

COUNTERSTATEMENT OF ISSUES PRESENTED ........................................ 2

COUNTERSTATEMENT OF THE CASE .......................................................... 3

COUNTERSTATEMENT OF FACTS ............................................................... 4

    A.    The Allegations ................................................................................. 4

    B.    The *Katz Action* ............................................................................... 7

    C.    Reference Withdrawal Motions .......................................................... 9

    D.    The District Court's Ruling In The Decided Actions ............................ 9

        1.    The District Court Concluded That Collateral Estoppel Likely
Barred The Trustee From Relitigating Section 546(e)'s
Application .......................................................................... 10

        2.    The District Court Concluded That Section 546(e)'s Plain
Language Applied To The Transfers ..................................... 10

            a.    Transfers By A Stockbroker .................................... 10

            b.    Transfers In Connection With Securities Contracts .... 10

            c.    Settlement Payments .............................................. 11

        3.    The District Court Found No Need To Consider Section
546(e)'s Legislative History ................................................. 12

        4.    The District Court Found No Ponzi Scheme Exception To
Section 546(e) .................................................................... 12

        5.    The District Court Determined That Section 546(e) Is
Consistent With SIPA .......................................................... 13

    E.    Consolidation Of The Actions For Entry Of Judgment And Appeal .... 13

SUMMARY OF ARGUMENT ......................................................................... 14

STANDARD OF REVIEW ............................................................................. 16

ARGUMENT ............................................................................................... 16

    I.    THE PLAIN LANGUAGE OF SECTION 546(e) APPLIES TO THE
TRANSFERS AT ISSUE ..................................................................... 16

        A.    Madoff Securities' Payments To Its Customers Were Transfers
By A Stockbroker ...................................................................... 17

B.    Madoff Securities Made Transfers To Customers In Connection With Their Securities Contracts ................................................................19

      1.    The Account Documents Are Securities Contracts Because They Authorize The Purchase And Sale Of Securities .........................................................................................21

      2.    The Account Documents Are Master Agreements And, Therefore, Securities Contracts ......................................................26

      3.    To The Extent They Are Not Contracts For The Sale Of Securities Or Master Agreements, The Account Documents Are Sufficiently Similar To Them To Fall Within The Code's Catch-All Provision ........................................27

      4.    The Transfers To Customers Were Made In Connection With Securities Contracts ..............................................28

C.    Section 546(e) Protects The Challenged Transfers From Avoidance Because They Were 'Settlement Payments' ............................32

II.    THE COURT SHOULD REJECT THE TRUSTEE'S INVITATION TO IMPOSE EXTRA-STATUTORY REQUIREMENTS FOR APPLICATION OF SECTION 546(e) ......................................................35

A.    The Court Should Not Require A Purchase Or Sale Requirement For Section 546(e) ...................................................36

B.    Section 546(e) Does Not Support A Ponzi Scheme Exception .................38

C.    Section 546(e) Does Not Require Fact-Finding ........................................41

D.    Resort To Section 546(e)'s Legislative History Is Improper, But, In Any Event, The History Supports The Statute's Application .................................................................................................43

E.    Section 546(e)'s Application Does Not Conflict With SIPA ...................48

III.    THE TRUSTEE AND SIPC ARE COLLATERALLY ESTOPPED FROM RELITIGATING THE ISSUES DECIDED AGAINST THEM IN *KATZ* .......................................................................................................53

A.    Identical Issues Were Raised, Fully Litigated And Decided In *Katz* .........................................................................................................54

B.    The *Katz* Dismissal Order Was A Valid, Final Judgment For Purposes Of Collateral Estoppel .............................................................55

IV.    THE COURT SHOULD AFFIRM THE RULING WITHDRAWING THE REFERENCE ...............................................................................................60

A.    The District Court Correctly Granted Mandatory Withdrawal .................61

B.   The Challenge To The Ruling Withdrawing the Reference
     Should Be Rejected Because No Effective Relief Is Available
     And No Purpose Would Be Served By Remand ........................................63

C.   The Ruling Should Be Affirmed Because There Was Good
     Cause For Permissive Withdrawal ...............................................................65

CONCLUSION.............................................................................................................68

CERTIFICATE OF COMPLIANCE ...........................................................................71

SCHEDULE A ............................................................................................................72

# <u>TABLE OF AUTHORITIES</u>

## <u>Federal Cases</u>

*Adelphia Communcs. Corp. v. Bank of Am. (In re Adelphia Communcs. Corp.)*,
330 B.R. 364 (Bankr. S.D.N.Y. 2005) ...................................................................... 61

*Ali v. Federal Bureau of Prisons*,
552 U.S. 214 (2008) ............................................................................................ 27

*American Med. Int'l, Inc. v. Secretary of H.E.W.*,
677 F.2d 118 (D.C. Cir. 1981) ....................................................................... 58

*Andrus v. Glover Constr. Co.*,
446 U.S. 608 (1980) ............................................................................................ 37

*Aozora Bank Ltd. v. SIPC (In re Bernard L. Madoff Inv. Secs. LLP)*,
480 B.R. 117 (S.D.N.Y. 2011) ....................................................................... 24

*AP Servs., LLP v. Silva*,
483 B.R. 63 (S.D.N.Y. 2012) ......................................................................... 34

*Appleton v. First Nat'l Bank*,
62 F.3d 791 (6th Cir. 1995) ........................................................................... 51

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................ 42

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
547 F.3d 109 (2d Cir. 2008) ........................................................................... 57

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 42

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
448 F.3d 573 (2d Cir. 2006) ........................................................................... 23

*BOUSA, Inc. v. United States (In re Bulk Oil (USA))*,
209 B.R. 29 (S.D.N.Y. 1997) ......................................................................... 61

*Brandt v. B.A. Capital Co. LP (In re Plassein Int'l Corp.)*,
590 F.3d 252 (3d Cir. 2009) ........................................................................ 32, 34, 35

*Brass v. American Film Techs., Inc.*,
987 F.2d 142 (2d Cir. 1993) ............................................................................. 3

*Brogan v. United States*,
522 U.S. 398 (1998) ............................................................................................ 45

*Burgo v. General Dynamics Corp.*,
122 F.3d 140 (2d Cir. 1997) ........................................................................... 49

*Butner v. United States*,
440 U.S. 48 (1979) .............................................................................................. 37

*Caldwell-Baker Co. v. Parsons*,
392 F.3d 886 (7th Cir. 2004) ......................................................................... 63

v

*Calyon N.Y. Branch v. American Home Mortg. Corp. (In re American Home Mortg., Inc.)*,
  379 B.R. 503 (Bankr. D. Del. 2008) ......................................................................... 26

*Casa de Cambio Majapara S.A. de C.V. v. Wachovia Bank, N.A. (In re Casa de Cambio Majapara S.A. de C.V.)*,
  390 B.R. 595 (Bankr. N.D. Ill. 2008) ........................................................................ 30

*Chambers v. Time-Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) ..................................................................................... 16

*City of N.Y. v. Exxon Corp.*,
  932 F.2d 1020 (2d Cir. 1991) ................................................................................... 60

*Connecticut Nat'l Bank v. Germain*,
  503 U.S. 249 (1992) .......................................................................................... 27, 36

*Contemporary Indus. Corp. v. Frost*,
  564 F.3d 981 (8th Cir. 2009) ................................................................. 32, 34, 35, 46

*County of Suffolk v. Sebelius*,
  605 F.3d 135 (2d Cir. 2010) ..................................................................................... 64

*Demarest v. Manspeaker*,
  498 U.S. 184 (1991) ................................................................................................. 50

*Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
  462 B.R. 457 (S.D.N.Y. 2011) ............................................................................ 65, 66

*DeWitt Rehab. & Nursing Ctr. v. Columbia Cas. Co.*,
  464 B.R. 587 (S.D.N.Y. 2012) ................................................................................. 65

*Divine v. Commissioner*,
  500 F.2d 1041 (2d Cir. 1974) ................................................................................... 58

*Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V.*,
  651 F.3d 329 (2d Cir. 2011) ............................................................................ passim

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
  353 U.S. 222 (1957) ................................................................................................. 48

*Galin v. United States*,
  2008 U.S. Dist. LEXIS 103884 (E.D.N.Y. Dec. 23, 2008) ...................................... 55

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989) ............................................................................................. 58, 66

*Grayson Consulting, Inc. v. Wachovia Secs., Inc. (In re Derivium Capital LLC)*,
  716 F.3d 355 (4th Cir. 2013) ................................................................................... 38

*Grede v. FC Stone, LLC*,
  485 B.R. 854 (N.D. Ill. 2013) .................................................................................. 50

*Grippo v. Perazzo*,
  357 F.3d 1218 (11th Cir. 2004) ............................................................................... 24

*Haley v. Pataki*,
  60 F.3d 137 (2d Cir. 1995) ...................................................................................... 57

*Hartley v. Mentor Corp.*,
    869 F.2d 1469 (Fed. Cir. 1989)...................................................... 56

*Hoskins v. Citigroup, Inc. (In re Viola)*,
    469 B.R. 1 (B.A.P. 9th Cir. 2012).................................................. 38

*Hunt v. Liberty Lobby, Inc.*,
    707 F.2d 1493 (D.C. Cir. 1983)..................................................... 55

*In re Bernard L. Madoff Inv. Secs. LLC*,
    654 F.3d 229 (2d Cir. 2011),
    *cert. dismissed*, 132 S. Ct. 2712,
    *and cert. denied*, 133 S. Ct. 24 & 25 (2012)....................................... passim

*In re Bernard L. Madoff Inv. Secs. LLC*,
    Adv. No. 08-01789 (Bankr. S.D.N.Y.) ...................................... 4, 24, 25

*In re Braniff Insolvency Litig. (In re Braniff, Inc.*,
    1992 Bankr. LEXIS 1563 (Bankr. M.D. Fla. Oct. 2, 1992)...................... 58

*In re Cablevision S.A.*,
    315 B.R. 818 (S.D.N.Y. 2004)....................................................... 61

*In re Chateaugay Corp.*,
    988 F.2d 322 (2d Cir. 1993)......................................................... 64

*In re Ionosphere Clubs, Inc.*,
    922 F.2d 984 (2d Cir. 1990)......................................................... 60

*In re JP Jeanneret Assocs.*,
    769 F. Supp. 2d 340 (S.D.N.Y. 2011)............................................. 24

*In re Kaiser Steel Corp.*,
    952 F.2d 1230 (10th Cir. 1991) .................................................... 32

*In re New Times Secs. Servs., Inc.*,
    371 F.3d 68 (2d Cir. 2004)............................................... 41, 51, 62

*In re Powell*,
    314 B.R. 567 (Bankr. N.D. Tex. 2004)........................................... 31

*In re Pruitt*,
    910 F.2d 1160 (3d Cir. 1990)....................................................... 63

*In re Refco Secs. Litig.*,
    2009 U.S. Dist. LEXIS 129944, (S.D.N.Y. Nov. 13, 2009)
    *report adopted*, 2010 WL 5129072 (S.D.N.Y. Jan. 12, 2010) ................. 38

*Instituto De Prevision Militar v. Merrill Lynch*,
    546 F.3d 1340 (11th Cir. 2008) .................................................... 29

*Interbulk, Ltd. v. Louis Dreyfus Corp, (In re Interbulk, Ltd.)*,
    240 B.R. 195 (Bankr. S.D.N.Y. 1999)........................................... 30

*Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.)*,
    263 B.R. 406 (S.D.N.Y. 2001)..................................................... 40

*Kaiser Steel Corp. v. Charles Schwab & Co.*,
    913 F.2d 846 (10th Cir. 1990) .................................................... 37

*Khandhar v. Elfenbein*,
    943 F.2d 244 (2d Cir. 1991)..................................................................... 52

*Kipperman v. Circle Trust F.B.O. (In re Grafton Partners, L.P.)*,
    321 B.R. 527 (B.A.P. 9th Cir. 2005).......................................................... 40

*Kurlan v. Commissioner*
    343 F.2d 625 (2d Cir. 1965)..................................................................... 56

*Lamie v. United States Trustee*,
    540 U.S. 526 (2004).......................................................................... 36, 43

*LaRocca v. Gold*,
    662 F.2d 144 (2d Cir. 1981)..................................................................... 52

*Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A.*
    *(In re Lehman Bros. Holdings, Inc.)*,
    469 B.R. 415 (Bankr. S.D.N.Y. 2012)................................... 22, 26, 30, 41

*Lowenschuss v. Resorts Int'l, Inc. (In re Resorts Int'l, Inc.)*,
    181 F.3d 505 (3d Cir. 1999)..................................................................... 32

*Luben Indus., Inc. v. United States*,
    707 F.2d 1037 (9th Cir. 1983) .................................................................. 58

*Lummus Co. v. Commonwealth Oil Refining Co.*,
    297 F.2d 80 (2d Cir. 1961)....................................................................... 54

*Lutz v. Chitwood (In re Donahue Secs., Inc.)*,
    304 B.R. 797 (Bankr. S.D. Ohio 2003)..................................................... 48

*Martin v. Malhoyt*,
    830 F.2d 237 (D.C. Cir. 1987) .................................................................. 55

*Marvel Characters, Inc. v. Simon*,
    310 F.3d 280 (2d Cir. 2002)..................................................................... 53

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
    547 U.S. 71 (2006).......................................................................... 24, 29

*Metromedia Co. v. Fugazy*,
    983 F.2d 350 (2d Cir. 1992)..................................................................... 56

*MFS Secs. Corp. v. New York Stock Exch., Inc.*,
    277 F.3d 613 (2d Cir. 2002)..................................................................... 15

*Microsoft Corp. v. Bristol Tech., Inc.*,
    250 F.3d 152 (2d Cir. 2001)..................................................................... 57

*Morales v. Trans World Airlines*,
    504 U.S. 374 (1992)................................................................................. 48

*Nathel v. Siegal*,
    592 F. Supp. 2d 452 (S.D.N.Y. 2008)...................................................... 30

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986)....................................................................... 55

*North Carolina v. Rice*,
    404 U.S. 244 (1971)..................................................................................... 64

*Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
    458 U.S. 50 (1982)....................................................................................... 62

*O'Neill v. Saudi Joint Relief Comm. (In re Terrorist Attacks on Sept. 11, 2001 (Saudi Joint Relief Comm.))*,
    714 F.3d 109 (2d Cir. 2013)....................................................................... 15

*Official Comm. of Unsecured Creditors of Nat'l Forge Co. v. Clark (In re National Forge Co.)*,
    344 B.R. 340 (W.D. Pa. 2006).............................................................. 32, 38

*Official Comm. of Unsecured Creditors of Quebecor (USA) Inc. v. American United Life Ins. Co. (In re Quebecor World (USA) Inc.)*,
    719 F.3d 94 (2d Cir. 2013)..................................................................... 33, 36

*Oklahoma Radio Assocs. v. FDIC*,
    3 F.3d 1436 (10th Cir. 1993)..................................................................... 57

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
    4 F.3d 1095 (2d Cir. 1993)......................................................................... 65

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979)............................................................................. 52, 57

*Pennsylvania Dep't of Pub. Welfare v. Davenport*,
    495 U.S. 552 (1990)..................................................................................... 28

*Peterson v. Somers Dublin Ltd.*,
    2013 U.S. App. LEXIS 18650 (7th Cir. Sept. 6, 2013) ...................... passim

*Picard v. Avellino*,
    469 B.R. 408 (S.D.N.Y. 2012).................................................................... 9

*Picard v. Flinn Invs., Inc.*,
    463 B.R. 280 (S.D.N.Y. 2011)............................................................... 9, 59

*Picard v. HSBC Bank PLC*,
    450 B.R. 406 (S.D.N.Y. 2011).................................................................. 62

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011)............................................................ passim

*Picard v. Katz*,
    466 B.R. 208 (S.D.N.Y. 2012)............................................................. 8, 51

*Picard v. Katz*,
    No. 11-cv-3605 (S.D.N.Y. July 5, 2011).......................................... passim

*Picard v. Madoff (In re Bernard L. Madoff Inv. Secs. LLC)*,
    458 B.R. 87 (Bankr. S.D.N.Y. 2011)........................................................ 56

*Picard v. Merkin (In re Bernard L. Madoff Inv. Secs. LLC)*,
    440 B.R. 243 (Bankr. S.D.N.Y. 2010)...................................................... 56

*Press v. Chemical Inv. Servs. Corp.*,
    166 F.3d 529 (2d Cir. 1999)....................................................................... 29

*QSI Holdings, Inc. v. Alford (In re QSI Holdings, Inc.)*,
  571 F.3d 545 (6th Cir. 2009) ....................................................... 32, 34, 35

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank*,
  132 S. Ct. 2065 (2012) .................................................................. 45

*Rose v. Bethel*,
  2007 U.S. Dist. LEXIS 63658 (S.D.N.Y. Aug. 28, 2007) ......................... 55

*Santa Barbara Capital Mgmt. v. Neilson (In re Slatkin)*,
  525 F.3d 805 (9th Cir. 2008) ......................................................... 40

*SEC v. Zandford*,
  535 U.S. 813 (2002).......................................................... 24, 28, 29

*Siemens Med. Sys., Inc. v. Nuclear Cardiology Sys., Inc.*,
  945 F. Supp. 1421 (D. Colo. 1996)................................................... 57

*SIPC v. Barbour*,
  421 U.S. 412 (1975)...................................................................... 62

*SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*,
  476 B.R. 715 (S.D.N.Y. 2012)................................................... passim

*SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*,
  491 B.R. 27 (S.D.N.Y. 2013)...................................................... 27, 41

*SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*,
  No. 12-cv-0115 (S.D.N.Y. Apr. 30, 2012) ........................................ 9, 13

*SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*,
  No. 12-cv-0115 (S.D.N.Y. May 15, 2012) ........................................ 9, 13

*SIPC v. Bernard L. Madoff Inv. Secs. LLC*,
  490 B.R. 46 (S.D.N.Y. 2013)........................................................... 66

*SIPC v. Bernard L. Madoff Inv. Secs. LLP*,
  454 B.R. 285 (Bankr. S.D.N.Y. 2011)
  *aff'd*, 708 F.2d 422 (2d Cir. 2013) .................................................. 24

*SIPC v. Bernard L. Madoff Inv. Secs. LLP*,
  No. 08-cv-10791 (S.D.N.Y. Dec. 15, 2008) ..................................... 18, 61

*Stern v. Marshall*,
  1315 S. Ct. 2594 (2011)............................................................ passim

*Superintendent of Ins. v. Bankers Life & Cas. Co.*,
  404 U.S. 6 (1971)........................................................................ 28

*Taylor v. United States*,
  495 U.S. 575 (1990)...................................................................... 30

*Teltronics Servs., Inc. v. LM Ericsson Telecomm., Inc.*,
  642 F.2d 31 (2d Cir. 1981)............................................................. 55

*TM Patents, L.P. v. IBM Corp.*,
  72 F. Supp. 2d 370 (S.D.N.Y. 1999).................................................. 56

x

*Trezziova v. Kohn (In re Herald, Primeo & Thema)*,
  2013 U.S. App. LEXIS 19132 (2d Cir. Sept. 16, 2013) ...................................... 29, 34

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*
  513 U.S. 18 (1994)..................................................................................... 56, 57

*United States v. Chen*,
  127 F.3d 286 (2d Cir. 1997)................................................................................ 30

*United States v. Mendoza*,
  464 U.S. 154 (1984)............................................................................................ 52

*United States v. Noland*,
  517 U.S. 535 (1996)................................................................................... 37, 45

*United States v. Ron Pair Enters., Inc.*,
  489 U.S. 235 (1989)................................................................................... 49, 50

*Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*,
  467 B.R. 712 (S.D.N.Y. 2012)............................................................................. 64

*Wellness Int'l Network, Ltd. v. Sharif*,
  2013 U.S. App. LEXIS 17553 (7th Cir. Aug. 21, 2013) ......................................... 65

*Wellons, Inc. v. T.E. Ibberson Co.*,
  869 F.2d 1166 (8th Cir. 1989) ............................................................................ 55

*WesBanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs. Inc.)*,
  106 F.3d 1255 (6th Cir. 1997) ............................................................................ 18

*Wider v. Wootton*,
  907 F.2d 570 (5th Cir. 1990) .............................................................................. 40

*Wyle v. Howard, Weil, Labouisse, Freidrichs Inc. (In re Hamilton Taft & Co.)*,
  114 F.3d 991 (9th Cir. 1997) .............................................................................. 38

## State Cases

*Bernhard v. Bank of Am. Nat'l Trust & Savs. Ass'n*,
  122 P.2d 892 (Cal. 1942) ................................................................................... 57

*Friedman v. New York Tel. Co.*,
  256 N.Y. 392 (1931) .......................................................................................... 23

*Hard v. Seeley*,
  47 Barb. 428 (N.Y. Sup. Ct. N.Y. Co. 1865).......................................................... 23

## Federal Statutes and Rules

11 U.S.C. §101(53A) ............................................................................................ 17

11 U.S.C. §326(a) ................................................................................................ 18

11 U.S.C. §546(e) ......................................................................................... passim

11 U.S.C. §548(a)(1)(A) ........................................................................... 12, 16, 38

11 U.S.C. §555................................................................................................... 49

11 U.S.C. §559 ........................................................................................ 49

11 U.S.C. §741(2)(B) .............................................................................. 17

11 U.S.C. §741(7) .............................................................................. 7, 16

11 U.S.C. §741(7)(A) .......................................................... 19, 20, 21, 36

11 U.S.C. §741(7)(A)(i) ....................................................... 19, 20, 26, 44

11 U.S.C. §741(7)(A)(v) .......................................................................... 23

11 U.S.C. §741(7)(A)(vii) ................................................... 19, 27, 44

11 U.S.C. §741(7)(A)(viii) ...................................................................... 44

11 U.S.C. §741(7)(A)(x) ................................................. 19, 26, 44

11 U.S.C. §741(7)(a)(xi) .......................................................................... 22

11 U.S.C. §741(8) ........................................................... 31, 32, 36

15 U.S.C. §78bbb .................................................................................... 20

15 U.S.C. §78c(a)(13) ................................................................... 20, 22

15 U.S.C. §78c(a)(14) ................................................................... 20, 22

15 U.S.C. §78ccc(2)(A) .......................................................................... 17

15 U.S.C. §78eee(a)(3) ............................................................................ 17

15 U.S.C. §78fff(b) ................................................................................. 48

15 U.S.C. §78fff-1(a) ..................................................... 13, 47, 49

15 U.S.C. §78fff-2(b) .............................................................................. 25

15 U.S.C. §78fff-2(c)(3) ................................................................. 47, 48

15 U.S.C. §78fff-3(a) .............................................................................. 25

15 U.S.C. §78lll(11) ................................................................................ 25

15 U.S.C. §78lll(2) ........................................................................... 17, 51

17 C.F.R. §240.15c1-1(b)(4) .................................................................. 11

28 U.S.C. §157(d) ......................................................... 59, 62, 64

28 U.S.C. §2111 ......................................................... 64, 65, 67

Fed. R. Civ. P. 42(a) ............................................................................... 58

Fed. R. Civ. P. 61 ........................................................................... 64, 66

## State Statutes

N.Y.U.C.C. §8-102 (a)(9)(i) .................................................................. 33

N.Y.U.C.C. §8-501(a) ............................................................................ 33

N.Y.U.C.C. §8-501(b) ............................................................................ 33

N.Y.U.C.C. §8-501(b)(1) ........................................................................ 22

N.Y.U.C.C. §8-503 ................................................................................................ 33

**Other Authorities**

H. Rep. No. 109-648, 109th Cong., 2d Sess. 2 (2006) ........................................ 44

H. Rep. No. 97-420, 97th Cong., 2d Sess. 1 (1982) ........................................... 44

H.R. Rep. No. 109-31(I), 109th Cong., 1st Sess. 121 (2005) ............................. 27

Pub. L. No. 109-390, §5, 119 Stat. 23 (2005) .................................................... 27

Pub. L. No. 97-222, 96 Stat. 235 (July 27, 1982) ............................................. 43

Restatement of Judgments §15 (1982) ................................................................ 56

# **GLOSSARY**

The following frequently-used terms have the meanings indicated. Other

terms are defined in the text.

| TERM | DEFINITION |
|------|-----------|
| 1934 Act | Securities Exchange Act of 1934, 15 U.S.C. §§78a, *et seq.* |
| Account Documents | Madoff Securities Customer Agreement, Option Agreement, and Trading Authorization (A-2143-52) |
| *Actual Fraud Ruling* | *SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, 491 B.R. 27 (S.D.N.Y. 2013) (SPA-191-213) |
| Bankruptcy Code | 11 U.S.C. §§101, *et seq.* |
| Bankruptcy Court | United States Bankruptcy Court for the Southern District of New York |
| Customers | Former customers of Madoff Securities and their alleged subsequent transferees named as defendants in the avoidance actions on appeal |
| Decided Actions | *Picard v. Blumenthal, et al.*, No. 11-cv-4293 (S.D.N.Y.), *Picard v. Goldman, et al.,* No. 11-cv-4959 (S.D.N.Y.), *Picard v. Greiff,* No. 11-cv-3775 (S.D.N.Y.), and *Picard v. Hein, et al.*, No. 11-cv-4936 (S.D.N.Y.), in which the District Court issued the *Opinion* and the Dismissal Orders |
| Dismissal Orders | The order and supplemental order entered in *SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-mc-0115 (S.D.N.Y. Apr. 30 & May 15, 2012) (ECF Nos. 57 & 101) (SPA-30-31 & SPA-63-64) |
| Dismissed Claims | The Trustee's constructive and actual fraudulent conveyance claims under N.Y. Debt. & Cred. L. art. 10, and preference and constructive fraudulent transfer claims under 11 U.S.C. §§547 and 548(a)(1)(B), dismissed in the Decided Actions |
| District Court | United States District Court for the Southern District of New York |

| Eligible Actions | Adversary proceedings in which Customers filed motions to withdraw the reference but in which the District Court had not withdrawn the reference as of the date of the *Opinion* |
|---|---|
| *Enron* | *Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V.*, 651 F.3d 329 (2d Cir. 2011) |
| Federal Two-Year Claims | Claims under 11 U.S.C. §548(a)(1)(A) to avoid transfers made with actual intent to hinder, delay or defraud creditors during the two years preceding the commencement of a bankruptcy or SIPA liquidation case |
| *Katz* or *Katz Action* | *Picard v. Katz, et al.*, No. 11-cv-3605 (S.D.N.Y.) |
| *Katz* Amended Complaint | Amended Complaint in *Picard v. Katz,* Adv. Proc. No. 10-5287 (S.D.N.Y. filed Mar. 18, 2011) (ECF No. 34) |
| *Katz* Defendants | Former customers and alleged subsequent transferees named as defendants in the *Katz Action* |
| *Katz* Dismissal Order | *Picard v. Katz*, 462 B.R. 447 (S.D.N.Y. 2011) |
| *Katz* Withdrawal Order | *Picard v. Katz*, No. 11-cv-3605 (S.D.N.Y. July 5, 2011) (ECF No. 19) (ADD-1-2) |
| Madoff Securities | Bernard L. Madoff Investment Securities LLC |
| *Madoff Bankruptcy Case* | *In re Bernard L. Madoff Inv. Secs. LLC*, Adv. No. 08-01789 (Bankr. S.D.N.Y.) |
| *Net Equity Decision* | *In re Bernard L. Madoff Inv. Secs. LLC*, 654 F.3d 229 (2d Cir. 2011), *cert. dismissed*, 132 S. Ct. 2712, *and cert. denied*, 133 S. Ct. 24 & 25 (2012) |
| *Opinion* | *SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.),* 476 B.R. 715 (S.D.N.Y. 2012) (SPA-32-62) |
| Rule 54(b) Order | Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Judgment Dismissing Certain Claims and Actions, *SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-cv-0115 (S.D.N.Y. May 16, 2012) (ECF No. 109) (SPA-65-163) |
| Section 546(e) | 11 U.S.C. §546(e) |
| SIPA | Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§78aaa, *et seq.* |
| SIPC | Securities Investor Protection Corporation |
| Trustee | Irving H. Picard, as SIPA trustee for the liquidation of Madoff Securities |

| Withdrawn 546(e) Actions | *Picard v. Elins Family Trust, et al.,* No. 11-cv-4772 (S.D.N.Y.), and *Picard v. M&B Weiss Family L.P., et al.*, No. 11-cv-6244 (S.D.N.Y.), in which the District Court withdrew the reference but had not entertained motions to dismiss as of the date of the *Opinion* |
| --- | --- |

# INTRODUCTION

The Bankruptcy Code empowers a trustee to prosecute claims to avoid a debtor's transfers of property to third parties.  Section 546(e) provides a safe harbor for transfers by a stockbroker that are "settlement payments" or made "in connection with a securities contract," excluding those made with actual fraudulent intent during the two years preceding the bankruptcy case.  This appeal addresses whether Section 546(e) means what it says.

The District Court (Hon. Jed S. Rakoff) dismissed the Trustee's claims in more than 600 avoidance actions against Madoff Securities' Customers[1] who are not alleged to have known of, been complicit in, or been willfully blind to the stockbroker's alleged fraud.  The Trustee sought to avoid transfers Madoff Securities made to the Customers in response to their requests for withdrawals from brokerage accounts.  After withdrawing the reference from the Bankruptcy Court, the District Court held that Section 546(e) protected the transfers from avoidance except for Federal Two-Year Claims (for actual fraud).  This brief is submitted on behalf of hundreds of Customers in the affected actions, who urge this Court to affirm.[2]

---

[1]  Initial and subsequent transferees may have different defenses against avoidance.  For current purposes, Customers are identically situated.

[2]  Appellees joining this brief are listed in Schedule A.

## COUNTERSTATEMENT OF ISSUES PRESENTED

I.    Did the District Court correctly conclude that Section 546(e)'s plain language applies to a stockbroker's payments to customers pursuant to standard brokerage agreements because they are transfers in connection with securities contracts and/or settlement payments?

II.   Did the District Court correctly deny the Trustee's request to impose requirements beyond those in the plain language of Section 546(e) to advance the Trustee's goal of increasing avoidance recoveries?

III.  Is the Trustee collaterally estopped from relitigating Section 546(e) issues that were determined against him and resulted in dismissal of the Dismissed Claims in a prior adversary proceeding in the same SIPA liquidation?

IV.   Did the District Court correctly withdraw the reference from the Bankruptcy Court to consider Section 546(e)'s application to the Trustee's avoidance claims?  Alternatively, is there now a controversy for which effective relief may be granted?

## <u>COUNTERSTATEMENT OF THE CASE</u>

This appeal arises from judgments for the Customers in hundreds of avoidance actions associated with the SIPA liquidation of Madoff Securities, a registered broker-dealer, commenced in the Bankruptcy Court.  The Trustee sued the Customers to recover millions of dollars in account payments from Madoff Securities:

(1)  under state law, as either actual or constructive fraudulent conveyances made during the six years preceding the liquidation;

(2)  under the Bankruptcy Code, as fraudulent transfers made with actual intent to hinder, delay, or defraud creditors during the two years preceding the liquidation (the Federal Two-Year Claims), or as constructively fraudulent transfers; and

(3)  under the Bankruptcy Code, as preferences made during the 90 days preceding the liquidation.

After withdrawing the reference, the District Court applied Section 546(e) to dismiss all of the avoidance claims except the Federal Two-Year Claims.

# COUNTERSTATEMENT OF FACTS

## A.    The Allegations[3]

Madoff Securities was a registered stockbroker, regulated under the 1934 Act, and a member of SIPC. A-1612-13 ¶19.[4] It was a member of the Financial Industry Regulatory Authority (formerly the National Association of Securities Dealers), the National Securities Clearing Corporation, and the Depository Trust Company clearinghouse. *See Madoff Bankruptcy Case,* Trustee's First Interim Report ¶¶5, 30 (A-2076). The firm operated investment advisory, market making, and proprietary trading operations. A-1612-13 ¶¶19, 21; A-2082-85.[5]

Madoff Securities widely marketed its "split strike conversion" investment program. More than 8,000 customers opened accounts; more than 4,900 accounts

---

[3]    The facts are drawn from the amended complaint in *Picard v. Blumenthal* (A-1606-35), which the District Court described as "typical" of the avoidance actions. *Opinion,* SPA-33-34; Trustee Br. 9 n.4 (general allegations are "virtually identical" across complaints). The Trustee's allegations have not been proved and are accepted as true only for the motions to dismiss. *E.g., Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

[4]    Citations to the appendices appear as "A-[page]" or "SPA-[page]." Citations to Appellees' supplemental addendum appear as "ADD-[page]."

[5]    The Trustee alleges that Madoff Securities' fraud was confined to the investment advisory business (*e.g.*, A-1613-14 ¶22), while the other business lines were "largely involved in legitimate trading with institutional counterparties." *Madoff Bankruptcy Case,* Declaration of Joseph Looby In Support of Trustee's Motion for Order Upholding Trustee's Determination of Customer Claims ("Looby Decl.") ¶28 (A-2127). The Trustee sold the market making operation for nearly $25 million, and Madoff Securities' outstanding securities positions yielded more than $334 million for the customer property pool. *See Madoff Bankruptcy Case,* Trustee's First Interim Report ¶¶24-28, 30-34 (A-2083-85).

4

were active when the SIPA proceeding began.  A-1607 ¶1.  Customers opened discretionary trading accounts by executing the Account Documents and depositing funds.   A-1616-17 ¶¶34-35; Trustee Br. 22 ("[T]hese types of documents are routinely used to initiate the customer-broker relationship.").

The Customer Agreements authorized the "opening or maintaining of one or more accounts" for investing "money, securities, financial instruments of every kind and nature and related contracts and options . . . currently or hereafter held, carried, or maintained by [Madoff Securities] . . . in and for any of [the customer's] accounts . . . ."  A-2147.  The Account Documents authorized Madoff Securities "to buy, sell and trade in stocks, bonds, options and any other securities" for the Customer.  A-2144.  The broker:

> promised these clients that their funds would be invested in a basket of common stocks within the S&P 100 Index . . . intended to mimic the movement of the S&P 100 Index.  Madoff asserted that he would carefully time purchases and sales to maximize value, but this meant that the clients' funds would intermittently be out of the market, at which times they would purportedly be invested in U.S. issued securities and money market funds.  The second part of the split-strike conversion strategy was the hedge of such purchases with option contracts.

A-1613 ¶21.

Madoff Securities provided Customers with periodic statements showing positions, trades, and account values, as well as confirmations and other

communications.  A-1613-14 ¶22; A-1616-17 ¶34.[6]  The Trustee alleges that no trading occurred, notwithstanding the Account Documents, trade confirmations, and other representations.  A-1606-15 ¶¶1, 13, 22-28.  Instead, Madoff Securities deposited Customers' funds into a single bank account and used them to continue operations and satisfy withdrawals.  A-1615-16 ¶29; Trustee Br. 9, 12.  Despite its alleged magnitude and duration, and regulatory oversight, the fraud escaped detection for decades.  A-1614-16 ¶¶23, 30-33.

On December 11, 2008, SIPC filed a complaint in the District Court for relief against Madoff Securities under SIPA.  A-1609 ¶8.  The Trustee was appointed to liquidate the broker, and the case was removed to the Bankruptcy Court pursuant to SIPA for further administration.  A-1609-11 ¶¶8-12.  Numerous customers filed SIPA claims.  The Trustee determined that these customers held "claims for securities" under SIPA but denied the claims where he determined, under his methodology, that a customer's account lacked any cash equity as of the liquidation.  *Net Equity Decision*, 654 F.3d at 233.  The Trustee later commenced more than 1,000 actions against customers to recover account withdrawals, including those at issue here.  A-1618-26 ¶¶39-43, 45-89.

---

[6]  The Customer Agreement acknowledges that broker statements and trade confirmations are key elements of the parties' relationship.  A-2148, ¶8.

**B.    The *Katz Action***

In 2010, the Trustee filed an action against the *Katz* Defendants that asserted the same avoidance claims as in the Dismissed Actions, but also alleged that the defendants knew or should have known of the broker's fraud.  *See Katz* Amended Complaint ¶¶18-41, ¶¶1330-92.  The District Court granted the *Katz* Defendants' motion for mandatory withdrawal of the reference (*Katz Action,* ECF Nos. 2, 9, 14, 16) to consider the interplay of Section 546(e), SIPA, and other federal securities laws with respect to the Trustee's claims.  *See Katz* Withdrawal Order (ADD-1-2), and bench ruling (ADD-34-36).

The District Court concluded that "[b]y its literal language . . . the Bankruptcy Code precludes the Trustee from bringing any action to recover from any of [Madoff Securities'] customers any of the monies paid by Madoff Securities to those customers except in the case of actual fraud."  *Katz* Dismissal Order, 462 B.R. at 452.  The District Court determined, in relevant part:

- Madoff Securities was a registered broker whose status "directly invokes certain 'safe harbor' provisions of the Bankruptcy Code [and] permits the appointment of a SIPA Trustee."  *Id.* at 451.  Thus, "the liabilities of customers like the defendants here are subject to the 'safe harbor' set forth in section 546(e). . . ."  *Id*.

- Madoff Securities' contracts with the *Katz* Defendants were securities

contracts under Section 741(7) of the Bankruptcy Code, "which clearly includes all payments made by Madoff Securities to its customers." *Id*. at 451-52.

- "[A]ny payment by Madoff Securities to its customers that somehow does not qualify as a 'settlement payment' qualifies as a 'transfer' made in connection with a securities contract." *Id*. at 452.

- Application of Section 546(e) comported with the statute's purpose, given the number and size of Madoff Securities accounts. "As in *Enron*, this Court sees 'no reason to think that undoing' such large transfers involving so many customers from so long ago as 2002 'would not also have a substantial and similarly negative effect on the financial markets.'" *Id.* (citation omitted).

- Because Section 546(e) is clear and controlling on its face, it is inappropriate to resort to the legislative history for statutory interpretation. *Id.*

Accordingly, the District Court dismissed the Trustee's avoidance claims except Federal Two-Year Claims. *Id.* at 452.[7]    Shortly before trial on the

---

[7]   The District Court denied the Trustee's request to take an interlocutory appeal. *Picard v. Katz*, 466 B.R. 208 (S.D.N.Y. 2012). The District Court explained that the Account Documents constituted securities contracts under the Section 741(7) categories for master agreements and security agreements, and rejected the arguments that Madoff Securities was not a stockbroker for purposes of Section

remaining claims, the parties settled and stipulated to dismiss the *Katz Action,* with prejudice, with approval of the District Court.  *Katz Action*, ECF Nos. 192-93 (ADD-40-112) ("*Katz* Settlement").

## C.    Reference Withdrawal Motions

Following the *Katz* withdrawal of the reference, hundreds of Customers filed motions to withdraw the reference to address the same Section 546(e) issues.  In late 2011 and 2012, the District Court withdrew the reference in the Decided Actions and the Withdrawn 546(e) Actions, concluding that application of Section 546(e) required consideration of both the Bankruptcy Code and federal securities laws.  SPA-1-2, 3, 5-19.  The District Court explained its reasoning in two decisions.  *Picard v. Flinn Invs., Inc.,* 463 B.R. 280 (S.D.N.Y. 2011) (SPA-5-19); *Picard v. Avellino,* 469 B.R. 408 (S.D.N.Y. 2012) (SPA-20-29).  The Trustee and SIPC did not seek immediate review of those determinations.

## D.    The District Court's Ruling In The Decided Actions.

On April 30 and May 15, 2012, the District Court entered the Dismissal Orders in the Decided Actions, dismissing all of the avoidance claims except the Federal Two-Year Claims.  SPA-30-31, 63.

---

546(e) because of its allegedly fraudulent operations, and that the safe harbor was unavailable where the broker allegedly perpetrated a Ponzi scheme. *Id.* at 211-12.

1.    **The District Court Concluded That Collateral Estoppel Likely Barred The Trustee From Relitigating Section 546(e)'s Application.**

The District Court found that the *Katz Dismissal Order* likely barred the Trustee from relitigating Section 546(e)'s applicability. *Opinion*, SPA-36. The District Court nevertheless determined *de novo* that Section 546(e) applied to the Dismissed Claims. *Id*.

2.    **The District Court Concluded That Section 546(e)'s Plain Language Applied To The Transfers.**

Incorporating the reasoning of the *Katz Dismissal Order*, and for additional reasons addressed by the *Opinion*, the District Court held that Section 546(e)'s plain language protected the transfers. *Opinion*, SPA-36.

a.    **Transfers By A Stockbroker.**

The Court concluded that Madoff Securities was a stockbroker and made the transfers in connection with securities contracts or as settlement payments. *Id.* at 37-40.

b.    **Transfers In Connection With Securities Contracts.**

The District Court held that the Account Documents were securities contracts because they "specifically authorize[] Bernard L. Madoff . . . to buy, sell and trade in stocks," "to carry accounts . . . for . . . transactions in option contracts," and contain "numerous references to securities transactions, such as requiring that such transactions 'shall be subject' to the securities laws and

10

permitting the customer, 'upon appropriate demand, to receive physical delivery of fully paid securities in the Customer's Account.'"  *Id.* at 39-40 (quoting Account Documents).   The District Court also determined that the Account Documents were securities contracts because they related to securities transactions and obligated the broker to reimburse Customers.  *Id.* at 40 n.6.

The District Court also based its ruling on the Trustee's allegations that the "Account Agreements were to be performed . . . through securities trading activities."  *Id.* at 39 (quoting A-1650 ¶35).   Likewise, the Customers "had a specific idea of what performance under the agreements entailed, since Madoff Securities promised 'that their funds would be invested in a basket of common stocks within the S & P 100 Index' and that it would 'hedge such purchases with option contracts.'"  *Id.* (quoting A-1646 ¶21).   The District Court held that the Account Documents also were "securities contracts" because they were master agreements providing for the purchase and sale of securities, related transactions, and broker obligations.  *Id.* at 38-39.

Thus, the District Court concluded that the transfers targeted by the Dismissed Claims were protected by Section 546(e).

### c.  Settlement Payments.

Alternatively, the District Court concluded that the transfers were "settlement payments" under Section 546(e).  *Id.* at 40.  "Just as a broker who sells

a security to a third party on behalf of a customer does not complete the transaction until the customer gains control over the resulting money, . . . so a broker that executes a discretionary strategy on behalf of a customer does not complete its transaction until the customer has regained control over whatever funds result from the implementation of the strategy." *Id.* at 41-42 (citing 17 C.F.R. §240.15c1-1(b)(4)).

### 3.    The District Court Found No Need To Consider Section 546(e)'s Legislative History.

Finding Section 546(e) unambiguous, the District Court saw no reason to examine its legislative history. *Id.* at 43. Yet, the District Court found application of Section 546(e) "wholly consistent" with its purpose of guarding against market disruption. *Id.* With 4,900 active clients and $65 billion shown in customer accounts in 2008, "avoidance of [Madoff Securities'] transfers to clients, who included other investment businesses, would likely cause the very 'displacement' that Congress hoped to minimize." *Id.* at 43-44.

### 4.    The District Court Found No Ponzi Scheme Exception To Section 546(e).

The District Court rejected the Trustee's argument that there is a Ponzi scheme exception to Section 546(e), given that the statute "by its plain terms, already contains an exception for certain kinds of fraud [*i.e.*, actual fraud]. . . . The Trustee offers no explanation for why Congress, if it had in fact wanted to enact

the general fraud exception the Trustee advocates, did not express that intention in the statute, when it did express its desire to exempt §548(a)(1)(A)." *Id.* at 43.

### 5.    The District Court Determined That Section 546(e) Is Consistent With SIPA.

Acknowledging that Section 546(e) narrows the Trustee's avoidance remedies, the District Court held that Section 546(e) neither conflicts with SIPA nor produces absurd results. *Id.* at 44 n.7. It concluded that there is no statutory conflict because SIPA grants the Trustee "'the same powers and title with respect to the debtor and the property of the debtor . . . as a trustee in a case under Title 11,' [and] expressly incorporates the limitations Title 11 places on [a] trustee's powers, including §546(e)." *Id.* (quoting SIPA §78fff-1(a)). Similarly, "[n]othing in the express language of §546(e) suggests that it is not designed to protect the legitimate expectations of customers, as well as the securities market in general, even when the stockbroker is engaged in fraud." *Id.* at 43; *see also id.* at 41-42.

The District Court also rejected the Trustee's contention that Section 546(e) conflicts with this Court's *Net Equity Decision*, holding that "[the *Decision*] does not permit the Trustee to suspend the whole legal order in pursuit of a result he regards as equitable." *Id.*

### E.    Consolidation Of The Actions For Entry Of Judgment And Appeal.

On April 30 and May 15, 2012, the District Court entered the Dismissal Orders. The District Court consolidated the Decided Actions, the Withdrawn

546(e) Actions, and the Eligible Actions for entry of judgment and appeal, with the consent of the parties. SPA-65-163; *see also* SPA-164-65, 189-90 (judgments). These appeals followed.

## SUMMARY OF ARGUMENT

1.　　The plain language of Section 546(e) applies according to its terms. The District Court correctly concluded that Madoff Securities was a stockbroker and that it made the transfers at issue "in connection with a securities contract" or as "settlement payments." The Trustee's allegations, the Account Documents, and other documents properly considered by the District Court at the pleading stage establish that the safe harbor protects the transfers.

2.　　The Trustee's and SIPC's proposed additional requirements for Section 546(e) lack any textual basis. This Court, in *Enron*, rejected the theory that a purchase or sale of securities is a predicate to application of the safe harbor. Similarly, there is no basis for the Court to engraft a Ponzi-scheme exception onto the statute. The express exception for Federal Two-Year Claims reflects Congress's judgment on the appropriate limits of the avoidance remedies where fraud is alleged. If even an appropriate matter for consideration, the legislative history of Section 546(e) supports rather than undermines the application of the statute here. Finally, nothing in SIPA prevents application of the safe harbor to a

SIPA trustee's avoidance claims because SIPA expressly borrows the Bankruptcy Code's avoidance powers along with its limitations.

3.    The District Court's determinations in the *Katz Action* collaterally estop the Trustee from relitigating the application of Section 546(e) to the Dismissed Claims in the adversary proceedings.    The *Katz* Dismissal Order satisfies all elements of collateral estoppel regarding Section 546(e).    Those issues were fully litigated, and the disposition is final for preclusion purposes and binding on the Trustee because he waived his right to contest the determination by settling and dismissing the *Katz Action* with prejudice.

4.    The District Court's withdrawal of the reference was correct because application of Section 546(e)'s safe harbor requires substantial and material consideration of SIPA, a federal securities law, other federal securities statutes, and the Bankruptcy Code.    Further, the limits of the Bankruptcy Court's constitutional authority to decide avoidance actions, clarified by the Supreme Court's decision in *Stern v. Marshall,* warranted withdrawal of the reference, whether on a mandatory basis or as a matter of discretion.    As a jurisprudential matter, no effective relief is available because the District Court and Bankruptcy Court have already addressed the scope and application of Section 546(e) as a matter of law.    No interest is served, and judicial resources would be wasted, by remanding to the Bankruptcy Court to address the legal issues as if in the first instance.

The District Court's judgment should be affirmed.

## STANDARD OF REVIEW

The District Court's determinations are reviewed *de novo*, and may be affirmed on any ground supported by the record. *O'Neill v. Saudi Joint Relief Comm. (In re Terrorist Attacks on Sept. 11, 2001 (Saudi Joint Relief Comm.))*, 714 F.3d 109, 117 (2d Cir. 2013); *MFS Secs. Corp. v. New York Stock Exch., Inc.*, 277 F.3d 613, 617 (2d Cir. 2002).

In addition to the allegations of the complaints,[8] this Court may properly consider documents referenced therein, records in the cases below, other public records and matters of which judicial notice may be taken, and documents upon which the Trustee relied in bringing suit. *E.g., Chambers v. Time-Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

## ARGUMENT

## I.     THE PLAIN LANGUAGE OF SECTION 546(e) APPLIES TO THE TRANSFERS AT ISSUE.

Section 546(e) applies to transfers by stockbrokers that are made in connection with securities contracts or are settlement payments:

> The trustee may not avoid a transfer that is a . . . settlement payment, as defined in section 101 or 741 of this title, made by . . . a . . . stockbroker . . . or that is a transfer made by . . . a . . . stockbroker . . . in connection with a securities contract,

---

[8]   While his allegations are deemed true here, the Trustee's assertion that they are "undisputed" (*e.g.,* Trustee Br. 11, 32) is incorrect.

as defined in section 741(7) . . . that is made before the commencement of the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. §546(e).  Applying the plain language of the statute, the District Court correctly held that Madoff Securities was a stockbroker and the transfers to Customers were made in connection with securities contracts and/or were settlement payments.  Thus, the District Court properly concluded that Section 546(e) protects the transfers at issue.

### A.    Madoff Securities' Payments To Customers Were Transfers By A Stockbroker.

Under any reasonable interpretation, Madoff Securities was a stockbroker. A stockbroker is an entity "with respect to which there is a customer . . . and . . . that is engaged in the business of effecting transactions in securities . . . for the account of others . . . ."  Bankruptcy Code §101(53A); *see also id.* §741(2)(B) (customer is any "entity that has a claim against a person arising out of . . . a deposit of . . . property with such person for the purpose of purchasing or selling a security"); SIPA §78*lll*(2) (similar SIPA definition); 1934 Act §78c(a)(4) (similar definition).  Madoff Securities undisputedly had thousands of customers who deposited funds for purposes of securities transactions.  *See* A-1607 ¶1.

Likewise, Madoff Securities was a member of SIPC and NASD and held itself out to the public and in the securities markets as a stockbroker.  The Trustee acknowledges Madoff Securities was a market-maker and engaged in significant

securities transactions.  A-2082-85.  Madoff Securities' status as a stockbroker is the jurisdictional predicate for the entire SIPA liquidation, the Trustee's appointment and activity, and all related proceedings (including the avoidance actions).  *See* SIPA §§78ccc(2)(A), 78eee(a)(3) (members of SIPC are "persons registered as brokers or dealers" under the 1934 Act); *Net Equity Decision,* 654 F.3d at 233 n.3 ("[B]y virtue of its registration with the SEC as a broker-dealer, [Madoff Securities] is a member of SIPC.").

By commencing the SIPA case, SIPC conceded that Madoff Securities was a "broker dealer."[9]  SIPC does not question its status as a broker for purposes of Section 546(e).  *See generally* SIPC Br.  Likewise, the Trustee failed to challenge the District Court's determination that Madoff Securities was a stockbroker.  *See* Trustee Br. 18 (noting ruling that Madoff Securities was a stockbroker but failing to address analysis).[10]

Proposed *amicus curiae* National Association of Bankruptcy Trustees ("Trustee Association")[11] makes the meritless assertion that Madoff Securities

---

[9]  *See SIPC v. Bernard L. Madoff Inv. Secs. LLP,* No. 08-cv-10791 (S.D.N.Y. Dec. 15, 2008); Application of SIPC ¶2 (ECF No. 5).

[10]  *See also id.* at 6 (describing avoidance actions against "customers"); *id.* at 9 (describing appellees as "customers"); *Net Equity Decision*, 654 F.3d at 236 (concluding that Madoff Securities claimants "are customers with claims for securities within the meaning of SIPA.").

[11]  The Trustee Association "address[es] the needs of chapter 7 bankruptcy trustees."  *See* "About Us," available at http://www.nabt.com/AboutUs.cfm (last

"cannot exist" as a stockbroker because of the alleged scope of its fraud. *Compare* Trustee Ass'n Br. 15 *with, e.g., Peterson v. Somers Dublin Ltd.*, 2013 U.S. App. LEXIS 18650, at *16 (7th Cir. Sept. 6, 2013) ("[T]he second circuit has held §546(e) fully applicable to businesses that engaged in fraud.") (citation omitted); *see also WesBanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs. Inc.)*, 106 F.3d 1255, 1260 (6th Cir. 1997) (entity within which Ponzi scheme was perpetrated was subject to stockbroker liquidation provisions in Bankruptcy Code Chapter 7 because it had customers and effected securities transactions).  The Trustee Association's argument is inconsistent with the Trustee's allegations.  A-1612-13 ¶19 (Madoff Securities was registered broker and SIPC member); Looby Decl. ¶28 (A-2127) ("[Madoff Securities'] market making and proprietary business units appear to have been largely involved in legitimate trading with institutional counterparties and utilized live computer systems.").

The District Court correctly held that Madoff Securities was a stockbroker. *Opinion*, SPA-37-38.

### B.    Madoff Securities Made Transfers To Customers In Connection With Their Securities Contracts.

The transfers at issue were made "in connection with a securities contract." The Bankruptcy Code broadly defines securities contract to include eleven

---

visited Oct. 10, 2013).  It naturally urges a narrow construction of Section 546(e) because compensation of bankruptcy trustees depends on the amounts disbursed from or turned over to the estate. *See* 11 U.S.C. §326(a).

categories of agreements relating to the purchase or sale of securities and dealings between brokers and customers.  *See* Bankruptcy Code §741(7)(A).  These include (a) "a contract for the purchase [or] sale . . . of a security, . . . group or index of securities, . . . or . . . option to purchase or sell any such security"; (b) "master agreement[s]" to engage in the purchase or sale of a security; and (c) a broad catch-all encompassing "any other agreement or transaction that is similar to" the transactions or agreements expressly listed.  *Id.* §741(7)(A)(i), (vii), (x).  If the Account Documents fit any of these categories, they are securities contracts.

The Account Documents satisfy the statute because they provided the terms and conditions for Madoff Securities' purchase and sale of securities for Customers.  *See* Account Documents, A-2144-52.  They created a contract between the broker and its clients involving securities transactions.  In addition, the Account Documents are master agreements that govern the parties' business relationship and the purchase and sale of securities.  To the extent they do not squarely fit these categories, they are similar enough to such agreements to fall within Section 741(7)(A)'s catchall provision.  The transfers were related to the Account Documents, and thus were made "in connection with securities contracts."

## 1. The Account Documents Are Securities Contracts Because They Authorize The Purchase And Sale Of Securities.

Under any plain reading, the Account Documents are contracts for the purchase or sale of securities within Section 741(7)(A)(i).  While neither the Bankruptcy Code nor SIPA defines purchase or sale, the 1934 Act – of which SIPA is a part[12] – defines the terms to "include *any* contract to buy, purchase, or otherwise acquire . . . [or] to sell or otherwise dispose of" a security. 1934 Act §78c(a)(13)-(14) (emphasis added).

On their face, the Account Documents are agreements by which Customers will "acquire or dispose of securities" and, therefore, are contracts for the purchase and sale of securities.  The Customer Agreement established the broker-customer relationship, A-2147-49, and the Trading Authorization authorized Madoff Securities to trade securities for the customer's account.  A-2144.  The Trustee alleges that the "Account Agreements were to be performed . . . through securities trading activities."  A-1650 ¶35.  Customer funds were to "be invested in a basket of common stocks within the S & P 100 Index" with Madoff Securities to "hedge such purchases with option contracts."  A-1646 ¶21; *see also* A-2145-46 (Option Agreement).  But for the Account Documents, there was no basis for a Customer to make deposits or request withdrawals.  The transfers are rooted in, and were made

---

[12] SIPA §78bbb ("[T]he provisions of the Securities Exchange Act of 1934 . . . apply as if [SIPA] constituted an amendment to, and was included as a section of, such Act.").

only because of, the relationship established by the Account Documents. They articulate the terms by which the broker will acquire and dispose of securities for the customer, which brings them squarely within the definition of a securities contract.

SIPC does not dispute that the Account Documents are securities contracts. *See* SIPC Br. 2, 14. While the Trustee argues that the Account Documents are not securities contracts because they do not specifically identify individual securities to be traded, *see* Trustee Br. 38, the Bankruptcy Code does not require a securities contract to identify specific securities. *See* Bankruptcy Code §741(7)(A). Similarly, the 1934 Act's references to contracts to "otherwise acquire" or "dispose of" securities necessarily include agreements beyond those for a simple sale or purchase. *See* 1934 Act §78c(a)(13)-(14). Further, the Trading Authorization identifies a specific category of public securities (S&P 100 stocks) to be traded. A-1646 ¶21. If Congress intended to require securities contracts to identify securities trades with more specificity, there would be no basis for it to have included "master agreements" in subsection (x) or to have adopted the catch-all in subsection (vii).

Each time a customer requested a withdrawal, that instruction required Madoff Securities to dispose of securities and remit payment to the customer, which gave rise to a separate contract for the sale of securities. *See* N.Y.U.C.C.

§8-501(b)(1) & cmt. 2 (broker's written crediting of securities to a customer's account creates an enforceable securities entitlement).  Because the Customers granted Madoff Securities discretion to liquidate securities in their accounts to the extent necessary to implement their sell orders or withdrawal requests, each transfer in respect of a such an order or request completed a contract to sell securities.[13]  *Cf. Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings*, *Inc.)*, 469 B.R. 415, 438-39 (Bankr. S.D.N.Y. 2012) (plain language of Section 741(7)(A)(v) includes any extension of credit for the settlement of securities, without any requirement that they be specified).[14]

Contrary to the Trustee's suggestion, the nature of a securities contract does not change because a broker fails to implement the promised investment strategy. Trustee Br. 35-36.  Whether an agreement is a securities contract does not depend on the broker's performance; the breach of a contract neither changes nor nullifies

---

[13]  The Account Documents also are securities contracts under Section 741(7)(a)(xi) because they created reimbursement obligations from the broker to Customers.  *Opinion*, SPA-40 n.6.

[14]  The Trustee's assertion that the Account Documents are "no more contracts for the purchase and sale" of securities than "a real estate brokerage agreement is a contract for the purchase or sale of a house" is misplaced.  Trustee Br. 42.  Unlike the Customers, who granted discretionary trading authority to Madoff Securities, the typical real estate broker holds only a limited agency to assist in the purchase or sale of specific real property.  A realtor's brokerage agreement does not permit the broker unilaterally to purchase or sell homes, or to obligate the principal to purchase a particular property.  *See Friedman v. New York Tel. Co.*, 256 N.Y. 392, 395 (1931) (real estate brokers are negotiators; transactions "must be consummated by the principals.").

the nature of the underlying agreement. *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc*., 448 F.3d 573, 584-85 (2d Cir. 2006) (breach of contract may only be waived by non-breaching party, waiver by breaching party would negate duty to comply with contract); *see also Hard v. Seeley*, 47 Barb. 428, 434 (N.Y. Sup. Ct. N.Y. Co. 1865) (vendee may not enjoy benefits of contract and then "by failing to perform . . . make the contract null and void"). The District Court properly focused on the nature of the contract, not the broker's performance.

This position comports with other provisions of the federal securities laws that do not require actual trades to support securities fraud claims. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 n.10 (2006) ("[A] broker who accepts payment for securities that he never intends to deliver . . . violates §10(b) and Rule 10b-5.") (citations and quotations omitted); *SEC v. Zandford*, 535 U.S. 813, 819 (2002) (same); *see also Grippo v. Perazzo*, 357 F.3d 1218, 1220-24 (11th Cir. 2004) ("A plaintiff does not need to identify a specific security, or demonstrate that his money was actually invested in securities" for purposes of Rule 10b-5); *In re JP Jeanneret Assocs.,* 769 F. Supp. 2d 340, 362-63 (S.D.N.Y. 2011) (and cases cited) (denying motions to dismiss securities fraud claims against hedge funds that invested their clients' assets with Madoff Securities). It also comports with standard industry practice where

customers grant trading discretion to a broker-dealer.   A-1613 ¶21; A-1616-17

¶¶34-35; Trustee Br. 22 (describing the Account Documents as routine).

The Trustee's and SIPC's treatment of net equity claims in the *Madoff*

*Bankruptcy Case* confirms that Customers held securities contracts with Madoff

Securities.   To support such a claim, the Trustee and SIPC require that there must

have been an open account at Madoff Securities in the customer's name as of the

start of the liquidation.   *See Aozora Bank Ltd. v. SIPC (In re Bernard L. Madoff*

*Inv. Secs. LLP*), 480 B.R. 117, 123-25 (S.D.N.Y. 2011) (feeder fund clients not

customers); *SIPC v. Bernard L. Madoff Inv. Secs. LLP*, 454 B.R. 285, 296-97

(Bankr. S.D.N.Y. 2011) (hedge fund investors not customers), *aff'd*, 708 F.2d 422

(2d Cir. 2013).   Throughout the *Madoff Bankruptcy Case*, the Trustee and SIPC

treated customers who withdrew less cash than they entrusted to the broker as

holders of claims for securities entitled to receive SIPC advances of up to

$500,000, rather than the $100,000 that SIPA allows for claims for cash.[15]  *See*

SIPA §78fff-3(a).   Those claims for securities are based on *the same Account*

*Documents* as the transfers here.   "In satisfying customer claims in this case, [the

Trustee] determined that the claimants are customers with claims for securities

within the meaning of SIPA."  *Net Equity Decision,* 654 F. 3d at 233.

---

[15]  *Accord, Madoff Bankruptcy Case*, Trustee's Mem. of Law In Support of Motion for an Order Upholding Trustee's Determination of Customer Claims at 26, 38, 39 (ECF No. 525).

Although the Trustee and SIPC repeatedly invoke the *Net Equity Decision* to challenge the District Court's rulings, that decision did not address Section 546(e). The case interpreted SIPA §§78*lll*(11) and 78fff-2(b), addressing only the Trustee's calculation of SIPA net equity claim amounts under a "net investment method" instead of an account statement method. That interpretation is irrelevant to whether the Account Documents are securities contracts or whether Section 546(e) applies to the broker's transfers. In fact, the sole avoidance remedies mentioned in the decision are Federal Two-Year Claims – the avoidance claims excepted from Section 546(e). *See id.* at 242 n.10.

The District Court correctly held that the Account Documents are securities contracts.

### 2.    The Account Documents Are Master Agreements And, Therefore, Securities Contracts.

The Account Documents also are agreements governing prospective securities trading – *i.e.*, "master agreements" – and thus are securities contracts. Bankruptcy Code §741(7)(A)(i), (x) (securities contract includes "a master agreement that provides for an agreement or transaction referred to in clause (i) [*i.e.*, 'a contract for the purchase, sale, or loan of a security']"); *see also Lehman Bros.*, 469 B.R at 438 (clearance agreement referring to other securities contracts was master agreement and therefore securities contract); *Calyon N.Y. Branch v. American Home Mortg. Corp. (In re American Home Mortg., Inc.)*, 379 B.R. 503,

519 (Bankr. D. Del. 2008) (agreement establishing relationship and outlining parties' rights and obligations was securities contract for purposes of Bankruptcy Code §559's provisions governing repurchase agreements).

The Account Documents governed Madoff Securities' trading activities for Customers. They authorized Madoff Securities "to buy, sell and trade in stocks," made reference to securities transactions that "shall be subject" to the securities laws, A-2144-46, and promised that Customers' "funds would be invested in a basket of [public company] common stocks" and that "[Madoff Securities] would 'hedge such purchases with option contracts." A-1613 ¶21. The District Court correctly concluded that the Account Documents were master agreements and, therefore, securities contracts. *Opinion*, SPA-40.[16]

### 3. To The Extent They Are Not Contracts For The Sale Of Securities Or Master Agreements, The Account Documents Are Sufficiently Similar To Them To Fall Within The Code's Catch-All Provision.

The Bankruptcy Code's definition of securities contracts includes a broad catch-all provision encompassing "*any* other agreement or transaction that is similar to an agreement or transaction referred to in this subparagraph." Bankruptcy Code §741(7)(A)(vii) (emphasis added). "[R]ead naturally, the word

---

[16] The Trustee's argument that the analysis of securities contracts in the *Katz Dismissal Order*, the *Opinion* and the *Actual Fraud Ruling* is inconsistent (*e.g.*, Trustee Br. 45-46) is belied by the District Court's express incorporation of its earlier decisions in each ruling. The rulings are complementary and, in any event, this Court's review is *de novo*.

'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 219-20 (2008) (citation and quotations omitted). If Congress intended to limit securities contracts to the enumerated categories, there would be no need for a catch-all.[17] Any other conclusion impermissibly renders the clause superfluous. *See Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 562 (1990). Thus, even if the Account Documents do not fall squarely within another category, they are sufficiently similar to such agreements to constitute securities contracts.

### 4. The Transfers To Customers Were Made In Connection With Securities Contracts.

Madoff Securities made the transfers to Customers under the terms of the Account Documents, and thus in connection with securities contracts, thereby satisfying this element. The phrase "in connection with" has a longstanding interpretation in federal securities law. The Supreme Court consistently construes

---

[17] While examination of legislative history is not necessary to discern the meaning of a "straightforward" statutory command, *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992), the legislative history of the 2005 amendments to Section 546(e) and related provisions underscores the safe harbor's broad scope. The amendments expanded the reach of Section 546(e) by enlarging the definition of securities contracts and the persons protected by the safe harbor. Pub. L. No. 109-390, §5, 119 Stat. 23 (2005). *See* H.R. Rep. No. 109-31(I), 109th Cong., 1st Sess. 121 (2005) (definition of swap agreement "originally was intended to provide sufficient flexibility to avoid the need to amend the definition as the nature and uses of swap transactions matured. To that end, the phrase 'or any other similar agreement' was included in the definition. (The phrase 'or any other similar agreement' has been added to the definitions of 'forward contract,' 'commodity contract,' 'repurchase agreement,' and 'securities contract' for the same reason.)").

the phrase broadly, requiring that challenged conduct must only "touch" or "coincide with" a purchase or sale of securities to be actionable under the securities laws. *E.g., Zandford*, 535 U.S. at 825 (theft of proceeds was "in connection with" securities transaction); *Superintendent of Ins. v. Bankers Life & Cas. Co.*, 404 U.S. 6, 12-13 (1971) (securities laws violated when company was deceived into selling stock but received no compensation).

In *Zandford,* a stockbroker who engaged in a fraudulent scheme to sell his customer's securities and keep the proceeds claimed that the alleged misappropriation was not in connection with the sale of a security under Section 10(b) because it occurred *after* the underlying trade. 535 U.S. at 819-20. The Supreme Court held that each sale – even before proceeds were payable to the customer – was in furtherance of the stockbroker's scheme and therefore the fraud was "in connection with" the sale of securities. *Id*. at 819-20.

More recently, the Supreme Court emphasized that:

> Under our precedents, it is enough that the fraud alleged "coincide" with a securities transaction – whether by the plaintiff or by someone else. . . .   Notably, this broader interpretation of the statutory language comports with the longstanding views of the SEC.

*Merrill Lynch,* 547 U.S. at 85 n.10 (citations omitted).

This Court, too, "has broadly construed the phrase." *Press v. Chemical Inv. Servs. Corp.*, 166 F.3d 529, 537 (2d Cir. 1999) (Section 10(b) case). Recently, in

*Trezziova v. Kohn (In re Herald, Primeo & Thema)*, 2013 U.S. App. LEXIS 19132 (2d Cir. Sept. 16, 2013), this Court held that the Securities Litigation Uniform Standards Act ("SLUSA") precluded state law fraud claims because Madoff Securities' misconduct occurred in connection with the broker's securities trading. "[T]he fact that Madoff Securities may not have actually executed their pretended securities trades does not take this case outside the ambit of SLUSA." *Id.* at *14. *Accord, Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1352 (11th Cir. 2008) ("covered security" for application of SLUSA does not require actual purchase or sale where defendant accepted funds for investment in securities).[18] *See also Peterson*, 2013 U.S. App. LEXIS 18650, at *18 (applying Supreme Court securities law jurisprudence to conclude that payments from alleged Ponzi scheme satisfied "in connection with" requirement); *Nathel v. Siegal*, 592 F. Supp. 2d 452, 464 (S.D.N.Y. 2008) (allegation that broker falsely promised to buy securities without intending to do so stated claim for fraud under Section 10b-5 in connection with securities transaction).

Consistent with this well-established construction, bankruptcy courts also broadly interpret Section 546(e)'s "in connection with" requirement.  The key

---

[18]  The Trustee's sole authority for a narrow construction provides no guidance, as it involves the interpretation of federal sentencing guidelines for narcotics convictions.  Trustee Br. 36 (citing *United States v. Chen*, 127 F.3d 286 (2d Cir. 1997)).  Criminal statutes and rules are construed narrowly in favor of the accused. *See Taylor v. United States*, 495 U.S. 575, 596 (1990).

inquiry is whether the transfer is "related to" a securities contract. *Lehman Bros.*, 469 B.R. at 441-43. A*ccord, Casa de Cambio Majapara S.A. de C.V. v. Wachovia Bank, N.A. (In re Casa de Cambio Majapara S.A. de C.V.)*, 390 B.R. 595, 598 (Bankr. N.D. Ill. 2008) (construing "in connection with" broadly under analogous Section 546(g)); *Interbulk, Ltd. v. Louis Dreyfus Corp, (In re Interbulk, Ltd.)*, 240 B.R. 195, 202 (Bankr. S.D.N.Y. 1999) ("A natural reading of 'in connection with' [in Section 546(g)] suggests a broader meaning similar to 'related to.'"); *see also In re Powell*, 314 B.R. 567, 571 (Bankr. N.D. Tex. 2004) ("in connection with the bankruptcy case" in Section 330 must be read liberally).

Here, Customers opened trading accounts by executing Account Documents and making deposits into their accounts. A-1616-17 ¶¶34-35; A-1613 ¶21. Madoff Securities provided Customers with periodic statements and confirmations showing positions, trades, and account values. A-1616-17 ¶34; A-2147-49. Madoff Securities made payments to Customers in response to requests for withdrawals from accounts governed by the Account Documents. A-2162 ¶27. But for the existence of the Account Documents, Customers would not have deposited funds with the broker or requested withdrawals. The payments at issue were made in connection with securities contracts, and satisfy that prong of Section 546(e).

### C.  Section 546(e) Protects The Challenged Transfers From Avoidance Because They Were "Settlement Payments."

Alternatively, the District Court correctly held that "the [Customers'] withdrawals from their accounts constituted 'settlement payments' from a stockbroker and therefore fall within the coverage of §546(e) for that independent reason." *Opinion*, SPA-40.

Section 741(8) defines "settlement payment" expansively to include preliminary, partial, and interim settlement payments, or "a settlement payment on account, a final settlement payment, or any other similar payment commonly used in the securities trade[.]"  Bankruptcy Code §741(8).  The term "describe[s] payments made to settle a customer's account with its broker."  *Kaiser Steel Resources, Inc. v. Pearl Brewing Co. (In re Kaiser Steel Corp.)*, 952 F.2d 1230, 1238 (10th Cir. 1991); *cf. Official Comm. of Unsecured Creditors of Nat'l Forge Co. v. Clark (In re National Forge Co.)*, 344 B.R. 340, 366 (W.D. Pa. 2006) ("settlement payment" does not require that shareholder presented stock certificates or otherwise adhered to settlement process).[19]

---

[19]  Section 741(8) also includes the catch-all phrase "any other similar payment commonly used in the securities trade."  Bankruptcy Code §741(8).  This Court construes that phrase to modify the immediately preceding clause ("any other similar payment").  *Enron*, at 335.  "[T]he phrase is not a limitation on the definition of settlement payment, but rather, as our sister circuits have held, it is 'a catchall phrase intended to underscore the *breadth* of the §546(e) exemption.'"  *Id.* at 336 (citation omitted).

Settlement payments "include[] almost all securities transactions." *Lowenschuss v. Resorts Int'l, Inc. (In re Resorts Int'l, Inc.)*, 181 F.3d 505, 515 (3d Cir. 1999)*, Accord, Kaiser Steel*, 952 F.2d at 1237; *Brandt v. B.A. Capital Co. LP (In re Plassein Int'l Corp.)*, 590 F.3d 252 (3d Cir. 2009); *QSI Holdings, Inc. v. Alford (In re QSI Holdings, Inc.)*, 571 F.3d 545, 550-51 (6th Cir. 2009); *Contemporary Indus. Corp. v. Frost*, 564 F.3d 981, 987 (8th Cir. 2009).  This Court acknowledges the breadth of the term.  *Enron*, at 334 (citing *QSI Holdings*, *Plassein,* and *Contemporary*, and characterizing their definitions of settlement payment as "extremely broad.").  *Enron* teaches that, so long as the mechanism of payment is a recognized method of settlement payment, the particular, even unusual, facts of an underlying transaction are irrelevant.  *Id.* at 335-36.  *See also Peterson*, 2013 U.S. App. LEXIS 18650, at *18 (applying this Court's *Enron* and *Quebecor* decisions to conclude that payments from alleged Ponzi schemer were settlement payments).

Likewise, under state law, Madoff Securities' payments were settlement payments in the indirect securities holding system under which it operated and in which the Customers entrusted their funds to the broker.  New York law governs the Account Documents.  A-2148.  By statute, a securities account is one to which a "financial asset"[20] "is or may be credited in accordance with an agreement under

---

[20]  This term expressly includes "securities."  *See* N.Y.U.C.C. §8-102 (a)(9)(i).

which the person maintaining the account [the broker] undertakes to treat the person for whom the account is maintained [Madoff Securities] as entitled to exercise the rights that comprise the financial asset." *Id.* §8-501(a) & cmts. 1, 4. A broker becomes obligated to a customer by confirming the customer's securities entitlement in writing, which establishes the customer's right via-a-vis the broker regarding the financial asset. *Id.* §8-501(b); *see also id.* §8-503 cmt. 2. The Account Documents established securities accounts at Madoff Securities, and the broker's periodic statements and trade confirmations established the entitlements. Accordingly, Madoff Securities' payments to Customers in response to withdrawal requests settled securities transactions regarding acknowledged securities entitlements, and were thus settlement payments under Section 546(e).

Section 546(e)'s application to private securities transactions as well as those involving public market intermediaries underscores its breadth. *See Plassein*, 590 F.3d at 258-59 (statute protected transfers in connection with LBO even though payments made outside "settlement system" of securities markets); *QSI Holdings*, 571 F.3d at 549-50 (same); *Contemporary Indus.*, 564 F.3d at 984-87 (Section 546(e) applies to private securities transactions despite argument that statute was enacted "to protect the stability of the financial markets . . ."); *AP Servs., LLP v. Silva*, 483 B.R. 63 (S.D.N.Y. 2012) (same; safe harbor protected

single family's receipt of $106 million in LBO transfers), *settlement pending*, No. 12-4875 (2d Cir. Oct. 4, 2013) (ECF No. 91).

Here, the District Court properly held that the transfers were settlement payments because "the clients exchanged money for access to an investment strategy that would be implemented over time, creating, if the strategy was successful, an obligation that was settled when payment was made, in whole or part, from Madoff Securities to the defendants." *Opinion*, SPA-41; A-1613 ¶21. As this Court recognized in *Trezziova,* the applicability of a statute does not change because Madoff Securities "may not have actually executed [its] pretended securities trades. . . ." 2013 U.S. App. LEXIS 19132, at *14. Madoff Securities' payments to Customers closed out securities transactions and are therefore settlement payments.

The Court should affirm.

## II.    THE COURT SHOULD REJECT THE TRUSTEE'S INVITATION TO IMPOSE EXTRA-STATUTORY REQUIREMENTS FOR APPLICATION OF SECTION 546(e)

Because of Section 546(e)'s clear language, the Court should reject the Trustee's and SIPC's proposed additional requirements for its application in SIPA cases. Specifically, the Court should neither require a completed securities transaction as a predicate for the safe harbor, Trustee Br. 25-37; SIPC Br. 30-35,

35

nor create a "Ponzi scheme" exception to Section 546(e). Trustee Br. 62; SIPC Br. 38-39.

Five Courts of Appeals, including this Court, agree that Section 546(e) must be applied according to its plain terms. *Peterson,* 2013 U.S. App. LEXIS 18650, at *17 ("We apply the text [of Section 546(e)] . . . , not themes from a history that was neither passed by a majority of either House nor signed into law"); *Enron,* at 334-35 (declining to read purchase or sale requirement into Section 546(e)); *Plassein*, 590 F.3d at 258-59; *QSI Holdings,* 571 F.3d at 550-51 (recognizing Section 546(e) is "extremely broad"); *Contemporary Indus.,* 564 F.3d at 986 (Section 546(e) is "sufficiently plain and unambiguous"). *See also Official Comm. of Unsecured Creditors Quebecor (USA) Inc. v. American United Life Ins. Co. (In re Quebecor World (USA) Inc.)*, 719 F.3d 94, 99 (2d Cir. 2013) (following Third, Sixth, and Eighth Circuits in holding that plain language of Section 546(e) governs scope). The Trustee's and SIPC's extra-statutory requirements should be rejected.

### A.    The Court Should Not Require A Purchase Or Sale Requirement For Section 546(e).

Where, as here, a statute has a straightforward interpretation, the Court should not change its meaning by injecting additional terms. *See Connecticut Nat'l Bank*, 503 U.S. at 253-54 ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last:  'judicial inquiry is

complete.'") (citations omitted); *Lamie v. United States Trustee*, 540 U.S. 526, 537, 538 (2004) (courts should not add "absent words" to statute, especially where there is a "plain, nonabsurd reading in view"); *accord Enron,* at 339.  Sections 546(e) and 741(7)(A) contain no purchase and sale requirement, and this Court flatly refused to create such a prerequisite.  *Enron*, at 338 ("Because we find no basis in the Bankruptcy Code or the caselaw for a purchase or sale requirement . . . we decline to impose a purchase or sale requirement on §741(8).").

Because Section 546(e) has no purchase or sale requirement, allegations that Madoff Securities never bought or sold securities for Customers are irrelevant. Trustee Br. 37; s*ee also* SIPC Br. 28-29.  Even if trading were required, the Trustee concedes that Madoff Securities engaged in significant securities trading activity supported by customer deposits.

Contrary to the Trustee's assertion, *Enron* does not establish that a broker's payment to its customer is a settlement payment only if there is an exchange of cash for actual securities.  Trustee Br. 30-31.  Rather, *Enron* rejected a purchase or sale requirement for settlement payments and, in doing so, relied on authorities defining "settlement payment" as "an exchange of money *or* securities that completes a securities transaction."  *Enron*, at 337 (emphasis added) (citing *Kaiser Steel Corp. v. Charles Schwab & Co*., 913 F.2d 846, 849 (10th Cir. 1990), and authorities therein).

**B.    Section 546(e) Does Not Support A Ponzi Scheme Exception.**

The Court should not ignore the plain directive of Section 546(e) because Madoff Securities allegedly perpetrated a fraud.  *See* Trustee Br. 25-26; SIPC Br. 27-30.  Section 546(e) already contains a specific fraud exception for Federal Two-Year Claims.  A broader judicially-created exception is inappropriate.  *See Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616-17 (1980) ("[W]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied. . . ."); *Butner v. United States*, 440 U.S. 48, 55-56 (1979); *United States v. Noland*, 517 U.S. 535, 543 (1996).  The District Court recognized that "[t]he Trustee offers no explanation for why Congress, if it had in fact wanted to enact the general fraud exception the Trustee advocates, did not express that intention in the statute, when it did express its desire to exempt §548(a)(1)(A)."  *Opinion,* SPA-43.  Caselaw reiterates that conclusion.  *See Peterson*, 2013 U.S. App. LEXIS 18650, at *17 ("[i]f the Trustee were right that §546(e) is irrelevant when the debtor in bankruptcy had any role in a fraud, why did Congress add the exception referring to §548(a)(1)(A)?  The presence of an exception for actual fraud makes sense only if §546(e) applies as far as its language goes."); *Grayson Consulting, Inc. v. Wachovia Secs., Inc. (In re Derivium Capital LLC)*, 716 F.3d 355, 366 (4th Cir. 2013); *Wyle v. Howard, Weil, Labouisse, Freidrichs Inc. (In re Hamilton Taft & Co.)*, 114 F.3d 991, 997 (9th Cir. 1997); *Hoskins v. Citigroup,*

*Inc. (In re Viola)*, 469 B.R. 1 (B.A.P. 9th Cir. 2012); *In re Refco Secs. Litig.*, 2009 U.S. Dist. LEXIS 129944, at *27 (S.D.N.Y. Nov. 13, 2009) ("[t]here would be no need to establish an exception for what is already excepted from the safe harbor."), *report adopted*, 2010 WL 5129072 (S.D.N.Y. Jan. 12, 2010); *Official Comm. of Unsecured Creditors of Nat'l Forge Co. v. Clark (In re National Forge Co.)*, 344 B.R. 340, 370 (W.D. Pa 2006) ("[I]f Congress had intended to exempt from §546(e)'s protection allegations of actual fraud under state law fraudulent transfer theories, it could have easily done so.").

The Seventh Circuit recently underscored the proper application of Section 546(e) where the transfers allegedly emanated from a Ponzi scheme. In *Peterson*, the trustee (Peterson) filed preference claims against various transferees from the debtor (Lancelot). Like the Trustee, Peterson argued that Section 546(e) was inapplicable because Lancelot perpetrated a fraud and no real securities transactions occurred. *See Peterson*, 2013 U.S. App. LEXIS 18650, at *18-19. The Seventh Circuit refused "to chuck §546(e) out the window," *id*. at *17, limiting the exception in the safe harbor to the express carve-out for Federal Two-Year Claims. *Id*. "The text is what it is and must be applied whether or not the result seems equitable." *Id.* at *17-18.

Finally, SIPC erroneously contends that the transfers cannot be in connection with the Account Documents because the broker's fraud renders the

payments unrelated to, or beyond the scope of, *any* contract.  SIPC Br. 27-29.

Under SIPC's view, no transfer would be protected by Section 546(e) if the broker

allegedly perpetrates any fraud.  Yet, the plain language of the statute permits a

trustee to prosecute Federal Two-Year Claims for actual fraud while protecting all

other transfers that fall within the safe harbor.  SIPC's position also ignores the

Trustee and SIPC's practice of not challenging Madoff Securities' payments of

account principal to Customers and is inconsistent with their payment of net equity

claims and advances on the basis of accounts opened under the Account

Documents.

Older cases cited by the Trustee and SIPC which addressed earlier versions

of Section 546(e) are not instructive in light of Congress's subsequent expansion of

the statute.[21]  *Compare Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.)*,

263 B.R. 406 (S.D.N.Y. 2001) (Tr. Br. 62; SIPC Br. 13, 54), *and Kipperman v.*

*Circle Trust F.B.O. (In re Grafton Partners, L.P.)*, 321 B.R. 527 (B.A.P. 9th Cir.

2005) (Trustee Br. 62).  This Court, in turn, relied on the statutory changes in

embracing an expansive interpretation of the statute.  *See Enron,* at 335-36

---

[21]  The Section 546(e) amendments in 2005 and 2006 significantly *broadened* the scope of the safe harbor and did not enact a Ponzi scheme exception.  *See* Section I.D. and note 17.  Moreover, when Congress enlarged the reach-back period for actual fraudulent transfer claims to two years in 2005, it did not limit the kinds of transactions protected from avoidance.

(Section 546(e) protects "uncommon payments" not involving purchase, sale or financial intermediary).[22]

### C.    Section 546(e) Does Not Require Fact-Finding.

The District Court properly dismissed the Trustee's claims at the pleading stage without individualized proof of customer reliance and expectations. The Trustee's notion that evidentiary determinations are required to assess the expectations of innocent customers is baseless. *Compare* Trustee Br. 56-58. SIPA imposes no duty on customers to inquire about their brokers; the statute was enacted to promote investor confidence in securities markets and protect brokerage customers. *In re New Times Secs. Servs., Inc.,* 371 F.3d 68, 87 (2d Cir. 2004).

Section 546(e) protects securities customers' expectations, thereby enhancing confidence in the markets, by limiting a SPA trustee's avoidance remedies to the Federal Two-Year Claims. In *Enron*, this Court stressed the importance of "certainty and predictability" regarding Section 546(e). *See Enron*, at 336. The Trustee's and SIPC's insistence that customer reliance be individually demonstrated would multiply litigation and impose significant burdens on customers by forcing them to prove their reliance and expectations, when such

---

[22] Other cited cases (Trustee Br. 62) are distinguishable because they did not involve stockbrokers. *See Wider v. Wootton*, 907 F.2d 570 (5th Cir. 1990) (individual debtor was not licensed stockbroker or SIPC member and had no "customers"); *Santa Barbara Capital Mgmt. v. Neilson (In re Slatkin)*, 525 F.3d 805 (9th Cir. 2008) (individual debtor was not stockbroker).

matters are not even at issue in the complaints.[23]  Under the Trustee's and SIPC's approach, market participants would have no way of knowing if their transactions will be protected from avoidance actions at some future time.  This necessarily leads to what this Court recognizes as "commercial uncertainty and unpredictability at odds with the safe harbor's purpose and in an area of law where certainty and predictability are at a premium."  *Id.; see also Lehman Bros.*, 469 B.R. at 442-43 ("[T]he suggestion that there should be demonstrable exposure as a condition to satisfying the 'in connection with' language of section 546(e) . . . would make it difficult to assure safe harbor protections without making an impractical and burdensome inquiry as to the status of countless derivatives positions at arbitrary points in time . . . .").

The Trustee's allegations do not support any plausible inference that Customers did not rely upon Madoff Securities' representations, particularly its contractual undertakings to invest their funds pursuant to an investment strategy. *See Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).  The Trustee's allegations establish Customer expectations:  Madoff Securities promised its customers that their funds would be invested in publicly-issued securities under a split-strike conversion

---

[23]  The *Actual Fraud Ruling* is irrelevant.  *See* Trustee Br. 57-58.  That decision addressed only the treatment under Section 546(e) of avoidance claims against defendants "whom the Trustee alleges did not act in 'good faith.'"  SPA-197.

trading strategy, A-1613 ¶21, and Madoff Securities went to great lengths over many years to conceal its fraud from customers and regulators, A-1614-16 ¶25, including by issuing periodic account statements to customers.  Trustee Br. 12.

As the District Court emphasized, the legitimate expectations of innocent Customers are entitled to protection and actually are protected by Section 546(e). *Opinion,* at 10-12, SPA-40-44. Just as a patron who orders food in a restaurant reasonably expects to receive the items described on the menu, so, too, an innocent customer who deposits funds with a registered stockbroker reasonably expects them to be invested as promised.  Because Section 546(e)'s applicability is established on the face of the complaints, the District Court properly declined to require further evidentiary proceedings.

### D.    Resort To Section 546(e)'s Legislative History Is Improper, But, In Any Event, The History Supports The Statute's Application.

The Court should reject the contention that Section 546(e)'s legislative history overrides its plain language.  Trustee Br. at 24-27; SIPC Br. at 36.  "It is well established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms."  *Lamie,* 540 U.S. at 534 (citations and quotations omitted).  *Accord*, *Peterson,* 2013 U.S. App. LEXIS 18650, at *16 ("Ambiguity sometimes justifies resort to legislative history, but it is used to decipher ambiguous language, not to replace it."); *Enron*, at 338.

43

Even if it were an appropriate inquiry, Section 546(e)'s legislative history confirms that Congress intended to protect transactions between stockbrokers and customers. From inception, Section 546(e) was designed to promote certainty and finality in market dealings, and prevent the disorder of unwinding distant securities transactions. *Enron*, at 334-36. Congress consistently broadened the scope of those protections. Originally, the safe harbor applied only to commodities markets. S. Rep. No. 95-989, 95th Cong., 2d Sess. 106 (1978). In 1982, Congress adopted Section 546(e) to protect participants in both commodities *and* securities markets, adding a safe harbor against avoidance of stockbroker margin and settlement payments. *See* Pub. L. No. 97-222, 96 Stat. 235 (July 27, 1982). Congress intended "to minimize the displacement caused in the commodities and securities markets in the event of a major bankruptcy affecting those industries." H. Rep. No. 97-420, 97th Cong., 2d Sess. 1 (1982).

In 2006, Congress significantly expanded Section 546(e) "to reflect current market and regulatory practices, and help reduce systemic risk in the financial markets . . . ." H. Rep. No. 109-648, 109th Cong., 2d Sess. 2 (2006). In particular, Congress enlarged the safe harbor to include transfers by or to stockbrokers (as well as financial institutions and other entities) in connection with securities contracts, excluding those reached by Federal Two-Year Claims. At the same time, Congress enlarged the definition of securities contract to include "any other

agreement or transaction that is similar to an agreement or transaction referred to in this subparagraph," "any combination of the agreements or transactions referred to in this subparagraph," or "a master agreement that provides for an agreement or transaction referred to in [other parts of this subparagraph]." Bankruptcy Code §§741(7)(A)(i), (vii), (viii), (x).

Contrary to the Trustee's argument, although Section 546(e) was intended to prevent market disruption, it does not require a demonstrable market effect as a prerequisite for its application. Trustee Br. 24-29; SIPC Br. 35-37. It applies even in a case where a plaintiff asserts that unwinding transfers poses no significant risk of market disruption. This comports with long-standing canons of statutory interpretation: "[I]t is not, and cannot be, our practice to restrict the unqualified language of a statute to the particular evil that Congress was trying to remedy – even assuming that it is possible to identify that evil from something other than the text of the statute itself." *Brogan v. United States*, 522 U.S. 398, 403 (1998). *Accord, Noland*, 517 U.S. at 543; *Peterson,* 2013 U.S. App. LEXIS 18650, at *17 ("Statutes often are written more broadly than their genesis suggests. . . . '[I]t is our obligation to interpret the Code clearly and prudently using well-established principles of statutory construction.'" (quoting *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2073 (2012)).

The notion that unwinding the transfers to Madoff Securities' customers, including other investment businesses, would not directly affect the market is unpersuasive.  The District Court rightly observed that avoidance likely would result in "the very 'displacement' that Congress hoped to minimize."  *Opinion* at 12-13, SPA-43-44.  The Trustee's allegations establish market impact:  When the liquidation began, Madoff Securities had more than 4,900 active accounts with aggregate stated values of more than $65 billion.  A-1607 ¶1.  The Trustee filed hundreds of avoidance actions to unwind the cumulative results of tens of thousands of transactions that began, as in the *Blumenthal* action, more than ten years before the Madoff Securities' liquidation.  *See* A-1629-30.  This Court and others have recognized threats to the market involving amounts far less than those here:

> [U]ndoing long-settled leveraged buyouts would have a substantial impact on the stability of the financial markets, even though only private securities were involved and no financial intermediary took a beneficial interest in the exchanged securities during the course of the transaction. . . .  We see no reason to think that undoing Enron's redemption payments, which involved over a billion dollars and approximately two hundred noteholders, would not also have a substantial and similarly negative effect on the financial markets.

*Enron*, at 338-39 (citations omitted).  *Accord, Contemporary Indus.*, 564 F.3d at 987 ("particularly because so much money is at stake [$26.5 million], we question [plaintiff's] assertion that the reversal of the payments – at least a portion of which were probably reinvested – would in no way impact the nation's financial

markets. . . .   [W]e can see . . . why Congress might have thought it prudent to extend protection to payments such as these.").

The Court should be wary of construing Section 546(e) in a manner that would undermine public confidence in the securities markets.  The proposed limitation on the statute would eviscerate the confidence of market participants because no customer could depend on the integrity of reported securities transactions after placing funds with a broker.  Instead, customers would be forced to demand physical certificates or hire their own third party custodians to confirm the existence of the reported securities, simply to avoid an attack in bankruptcy years later.  The Trustee's and SIPC's position is incompatible with the modern book entry and electronic trading systems, and associated regulatory structures, that the SEC and the securities industry constructed to replace the former certificate-based market and to resolve the "paper crunch" that SIPC identifies as the key impetus behind SIPA.  *See* SIPC Br. 17-22.  Section 546(e) provides certainty by limiting a customer's potential avoidance exposure to Federal Two-Year Claims.  Failure to confirm that certainty also jeopardizes market integrity and investor confidence by exposing customers to a SIPA trustee's use of state law avoidance remedies with varying reach-back periods.  Congress did not intend such a regime, and the Court should not create one.

## E.  **Section 546(e)'s Application Does Not Conflict With SIPA.**

Contrary to the Trustee's and SIPC's contentions, Section 546(e) does not conflict with SIPA.  Trustee Br. 48-51, SIPC Br. 39-40.  Rather, as held by the District Court, "SIPA expressly incorporates the limitations Title 11 places on trustee's powers, including §546(e)."  *Opinion*, SPA-44 n.7; *see also* SIPA §78fff-2(c)(3) ("[T]he [SIPA] trustee may recover any property transferred by the debtor . . . *if and to the extent that such transfer is voidable or void under the provisions of title 11 of the [Bankruptcy Code]*.") (emphasis added); *id*. §78fff-1(a) (trustee vested "with the same powers and title with respect to the debtor and the property of the debtor, including the same rights to avoid preferences, as a trustee in a case under [the Bankruptcy Code]").  Congress frequently amended both statutes without identifying any inconsistency.  There is no conflict.

The Trustee's assertion that SIPA's Section 78fff(b) overrides Section 546(e) is unsupportable based on the plain text of the provisions.  Trustee Br. 48-49.  Section 78fff(b) addresses the "[g]eneral provisions of a liquidation proceeding," and incorporates the Bankruptcy Code "[t]o the extent consistent with the provisions of [SIPA]."  SIPA §78fff(b).  This general provision for the administration of SIPA liquidations in accordance with the Bankruptcy Code to the extent consistent with SIPA does not override the more specific SIPA provision that borrows the Bankruptcy Code's avoidance powers and limitations without

48

caveat or exclusion.  *See* SIPA §78fff-2(c)(3).  SIPA does not supplant Section 546(e) in any respect.  *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 228 (1957) ("However inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the same enactment.") (citations and quotations omitted); *accord, Morales v. Trans World Airlines*, 504 U.S. 374, 384-85 (1992) ("it is a commonplace of statutory construction that the specific governs the general").

Because SIPA explicitly incorporates limitations on the Trustee's bankruptcy avoidance powers, there is no conflict.  *See Lutz v. Chitwood (In re Donahue Secs., Inc.)*, 304 B.R. 797, 798-99 (Bankr. S.D. Ohio 2003) ("it is not inconsistent with SIPA to hold that a SIPA trustee is vested with the same rights as a bankruptcy trustee under §541(a) [of the Bankruptcy Code] where SIPA itself expressly dictates the same under §78fff-1(a).").  Congress's intent to apply Section 546(e) in SIPA liquidations is supported by other safe harbors which, unlike Section 546(e), expressly yield to other provisions of SIPA.  *E.g.*, Bankruptcy Code §§555, 559 (rights of certain counterparties to securities contracts and repurchase agreements not subject to automatic stay or avoidance unless authorized under SIPA or other statute).

Nor does SIPA §78fff-2(c)(3) give rise to a general implied exception that trumps Section 546(e)'s express limitations on avoidance.[24]  Trustee Br. 49-50. That provision treats recovered property as customer property and provides that "if such transfer was made to a customer or for his benefit, such customer shall be deemed to have been a creditor . . . ."  SIPA §78fff-2(c)(3).  This clause defines the rights of the customer *after* avoidance.  It does not alter the avoidance powers of SIPA trustees, which SIPA expressly limits to those in the Bankruptcy Code ("if and to the extent such transfer is voidable or void under the provisions of title 11").

SIPC's discussion of *Grede v. FC Stone, LLC*, 485 B.R. 854 (N.D. Ill. 2013), *appeal pending*, No. 13-1232 (7th Cir., filed Feb. 1, 2013), is irrelevant. SIPC Br. 36-37.  The *Grede* defendant had no contractual right to a particular security, only an undivided interest in a securities pool that the debtor sold to a third party.  The defendant, neither seller nor purchaser of the pool, lacked standing to invoke Section 546(e) to shelter the debtor's payment of his portion of

---

[24] The Trustee incorrectly argues that the District Court's ruling prevents him from avoiding preferences.  Trustee Br. 48-51.  Like any trustee, he may recover preferences under Section 547, such as payments to trade creditors, if the transfers are neither settlement payments nor transfers in connection with securities contracts. Bankruptcy Code §547.  Likewise, the Trustee may pursue the Federal Two-Year Claims against actual fraudulent transfers.  *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241-42 (1989); *Burgo v. General Dynamics Corp.*, 122 F.3d 140, 145 (2d Cir. 1997) (absent compelling reason, literal language of federal statute applies even if it would produce a harsh result for one party in the case).  In any event, the Trustee's concern is one for Congress to address, not the courts.

the proceeds.  Moreover, *Grede*'s interpretation of Section 546(e) is contrary to this Court's broad construction of "settlement payments" in *Enron*.  485 B.R. at 887 n.27.  Indeed, the *Grede* court refused to apply Section 546(e)'s language at all, holding that the statute is "demonstrably at odds with the intentions of its drafters," *id.* at 885 (citations and quotations omitted), a position wholly inconsistent with rules of statutory interpretation.  A departure from plain meaning based on "absurdity" is the "rare case," *Ron Pair*, 489 U.S. at 242, and requires a result "so bizarre that Congress 'could not have intended it.'"  *Demarest v. Manspeaker*, 498 U.S. 184, 191 (1991) (citation omitted).[25]

Finally, SIPA's special protections do not justify departure from Section 546(e)'s express language.  As a remedial statute, SIPA must be construed broadly to protect securities customers.  *Appleton v. First Nat'l Bank*, 62 F.3d 791, 801 (6th Cir. 1995) (broadly construing SIPA to effectuate its remedial purpose).[26]  The Bankruptcy Code embodies its own remedial purposes of permitting trustees to

---

[25]  The *Grede* trustee only asserted preference claims, but if the allegations indicated the presence of actual fraud – as the decision suggests (485 B.R. at 889) – Section 546(e) would have allowed pursuit of Federal Two-Year Claims.

[26]  SIPA protects the reasonable expectations of customers of SIPC members, and SIPA explicitly defines customers on the basis of their reasonable expectations in dealings with brokers. *See* SIPA §78*lll*(2) (customer includes anyone who deposits cash with debtor "for the purpose of purchasing securities"); *Net Equity Decision*, 654 F.3d at 236; *New Times,* 371 F.3d at 87 (defrauded customers can have "legitimate expectations" even with respect to "nonexistent securities"; purpose of SIPA is to "protect[] investors and inspire[] confidence in the securities markets[.])."

recover property to satisfy creditors according to statutory priorities, but subject to the limitations on the scope of avoidance remedies.  With Section 546(e), Congress struck a balance between a trustee's avoidance powers and the customer protection policies that underpin the federal securities laws, including SIPA.  *See Peterson,* 2013 U.S. App. LEXIS 18650, at *19-20 (the core purpose of federal securities law would be undermined if the existence of fraud rendered a transaction not a "securities transaction" for purposes of Section 546(e); *Picard v. Katz*, 466 B.R. 208, 212 (S.D.N.Y. 2012) (Section 546(e) "on its face provides a safe harbor not just for stockbrokers but also for investors.  Thus, an interpretation that would prohibit the application of Section 546(e) to fraudulent stockbrokers would make no sense if also applied to frustrate the reasonable expectations of those brokers' customers.").

The Court should affirm.

## III.   THE TRUSTEE AND SIPC ARE COLLATERALLY ESTOPPED FROM RELITIGATING THE ISSUES DECIDED AGAINST THEM IN *KATZ*

Under the rules of collateral estoppel, the *Katz* Dismissal Order precludes the Trustee from relitigating Section 546(e)'s application here.[27]  Affirmance on this ground will obviate consideration of the merits of any Section 546(e) issues. The Trustee and SIPC ignore this aspect of the *Opinion.*

Collateral estoppel prevents parties from relitigating issues previously decided against them to "promot[e] judicial economy by preventing needless litigation."  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citation omitted); *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991).  The doctrine may be invoked defensively, as here, to "prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant."  *Parklane*, 439 U.S. at 326 n.4; *United States v. Mendoza*, 464 U.S. 154, 159 (1984).

Federal courts consider four elements for collateral estoppel:  (1) was the identical issue raised in a previous proceeding; (2) was the issue actually litigated and decided in the previous proceeding; (3) did the party have a full and fair opportunity to litigate the issue; and (4) was resolution of the issue necessary to

---

[27]  Although the District Court ruled on the merits, this Court may affirm on collateral estoppel grounds.  *LaRocca v. Gold*, 662 F.2d 144, 148 (2d Cir. 1981) ("Although [the district] court chose to explore the merits, we are not precluded on appeal from affirming on the ground that [defendant] is barred by the principle of issue preclusion.") (citation omitted).

support a valid and final judgment on the merits?  *E.g., Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002).  All of these factors operate against the Trustee.

In *Katz*, the District Court granted mandatory withdrawal of the reference to determine Section 546(e)'s applicability.  *See Flinn*, SPA-12 ("The Court has already discussed this *fully-withdrawable issue* at length in the [*Katz Dismissal Order*].") (emphasis added).  In the ensuing proceedings in *Katz,* the District Court applied Section 546(e) to limit the Trustee's avoidance remedies to the Federal Two-Year Claims.  *Katz Dismissal Order*, 462 B.R. at 452.  In the instant cases, the District Court concluded that "[u]nder ordinary principles of collateral estoppel, [the *Katz*] determination likely bars the Trustee from relitigating the issue against these defendants, who are for all relevant purposes similarly situated to the defendants in *Katz.*"  *Opinion*, SPA-36.  That conclusion was correct.[28]

A. **Identical Issues Were Raised, Fully Litigated And Decided In *Katz*.**

The Dismissed Claims are identical in all relevant respects to those in *Katz*. They rely on the same material facts alleged in *Katz* regarding the establishment of the broker-customer relationship between customers and Madoff Securities, the operation of the account, and the alleged fraud.  *Compare* A-1606-35 (*Blumenthal*

---

[28]  Although the District Court cited a case applying the New York state test for collateral estoppel, *Opinion*, SPA-36, the federal and state tests are not materially different.

Amended Complaint) with *Katz* Amended Complaint ¶¶18-41, ¶¶1330-92.[29]  The

Trustee's avoidance claims against the *Katz* Defendants are the same as those at

issue here.  *Id.*  The *Opinion* reiterates the substantive determinations of the *Katz*

Dismissal Order regarding the application of Section 546(e) on the same operative

facts and with the same legal reasoning as in *Katz*.  *Compare Opinion*, SPA-36-44,

*with Katz Dismissal Order*, 462 B.R. at 451-53.

Section 546(e) was the primary basis for dismissal of the claims in *Katz*.  *See*

*Katz Dismissal Order*.  Section 546(e)'s applicability was actually litigated,

extensively briefed, and necessarily decided by the District Court.  Neither the

Trustee nor SIPC can plausibly assert the lack of a full and fair opportunity to

litigate the issues in *Katz*.

## B.    The *Katz* Dismissal Order Was A Valid, Final Judgment For Purposes Of Collateral Estoppel.

An order has preclusive effect based upon "the nature of the decision (*i.e.*,

that it was not avowedly tentative), the adequacy of the hearing, and the

opportunity for review."  *Lummus Co. v. Commonwealth Oil Refining Co.*, 297

F.2d 80, 89 (2d Cir. 1961) (Friendly, J.).  Dismissal on a Rule 12 motion is a

judgment on the merits for these purposes.  *E.g., Teltronics Servs., Inc. v. LM*

---

[29]  The Trustee also alleged that various *Katz* Defendants (unlike the Customers) did not receive their transfers in good faith, thereby seeking recovery of both account principal and account earnings.  Except for those distinct issues, the avoidance claims and the material allegations regarding the broker's fraud and the customer relationship that gave rise to the payments are the same here as in *Katz*.

*Ericsson Telecomm., Inc.*, 642 F.2d 31, 34 (2d Cir. 1981); *Rose v. Bethel*, 2007 U.S. Dist. LEXIS 63658, at *5-6 (S.D.N.Y. Aug. 28, 2007). The Trustee's request for entry of final judgment and immediate appeal underscores that the *Katz Dismissal Order* was not tentative in any respect. *Katz Action*, Trustee's Mem. in Support of Motion to Direct Entry of Final Judgment, at 7-8 (ECF No. 47).[30]

A stipulated dismissal with prejudice – such as the court-approved Katz Settlement (ADD-40-41) – is an adjudication on the merits for collateral estoppel purposes. *Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986); *see also Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1169 (8th Cir. 1989) (settlement providing for dismissal of action to confirm arbitration award, but lacking provision to vacate award, did not impair preclusive effect of award). Absent vacatur, a party is bound by a ruling it fails to appeal, even where the failure results from settlement: "A party who cuts off his right to review by settling a disputed matter cannot complain that the question was never reviewed on appeal. The [prior] rulings were not vacated as part of the settlement. They therefore remain preclusive." *TM Patents, L.P. v. IBM Corp.*, 72 F. Supp. 2d 370, 378 (S.D.N.Y.

---

[30] Even if the Trustee had appealed the *Katz Dismissal Decision*, its preclusive effect would remain unchanged absent reversal. *E.g., Martin v. Malhoyt*, 830 F.2d 237, 264 (D.C. Cir. 1987); *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1497-98 (D.C. Cir. 1983) (noting "well-settled federal law" that an appeal "does not diminish the res judicata effects of a judgment rendered by a federal court"); *Galin v. United States*, 2008 U.S. Dist. LEXIS 103884, at *24-25 (E.D.N.Y. Dec. 23, 2008).

1999) (citations omitted).  *Accord, Hartley v. Mentor Corp.*, 869 F.2d 1469, 1472-73 (Fed. Cir. 1989) ("No issue preclusion attaches to [a] lost issue which could not by itself be appealed.  However, voluntary relinquishment of one's right to appeal, where one stands as overall loser, does not fall within that rationale.") (citations omitted); *see also Kurlan v. Commissioner,* 343 F.2d 625, 628 n.1 (2d Cir. 1965) (appellate opinion had collateral estoppel effect even though case settled on remand).

The Trustee waived his right to appeal the *Katz Dismissal Order* by settling more than sixteen months ago – even as he litigated hundreds of other actions that posed the identical Section 546(e) issues.[31]  As made clear by the Supreme Court, notwithstanding the motivations or interests of settling parties, the "orderly operation of the federal judicial system" and respect for judicial precedent are paramount considerations.  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship* 513 U.S. 18, 26-27 (1994).  This public policy is "served by preserving judicial precedent where a party voluntarily relinquishes the right to appeal through

---

[31]  The Bankruptcy Court's earlier refusal to apply Section 546(e) to the Trustee's claims against customers in *Picard v. Merkin (In re Bernard L. Madoff Inv. Secs. LLC)*, 440 B.R. 243 (Bankr. S.D.N.Y. 2010) and *Picard v. Madoff (In re Bernard L. Madoff Inv. Secs. LLC)*, 458 B.R. 87 (Bankr. S.D.N.Y. 2011) – who, unlike the Customers here, are alleged to have received their payments in bad faith – does not affect the application of collateral estoppel.  *See Metromedia Co. v. Fugazy*, 983 F.2d 350, 366 (2d Cir. 1992) ("When two lawsuits have resulted in inconsistent final decisions of the same issue, the general rule is that 'it is the later, not the earlier, judgment that is accorded conclusive effect in a third action.'") (quoting RESTATEMENT (SECOND) OF JUDGMENTS §15 (1982)).

prescribed channels." *Siemens Med. Sys., Inc. v. Nuclear Cardiology Sys., Inc.*, 945 F. Supp. 1421, 1437 (D. Colo. 1996) (citing *U.S. Bancorp*, 513 U.S. at 27-28, and *Oklahoma Radio Assocs. v. FDIC*, 3 F.3d 1436, 1444 (10th Cir. 1993)).

The voluntary forfeiture by a party, through settlement, of the process of appeal and review means that "the judgment is not unreviewable, but simply unreviewed by [the settler's] choice." *Bancorp*, 513 U.S. at 25.  This Court firmly adheres to that principle. *E.g.*, *ATSI Commnc's., Inc. v. Shaar Fund, Ltd.,* 547 F.3d 109, 112-13 (2d Cir. 2008) (refusing to vacate district court decision where settlement occurred during appeal; "[d]enial of vacatur here, despite the possibility that the parties' settlement efforts may fail as a result, nonetheless advances 'the public interest' in preserving judicial precedent . . . .") (citation omitted); *Microsoft Corp. v. Bristol Tech., Inc.*, 250 F.3d 152, 154 (2d Cir. 2001); *Haley v. Pataki*, 60 F.3d 137, 142 (2d Cir. 1995) ("[V]acatur is not required where mootness results from a voluntary settlement reached by the parties.").

The Trustee could have minimized, or perhaps even escaped, the risks of collateral estoppel.  "[D]efensive collateral estoppel gives a plaintiff a strong incentive to join all potential defendants in the first action if possible." *Parklane*, 439 U.S. at 329-30 (citing *Bernhard v. Bank of Am. Nat'l Trust & Savs. Ass'n*, 122 P.2d 892, 895 (Cal. 1942)).  As a practical matter, given the sizable number of defendants, the Trustee could have sought to consolidate all litigation on the

common Section 546(e) issues in a single proceeding, *see* Fed. R. Civ. P. 42(a) (made applicable by Fed. R. Bankr. P. 7042), following the example of other bankruptcy cases involving numerous avoidance actions raising common issues. *E.g.*, *In re Braniff Insolvency Litig. (In re Braniff, Inc.)*, 1992 Bankr. LEXIS 1563 (Bankr. M.D. Fla. Oct. 2, 1992). Instead, the Trustee did nothing to mitigate the risk of an adverse holding in any one of his multiple, unconsolidated actions, and must bear the consequences.

Finally, no exceptional circumstances warrant the Court's departure from the doctrine of issue preclusion here. Unlike *Divine v. Commissioner*, 500 F.2d 1041 (2d Cir. 1974), where the Court declined to apply non-mutual collateral estoppel against the IRS, which was litigating the underlying issue around the country, the Trustee is litigating in one district in this Circuit.[32] To the extent that *Divine* even survives *Parklane*, it has no application to the instant situation in which all of the litigation is centered in a single district and Circuit. *See Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1039 n.2 (9th Cir. 1983) (because the prior case arose in the same circuit as the second case, "collateral estoppel may be applied if otherwise appropriate even though a pure question of law is involved.").

---

[32] Moreover, the Trustee's avoidance claims here, unlike *Divine*, involve the assertion only of "private" rights, not "public rights" involving a comprehensive regulatory scheme such as the tax laws. *See Stern v. Marshall*, 131 S. Ct. 2594, 2613-15 (2011); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57 (1989); *American Med. Int'l, Inc. v. Secretary of H.E.W.*, 677 F.2d 118, 121 (D.C. Cir. 1981).

The Court should affirm on collateral estoppel grounds.

## IV.   THE COURT SHOULD AFFIRM THE RULING WITHDRAWING THE REFERENCE.

The District Court correctly withdrew the reference to determine the Section

546(e) issues under Section 157(d) of the Judicial Code:

> The district court shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. §157(d).  Resolution of the interplay among Section 546(e), a part of the

Bankruptcy Code, SIPA, a part of the federal securities laws, and other federal

securities statutes and jurisprudence necessarily involves substantial and material

consideration of both bodies of federal law.  *See Flinn,* 463 B.R. at 285-86 (SPA-

12-13).  Moreover, the limits of the Bankruptcy Court's constitutional authority to

decide avoidance actions after *Stern* compel that result.  Finally, withdrawal of the

reference should not be reviewed now because the Trustee cannot obtain effective

relief at this stage of the litigation, as remand would result in a serious misuse of

time and judicial resources for proceedings on issues already extensively litigated

and decided.  Indeed, as explained in Section IV.C, the District Court could have

withdrawn the reference under the permissive prong of Section 157(d), which

reinforces the futility of further proceedings now.

**A.**  **The District Court Correctly Granted Mandatory Withdrawal.**

Under Section 157(d), withdrawal is mandatory "where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) (citation & quotation omitted).  Consideration is substantial and material if it requires "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991).

SIPA, a federal securities statute, stands at the "intersection . . . of bankruptcy and securities law." *Enron,* at 334 (citation & quotations omitted). The question of how Section 546(e) affects a SIPA trustee's avoidance powers requires material consideration of the Bankruptcy Code, and SIPA, and other federal securities law to determine whether Madoff Securities was a stockbroker that made transfers to customers in connection with securities contracts or as settlement payments:

> [W]hile a SIPA liquidation proceeding may be maintained in the bankruptcy court, and SIPA incorporates provisions of the Bankruptcy Code, SIPA expressly provides that it is part of the securities laws and is codified in Title 15, not Title 11. . . .  Thus, an issue that requires significant interpretation of SIPA undoubtedly requires consideration of laws other than Title 11. Regardless of a bankruptcy court's familiarity with a statute outside of Title 11, the requirements for mandatory withdrawal are satisfied if the proceeding requires consideration of a law outside of Title 11.

61

*SIPC v. Bernard L. Madoff Inv. Secs. LLC,* 454 B.R. 307, 316 (S.D.N.Y. 2011) (McMahon, J.) (citations omitted).[33]

The Trustee's and SIPC's insistence that Section 546(e) conflicts with SIPA compels the conclusion that both bankruptcy and non-bankruptcy federal law must be considered and interpreted. Moreover, although SIPA incorporates some provisions of the Bankruptcy Code, it is a securities statute:

> [W]hile it is certainly true that SIPA liquidation proceedings may be brought in the bankruptcy court and that SIPA incorporates provisions of title 11 to the extent that they are consistent with SIPA, SIPA expressly provides that it shall be considered an amendment to, and section of, the Securities Exchange Act of 1934, and for this reason is codified in Title 15 (where securities laws are placed), rather than in Title 11 (where bankruptcy laws are placed). . . . The reason for this language and placement is that SIPA is, first and foremost, concerned with the protection of securities investors (as its very title states), whether in or outside the bankruptcy context. A substantial issue under SIPA is therefore, almost by definition, an issue "the resolution of [which] requires consideration of both title 11 and other laws of the United States."

---

[33]  The Trustee and SIPC complain that the District Court did not identify specific provisions of federal securities law at issue. *See* Trustee Br. 58-59; SIPC Br. 55. Nothing in Section 157(d) requires such specificity, and courts granting withdrawal frequently identify only the general body of applicable non-bankruptcy federal law. *E.g., Adelphia Commnc's. Corp. v. Bank of Am. (In re Adelphia Commnc's. Corp.)*, 330 B.R. 364 (Bankr. S.D.N.Y. 2005) (RICO and Bank Holding Company Act); *In re Cablevision S.A.*, 315 B.R. 818 (S.D.N.Y. 2004) (Trust Indenture Act and Williams Act); *BOUSA, Inc. v. United States (In re Bulk Oil (USA))*, 209 B.R. 29 (S.D.N.Y. 1997) (Tariff Schedules).

*Picard v. HSBC Bank PLC*, 450 B.R. 406, 410 (S.D.N.Y. 2011) (Rakoff, J.) (quoting 28 U.S.C. §157(d)); *see also New Times,* 371 F.3d at 76, 84; *SIPC v. Barbour*, 421 U.S. 412, 417 (1975).  Because SIPA is a securities statute that employs bankruptcy-like proceedings, the interpretation of potential conflicts between SIPA and the Bankruptcy Code is the province of the District Court.[34]

### B. The Challenge To The Ruling Withdrawing the Reference Should Be Rejected Because No Effective Relief Is Available And No Purpose Would Be Served By Remand.

This Court should reject the Trustee's challenge to withdrawal because no effective remedy exists at this point and no practical purpose would be served by remand.  The District Court necessarily had to rule on Section 546(e), either upon withdrawal of the reference or on appeal from the Bankruptcy Court.[35]  Whether the District Court undertook the legal analysis in the first instance or on *de novo* appellate review is immaterial, such that this Court should decline to review the ruling withdrawing the reference.

---

[34] Twelve years after Congress added SIPA to the 1934 Act, the Supreme Court limited the Bankruptcy Court's adjudicative powers in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).  In response, Congress created the "reference" by adopting Section 157 (including the provision for withdrawal of the reference).  Congress did not modify SIPA then or later to limit the application of reference withdrawal in SIPA cases or to denominate SIPA as a bankruptcy law.

[35] In either instance the District Court would consider the legal issue *de novo*, as appeals would arise from Rule 12 determinations without independent fact-finding.

A withdrawal motion establishes whether a district judge acts "in an appellate rather than an original role," and a withdrawal motion should be reviewed only "if it still matters" at the time of the appeal. *Caldwell-Baker Co. v. Parsons*, 392 F.3d 886, 887-88 (7th Cir. 2004); *see* 28 U.S.C. §2111 (appellate court should not review errors that do not affect substantial rights of parties). Here, the substantive issues were fully litigated after the District Court withdrew the reference.[36]  No purpose is served by permitting further proceedings before the Bankruptcy Court on the matters framed for decision in this Court.

Neither the Trustee nor SIPC identifies any requested relief regarding the reference withdrawal.[37]  Returning the actions to a lower court now would waste judicial and party resources.  Presented with the same record and arguments, the Bankruptcy Court would be compelled to reach the same result as did the District Court.  If for some reason the Bankruptcy Court did not do so, the District Court would review that ruling *de novo*.

---

[36]  Rather than litigating the merits of the Section 546(e) issue, the Trustee and SIPC could have sought immediate review of the withdrawal orders. *See In re Pruitt*, 910 F.2d 1160, 1167-68 (3d Cir. 1990) (writ of mandamus granted to permit prompt challenge to withdrawal of the reference where district court otherwise would proceed to decide the question at issue).

[37]  Regarding the District Court's disposition on the merits, the Trustee and SIPC stipulated, and the District Court determined, that (i) there was no just cause for delay in determining the Section 546(e) issues; and (ii) an immediate appeal to this Court would avoid protracted, expensive, and potentially duplicative litigation, and facilitate the prompt resolution of the case.  Rule 54(b) Order ¶¶7-8.  Remand would produce the opposite result.

Given its lack of practical effect, the Trustee's and SIPC's challenge should be rejected as a request for an advisory opinion on future withdrawal motions. Article III of the Constitution constrains federal courts to decide actual controversies, not theoretical issues. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam); *County of Suffolk v. Sebelius*, 605 F.3d 135, 138 (2d Cir. 2010); *In re Chateaugay Corp.*, 988 F.2d 322, 325-27 (2d Cir. 1993) (dismissing appeal as moot where "practical thrust" was to obtain an advisory opinion to guide future litigation rather than to "decide live controversies"). Indeed, to the extent that the reference withdrawal was error, it was harmless. *See* Fed. R. Civ. P. 61 (made applicable by Fed. R. Bank. P. 9005); 28 U.S.C. §2111.

### C. The Ruling Should Be Affirmed Because There Was Good Cause For Permissive Withdrawal.

The withdrawal ruling may be affirmed under the permissive branch of Section 157(d), which authorizes withdrawal of the reference "for cause shown." 28 U.S.C. §157(d). In the wake of *Stern*, the central issue for this branch of withdrawal is a legal question: Do bankruptcy judges have the constitutional power to enter final judgment on the claims at issue? *Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*, 467 B.R. 712, 719 (S.D.N.Y. 2012). Although this Court previously identified several factors relevant to permissive withdrawal in *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d

1095 (2d Cir. 1993),[38] after *Stern* those factors are fully supported on the record here:

> [A]s a practical matter, those advantages and disadvantages [of permissive withdrawal] depend first on the Bankruptcy Court's power to enter final adjudications . . . .
>
> If it does not have that power, there will be no advantage to allowing the matter to be heard in Bankruptcy Court, because this Court will eventually need to review the Article I Court's determinations *de novo* – i.e., as the statute would have them treated if they were "non-core." Thus, where the Bankruptcy Court lacks final adjudicative authority, the remaining *Orion* considerations will often tend to point toward withdrawal, for the same reasons they did when the question asked was whether or not the actions were core . . . .

*Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011) (discussing impact of *Stern*) (footnote omitted); *see also DeWitt Rehab. & Nursing Ctr. v. Columbia Cas. Co.*, 464 B.R. 587, 593 (S.D.N.Y. 2012). Indeed, where, as here, the Bankruptcy Court lacks constitutional authority to decide a proceeding and the parties do not consent to its jurisdiction, withdrawal is required. *E.g., Wellness Int'l Network, Ltd. v. Sharif*, 2013 U.S. App. LEXIS 17553, at *18 (7th Cir. Aug. 21, 2013).

In any event, withdrawal was proper because only an Article III court may enter final judgment on "private rights" such as the Dismissed Claims. *Stern*, 131

---

[38] *Orion* enunciated the following factors: (1) whether the claim or proceeding is core or non-core; (2) whether the claim is legal or equitable, (3) considerations of efficiency; (4) prevention of forum shopping; and (5) uniformity in the administration of bankruptcy law. 4 F.3d at 1101.

S. Ct. at 2611-17; *Granfinanciera,* 492 U.S. at 57 (1989); *see also SIPC v. Bernard L. Madoff Inv. Secs. LLC*, 490 B.R. 46 (S.D.N.Y. 2013) ("avoidance actions under SIPA, like those under the Bankruptcy Code, assert private rights").[39]    The Customers' motions to dismiss were dispositive and terminated the Dismissed Claims, a result no different from a termination of claims after trial.    Accordingly, only the District Court, not the Bankruptcy Court, could enter final judgment adjudicating the Dismissed Claims.

The Bankruptcy Court's inability to render final judgment after *Stern* negates any suggestion of forum shopping.    *Development Specialists*, 462 B.R. at 473.    Moreover, withdrawal promotes uniform administration of the law.    The determination below affected hundreds of actions and Customers.    As a matter of uniform treatment and judicial economy, the issues on appeal were properly decided by the court with unquestionable constitutional adjudicatory power. Accordingly, any error in the District Court's withdrawal ruling was harmless.    28 U.S.C. §2111; Fed. R. Civ. P. 61.

---

[39]    The decisions in *Enron* and *Extended Stay* declining to withdraw the reference concerning Section 546(e) did not involve SIPA or the statutory interaction presented here.    Trustee Br. 62-63; SIPC Br. 54.    Likewise, the Bankruptcy Court's refusal to apply Section 546(e) in the *Merkin* and *Madoff* avoidance lawsuits (*see* note 31) is irrelevant because those defendants did not seek to withdraw the reference.

## CONCLUSION

The Court should affirm the District Court's judgment in all respects.


Dated:      New York, New York
               October 11, 2013


Respectfully submitted,


DENTONS (US) LLP

By:  */s/ Carole Neville*
      Carole Neville
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6800

*Attorneys for Defendants in Picard v. Ida Fishman Revocable Trust, S.D.N.Y. No. 11- cv-7603 (JSR), Appellees in Case No. 12-2497; and Defendants in Decided Actions Picard v. Greiff, S.D.N.Y. No. 11-cv-3775 (JSR), and Picard v. Hein, et al., S.D.N.Y. No. 11-cv-4936 (JSR), Appellees in Case No. 12-2557*

MILBERG LLP

By:  */s/ Jennifer L. Young*
      Jennifer L. Young
      Matthew A. Kupillas
One Pennsylvania Plaza
49th Floor
New York, New York 10119
(212) 594-5300

*Attorneys for Defendants in Decided Action Picard v. Blumenthal, et al., S.D.N.Y. No. 11-cv-4293 (JSR), Appellees in Case No. 12-2557*

PRYOR CASHMAN LLP

By:   */s/ Richard Levy, Jr.*
       Richard Levy, Jr.
       David C. Rose
7 Times Square
New York, New York 10036-6569
(212) 421-4100

*Attorneys for Defendants in Decided Action Picard v. Goldman, et al., S.D.N.Y. No. 11-cv-4959 (JSR), Appellees in Case No. 12-2557*

SEEGERWEISS LLP

By:   */s/ Parvin K. Aminolroaya*
       Parvin K. Aminolroaya
77 Water Street
New York, New York 10005
(888) 584-0411

*Attorneys for Defendants in Decided Action Picard v. Blumenthal, et al., S.D.N.Y. No. 11-cv-4293 (JSR), Appellees in Case No. 12-2557; and Defendants in Withdrawn 546(e) Action Picard v. M&B Weiss Family L.P., et al., S.D.N.Y. No. 11-cv-6244 (JSR), Appellees in Case No. 12-2557*

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

By:   */s/ David Parker*
       David Parker
       Matthew J. Gold
551 Fifth Avenue
New York, New York 10176
(212) 986-6000

*Attorneys for Defendants in Withdrawn 546(e) Action Picard v. Elins Family Trust, et al., S.D.N.Y. No. 11-cv-4772 (JSR), Appellees in Case No. 12-2557*

K&L GATES LLP

By:   */s/ Richard A. Kirby*
       Richard A. Kirby
       Laura L. Clinton
       Martha Rodriguez-Lopez
1601 K Street, N.W.
Washington, D.C. 20006-1600
(202) 778-9000

*Attorneys for Defendants in Eligible Action Picard v. The Wolfson Trust, S.D.N.Y. No. 11-cv-9449 (JSR), Appellees in Case No. 12-2557*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: */s/ Philip Bentley*
     Philip Bentley
     Elise S. Frejka
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9000

*Attorneys for Defendants in Eligible Action Picard v. Goldstein, S.D.N.Y. No. 11-cv-8491 (JSR), Appellees in Case No. 12-2557*

SCHULTE ROTH & ZABEL LLP

By: */s/ Marcy Ressler Harris*
     Marcy Ressler Harris
     Jennifer M. Opheim
     Mark D. Richardson
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for Defendants in Eligible Action Picard v. Pati H. Gerber 1997 Trust, et al., S.D.N.Y. No. 11-cv-9060 (JSR), Appellees in Case No. 12-2557; and Defendants in Eligible Actions Picard v. Blue Star Investors, LLC, et al., S.D.N.Y. No. 11-cv-9059 (JSR), and Picard v. HHI Investment Trust #2, et al., S.D.N.Y. No. 11-cv-9061 (JSR), Appellees in Case No. 12-3422*

STUTMAN, TREISTER & GLATT, PC

By: */s/ William P. Weintraub*
     William P. Weintraub
     Gregory W. Fox
675 Third Avenue, Suite 2216
New York, New York 10017
(212) 235-0800

*Attorneys for Defendants in Eligible Action Picard v. Nystrom, et al., S.D.N.Y. Case No. 12-cv-2403 (JSR), Appellees in No. 12-2557*

# CERTIFICATE OF COMPLIANCE

This brief is submitted on behalf of Customers in all of the Decided Actions, among other appellees, and therefore is subject to the enlarged word count authorized by this Court's Order dated July 25, 2013 (ECF No. 191). This brief complies with the word count limitations of Fed. R. App. P. 32(a)(7)(B)(ii), as modified, because it contains 15,961 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

The brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionally spaced 14-point Times New Roman typeface font using Microsoft Word.

Dated:    October 11, 2013
          New York, New York

                                 PRYOR CASHMAN LLP

                                 By:   */s/ Richard Levy, Jr.*
                                        Richard Levy, Jr.
                                 7 Times Square
                                 New York, New York 10036-6569
                                 (212) 421-4100

                                 *Attorneys for Defendants in Decided
                                 Action Picard v. Goldman, et al.,
                                 S.D.N.Y.   No.   11-cv-4959   (JSR),
                                 Appellees in Case No. 12-2557*

71

**<u>SCHEDULE A</u>**

## SCHEDULE A

## APPELLEES JOINING IN THE BRIEF

The following Appellees join in this brief, and have authorized the signatories

to represent that they have joined.


ASK, LLP
Edward E. Neiger, Esq.
Marianna Udem, Esq.
151 West 46th Street, 4th floor
New York, New York 10036
(212) 267-7342

MASLON EDELMAN BORMAN &
   BRAND, LLP
Justin H. Perl, Esq.
Amy J. Swedberg, Esq.
90 South 7th Street, Suite 3300
Minneapolis, Minnesota  55402
(612) 672-8200

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| The Alan Miller Diane Miller Revocable Trust; Diane Miller, as trustee of The Alan Miller Diane Miller Revocable Trust; Alan Miller, as trustee of the Alan Miller Diane Miller Revocable Trust | *Picard v. The Alan Miller Diane Miller Revocable Trust, et al.,* S.D.N.Y. No. 12-cv-885 (JSR) |

**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**
William J. Barrett, Esq.
Kimberly J. Robinson, Esq.
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Financiere Agache | *Picard v. Financiere Agache,* S.D.N.Y No. 12-cv-00259 (JSR) |

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP
Chester B. Salomon, Esq.
Alec P. Ostrow, Esq.
299 Park Avenue, 16th Floor
New York, New York 10171
(212) 888-3033

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| David Washburn | *Picard v. David T. Washburn*, S.D.N.Y. No. 12 cv 02480 (JSR) |
| Carl Glick | *Picard v. Carl Glick*, S.D.N.Y. No. 12-cv-02477 (JSR) |
| Lexington Capital Partners, LP; Antaeus Enterprises Inc. | *Picard v. Lexington Capital Partners, LP*, S.D.N.Y. No. 12-cv-02478 (JSR) |
| Prospect Capital Partners LP, Prospect Hill Foundation; The Sperry Fund | *Picard v. Prospect Capital Partners LP et al.* S.D.N.Y. No. 02479 (JSR) |
| Weithorn/Casper Associates for Selected Holdings LLC, Stanley S. Weithorn, individually, in his capacity as general manager /partner of Weithorn/Casper Associates for Selected Holdings, LLC, as Trustee of the Article Sixth Trust, Stanley S. Weithorn Revocable Trust, Howard S. Weithorn Trust, Lara L. Weithorn Trust, Weithorn Family Charitable Remainder Unitrust, MLM Charitable Remainder Charitable Remainder Unitrust, Stanley/Lois Charitable Remainder Unitrust, and Director of Weithorn and Ehrmann Families Foundation; Corey Casper; Howard B. Weithorn; Monroe Klein; Stanley S. Weithorn Revocable Trust; Howard B Weithorn Trust; Weithorn Grandchildren Charitable Lead Unitrust; Weithorn Family Charitable Lead Annuity Trust; Weithorn Family Charitable Remainder Unitrust; MLM Charitable Remainder Unitrust; Article Sixth Trust; Michael J. Weithorn, in his capacity as co-trustee of The Weithorn Grandchildren Charitable Lead Unitrust, and the Weithorn Family Charitable Lead Annuity Trust; William J. Rouhana, Jr., in his capacity as co-Trustee of the Weithorn Grandchildren Charitable Lead | *Picard v. Weithorn/Casper Associates for Selected Holdings, LLC et al.*, S.D.N.Y. 12-cv-02450 (JSR) |

- 75 -

| Unitrust and Weithorn Family Charitable Lead Annuity Trust; Weithorn and Ehrmann Families Foundation; Stanley/Lois Charitable Remainder Unitrust; Lara L. Weithorn Trust | |

BECKER MEISEL LLC
Stacey L. Meisel, Esq.
Lauren E. Bielskie, Esq.
354 Eisenhower Parkway Plaza II, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Katz Group Limited Partnership; KFI, Inc.; Aron B. Katz Charitable Remainder Unitrust; Martin J. Katz Charitable Remainder Unitrust; Margaret E. Cann Charitable Remainder Unitrust; Aron B. Katz 1995 Irrevocable Trust; Martin J. Katz; Margaret Katz Cann; Aron B. Katz | *Picard v. Katz Group Limited Partnership, et al.,* S.D.N.Y.  No. 12-cv-2523 (JSR) |

BELLOWS & BELLOWS P.C.
Schuyler D. Geller, Esq.
209 South Lasalle Street, Suite 800
Chicago, Illinois 60604
(312) 332-3340

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Brian H. Gerber, Individually and in his capacity as Trustee of the Brian Gerber Trust U/L/W/T Lottie Gerber dated 11/6/72 | *Picard v. Brian H. Gerber,* S.D.N.Y. No. 11-cv-9142 |
| Brian H. Gerber | *Picard v. Brian H. Gerber,* S.D.N.Y. No. 11-cv-9141 |
| Brian H. Gerber | *Picard v. Pati H. Gerber et al.,* S.D.N.Y. No. 11-cv-9060 |

BERNFELD, DEMATTEO & BERNFELD, LLP
David Bernfeld, Esq.
Jeffrey Bernfeld, Esq.
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 661-1661

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Adele Adess Living Trust; Adess Family Trust; Adele Adess; Billie Baren; Nancy Adess | *Picard v. Adele Adess Living Trust, et al.,* S.D.N.Y. No. 12-cv-0392 (JSR) |
| Stephen Caplan; Doris M. Schlesinger Marital Trust | *Picard v. Caplan, et al.,* S.D.N.Y. No. 12-cv-0396 (JSR) |
| Robert V. Cheren | *Picard v. Cheren,* S.D.N.Y. No. 12-cv-0358 (JSR) |
| William Diamond | *Picard v. Diamond,* S.D.N.Y. No. 12-cv-0391 (JSR) |
| Pauline Feldman | *Picard v. Feldman,* S.D.N.Y. No. 12-cv-0352 (JSR) |
| Richard Feldman | *Picard v. Feldman,* S.D.N.Y. No. 12-cv-0361 (JSR) |
| Nathaniel Gold; Natalie Remsen; Rose Gold; Barbara Gold; Gold Investment Club; Murray Gold Trust f/b/o the Gold Children | *Picard v. Gold, et al.,* S.D.N.Y. No. 12-cv-0404 (JSR) |
| Robert D. Redston 1998 Trust; David Iselin; Audrey Iselin; Teresa Cohen | *Picard v. Robert D. Redston 1998 Trust, et al.,* S.D.N.Y. No. 12-cv-0393 (JSR) |
| Gorrin Family Trust; Morris Gorrin; Ann Gorrin | *Picard v. Gorrin Family Trust, et al.,* S.D.N.Y. No. 12-cv-0394 (JSR) |

| | |
|---|---|
| Estate of Leonard M. Heine, Jr.; Sandra Heine; Leonard M. Heine, Jr.; Credit Shelter Trust; Michael Heine; Nancy Ellen Heine Moskowitz; Thomas Charles Heine; Christopher Altman Heine; Robert G, Heine; Marjories Heine Berger; Lauren Stacey Moskowitz; Alexandra Dale Heine; Morgan Haley Heine; Jeffrey David Heine | *Picard v. Estate of Heine, et al.,* S.D.N.Y. No. 12-cv-0360 (JSR) |
| KL Retirment Trust; Steven Schmutter; Lee Snow | *Picard v. KL Retirement Trust, et al.,* S.D.N.Y. No.12-cv-0398 (JSR) |
| Frederic Konigsberg; Susan Konigsberg; Bradermark, Ltd.; Lee Rautenberg | *Picard v. Konigsberg, et al.,* S.D.N.Y. No. 12-cv-0354 (JSR) |
| Trust Under Deed of Suzanne R. May; Estate of Suzanne R. May; Robert May; Jeffrey May; Richard May; Cheryl Coleman | *Picard v. Trust Under Deed of Suzanne R. May, et al.,* S.D.N.Y. No. 12-cv-0403 (JSR) |
| Suzanne Oshry; Meryl Evens;  Ho Marital Trust; Estate of Claire Oshry | *Picard v. Ho Marital Trust, et al.,* S.D.N.Y. No. 12-cv-0397 (JSR) |
| Laurie Riemer; Leonard Miller; Estate of Carolyn Miller; Carolyn Rosen Miller Revocable Trust | *Picard v. Estate of Miller, et al.,* S.D.N.Y. No. 12-cv-0399 (JSR) |
| Edith Schur | *Picard v. Schur,* S.D.N.Y. No. 12-cv-0355 (JSR) |
| Ad-In Partners, Ltd; Joel Banker; Lucy Banker; William Spiro; Ruth Spiro | *Picard v. Ad-In Partners, et al.,* S.D.N.Y. No. 12-cv-0401 (JSR) |
| William Sweidel; Gabriele Sweidel | *Picard v. Sweidel, et al.,* S.D.N.Y. No. 12-cv-0364 (JSR) |
| Robert Vock | *Picard v. Vock,* S.D.N.Y. No. 12-cv-0402 (JSR) |

| | |
|---|---|
| Ken-Wen Family Limited Partnership; Kenneth Brown; Wendy Brown | *Picard v. Ken-Wen Family Limited Partnership, et al.,* S.D.N.Y. No. 12-cv-0359 (JSR) |
| Werner Foundation | *Picard v. Werner Foundation,* S.D.N.Y. No. 12-cv-0400 (JSR) |
| Jeffrey R. Werner 11/1/98 Trust; Jeffrey Werner; Violet Werner | *Picard v. Jeffrey R. Werner 11/1/98 Trust, et al.,* S.D.N.Y. No. 12-cv-0362 (JSR) |
| Jeffrey Werner; Violet Werner; Harvey L. Werner Revocable Trust; Wendy Brown | *Picard v. Harvey L. Werner Revocable Trust U/A/D 8/31/82, et al.,* S.D.N.Y. No. 12-cv-0353 (JSR) |
| Alan and Janet Winters Family Partnership, Ltd.; Winters Management Trust; Alan Winters; Janet Winters | *Picard v. Alan and Janet Winters Family Partnership, Ltd., et al.,* S.D.N.Y. No. 12-cv-0395 (JSR) |
| Cheryl Yankowitz; Jack Yankowitz | *Picard v. Yankowitz, et al.,* S.D.N.Y. No. 12-cv-0356 (JSR) |
| Gerald Sperling; Seena Sperling | *Picard v. Sperling, et al.,* S.D.N.Y. No. 12-cv-0363 (JSR) |
| Manfred Franitza; Franitza Family Limited Partnership; Manfred Franitza Revocable Trust; Urte Franitza-GoldsteinKaren Fenner | *Picard v. Franitza Family Limited Partnership, et al.,* S.D.N.Y. No. 11-cv-4505  (JSR) |
| John Maccabee; Sherry Morse Maccabee; John Greenberger Maccabee and Sherry Morse Maccabee Living Trust | *Picard v. John Greenberger Maccabee and Sherry Morse Maccabee Living Trust, et al.,* S.D.N.Y. No. 11-cv-4937 (JSR) |

| Janet Jaffe Trust AD DTD 4/20/90; Alvin Jaffe Trust DTD 4/20/90; Janet Jaffe | *Picard v. Janet Jaffe Trust AD DTD 4/20/90, et al.,* S.D.N.Y. No. 12-cv-4188 (JSR) |
|---|---|

BUCHANAN INGERSOLL & ROONEY, P.C.
James R. Walker, Esq.
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania 15219
(412) 562-8800

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Weiner Investments, L.P.; Weiner Properties, LLC, in its capacity as general partner of Weiner Investments, L.P.; Bruce B. Weiner, in his capacity as general partner of Weiner Investments, L.P.; Susan S. Weiner, in her capacity as limited partner of Weiner Investments, L.P. and as Trustee of the Bruce and Susan Weiner Dynasty Trust; Bruce and Susan Weiner Dynasty Trust, in its capacity as a limited partner of Weiner Investments, L.P.; Joshua S. Weiner Irrevocable Trust Number Two For S Corporation Stock, in its capacity as a limited partner of Weiner Investments, L.P.; James H. Weiner Irrevocable Trust Number Two For S Corporation Stock, in its capacity as a limited partner of Weiner Investments, L.P.; Jay Weiner Revocable Trust, in its capacity as a limited partner of Weiner Investments, L.P.; Weiner Family Trust, U/D/T 10/14/98, in its capacity as a limited partner of Weiner Investments, L.P.; Jay Weiner, in his capacity as Trustee of the Joshua S. Weiner Irrevocable Trust Number Two for S Corporation Stock, the James H. Weiner Irrevocable Trust Number Two for S Corporation Stock, and the Jay Weiner Revocable Trust; Rosalyne Weiner Revocable Trust, in its capacity as a limited partner of Weiner Investments, L.P.; Rosalyne Weiner, in her capacity as Trustee of the Rosalyne Weiner Revocable Trust; Samuel Dibiase | *Picard v. Weiner Investments, L.P. et al.,* S.D.N.Y. No. 12-cv-02617 (JSR) |
| Woodland Partners L.P.; Woodland Management, Inc.; Bernstein Properties LLC; Thomas Bernstein | *Picard v. Woodland Partners L.P. et al.,* S.D.N.Y. No. 12-cv-02618 (JSR) |

COVINGTON & BURLING LLP
Dianne Coffino, Esq.
Alan Vinegrad, Esq.
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Migs Woodside | *Picard v. Frank A. Petito, d/b/a The Petito Inv. Group, et al.,* S.D.N.Y. No. 11-cv-08743-JSR |

CROWELL & MORING LLP
Mark S. Lichtenstein, Esq.
Steven B. Eichel, Esq.
590 Madison Avenue, 20th Floor
New York, New York  10022-2524
(212) 223-4000

QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
Linda S. LaRue, Esq.
Brent J. Rodine, Esq.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Samuel-David Associates, Ltd.; Ann M. Olesky, Individually and in Her Capacity as General Partner of Samuel-David Associates, Ltd.; David E. Olesky, Individually and in His Capacity as a Limited Partner of Samuel-David Associates, Ltd.; Samuel J. Olesky, Individually and in His Capacity as a Limited Partner of Samuel-David Associates, Ltd. | *Picard v. Samuel-David Associates, Ltd. et al.* S.D.N.Y. No. 12-CV-2644 (JSR) |

DENTONS US LLP
Carole Neville, Esq.
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| James Greiff | *Picard v. James Greiff,* S.D.N.Y. No. 11-cv-3775 (JSR) |
| Harold J. Hein; Marital Trust Under Article X of Charles D. Kelman Revocable Trust dated May 16, 2001, as Restated and Amended | *Picard v. Harold J. Hein et al.,* S.D.N.Y. No. 11-cv-04936 (JSR) |
| Barbara J. Berdon | *Picard v. Barbara J. Berdon,* S.D.N.Y. No. 11-cv-07684 (JSR) |
| Laura E. Guggenheimer Cole | *Picard v. Laura E. Guggenheimer Cole,* S.D.N.Y. No. 11-cv-07670 (JSR) |
| Sidney Cole | *Picard v. Sidney Cole,* S.D.N.Y. 11-cv-07669 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Kelman Partners Limited Partnership, a Delaware limited partnership; C.D. Kelman Corporation, a Delaware corporation; Charles D. Kelman Revocable Trust Dated May 16, 2001, as Restated and Amended, a Florida trust; Steven A. Belson, as trustee; Darren S. Berger, as trustee; Marital Trust Under Article X Of The Charles D. Kelman Revocable Trust, a Florida trust; Ann G. Kelman, as trustee and as an individual; Steven A. Belson, as trustee; Darren S. Berger, as trustee; Trust For Lesley A. Kelman Koeppel Under Article XII Of The Charles D. Kelman Revocable Trust, a Florida trust; Jennifer Kelman, as trustee; Lesley A. Kelman Koeppel, as trustee and as an individual; Trust For Jennifer Kelman Under Article XII Of The Charles D. Kelman Revocable Trust, a Florida trust; Lesley A. Kelman Koeppel, as trustee; Jennifer Kelman, as trustee and as an individual; Trust For Evan Kelman Under Article XIII Of The Charles D. Kelman Revocable Trust, a Florida trust; Ann G. Kelman, as trustee; Steven A. Belson, as trustee; Darren S. Berger, as trustee; Evan Kelman, Trust For J.K. [a minor] Under Article XIII Of The Charles D. Kelman Revocable Trust, a Florida trust; Ann G. Kelman, as trustee; Steven A. Belson, as trustee; Darren S. Berger, as trustee; J.K., a minor; Trust For S.K. [a minor] Under Article XIII Of The Charles D. Kelman Revocable Trust, a Florida trust; Ann G. Kelman, as trustee; Steven A. Belson, as trustee; Darren S. Berger, as trustee; S.K., a minor; Trust For Charles D. Kelman's Grandchildren and More Remote Descendants Under Article VII Of The Charles D. Kelman Revocable Trust, a Florida trust; Steven A. Belson, as trustee; Darren S. Berger, as trustee | *Picard v. Kelman Partners Limited Partnership,* S.D.N.Y. 11-cv-05513 (JSR) |
| Ida Fishman Revocable Trust; Paul S. Shurman, in his capacity as co-trustee of The Ida Fishman Revocable Trust; William Shurman, in his capacity as co-trustee of the Ida Fishman Revocable Trust; William Shurman, as executor of the Estate Of Ida Fishman | *Picard v. Ida Fishman Revocable Trust et al.,* S.D.N.Y. No. 11-cv-07603 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| The Frederica Ripley French Revocable Trust; Frederica R. French; Seth B. French | *Picard v. The Frederica Ripley Revocable Trust et al.,* S.D.N.Y. 11-cv-07622 (JSR) |
| Alvin Gindel Revocable Trust, a Florida Trust; Alvin Gindel, in his capacity as trustee of the Alvin Gindel Revocable Trust and individually as settlor and beneficiary thereof | *Picard v. Alvin Gindel Revocable Trust,* S.D.N.Y. No. 11-cv-07645 (JSR) |
| Rose Gindel Trust; Rose Gindel, individually and in her capacity as Trustee of the Rose Gindel Trust; Michael Gindel, individually and in his capacity as Trustee of the Rose Gindel Trust; Brent Gindel, in his capacity as Trustee of the Rose Gindel Trust; Alvin Gindel, in his capacity as Trustee of the Rose Gindel Trust | *Picard v. Rose Gindel Trust et. al.,* S.D.N.Y. No. 11-cv-07601 (JSR) |
| S&L Partnership, a New York partnership; Carla Goldworm, Trust For The Benefit of Samuel Goldworm, a New York trust; Samuel Goldworm, as trustee and as an individual; Trust For The Benefit of Luke Goldworm, a New York trust; Luke Goldworm, as trustee and as an individual | *Picard v. S&L Partnership et al.,* S.D.N.Y. No. 11-cv-07600 (JSR) |
| Joel I. Gordon Revocable Trust U/A/D 5/11/94; Joel I. Gordon | *Picard v. Joel I. Gordon Revocable Trust et al.,* S.D.N.Y. No. 11-cv-07623 (JSR) |
| Toby T. Hobish, as an individual and as trustee; LI, Ram L.P., a New York limited partnership; Amy A. Hobish; Mitchell K. Hobish, as an individual and as trustee; Richard S. Hobish; Toby T. Hobish Living Trust, a New York trust; Marital Trust Under Article XXII Of The Herbert W. Hobish Living Trust, a New York trust; Non Marital Trust Under Article XXII Of The Herbert W. Hobish Living Trust, a New York trust | *Picard v. Tobey T. Hobish et al.,* S.D.N.Y. No. 11-cv-07559 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Helene Cummings Karp Annuity; Helene Cummings Karp | *Picard v. Helene Cummings Karp Annuity et al.,* S.D.N.Y. No. 11-cv-07646 (JSR) |
| Lapin Children LLC | *Picard v. Lapin Children LLC,* S.D.N.Y. No. 11-cv-07624 (JSR) |
| BAM L.P.; Michael Mann; Meryl Mann; Betsy Mann Polatsch; Adam Mann | *Picard v. Bam L.P.,* S.D.N.Y. No. 11-cv-07667 (JSR) |
| David R. Markin, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, and David R. Markin Charitable Remainder Unitrust #2; Southpac International Trust Ltd., as trustee of the David R. Markin 2003 Trust; David R. Markin 2003 Trust; David Markin Charitable Remainder Unitrust #1; David R. Markin Charitable Remainder Unitrust #2 | *Picard v. David R. Markin et al.,* S.D.N.Y. No. 11-cv-07602 (JSR) |
| Stanley T. Miller | *Picard v. Stanley T. Miller,* S.D.N.Y. No. 11-cv-07579 (JSR) |
| The Murray Family Trust; Murray B. Felton Revocable Trust; Estate Of Murray B. Felton; Howard A. Kalka, individually, in his capacity as grantor of the Murray Family Trust, and in his capacity as trustee of the Murray Family Trust; Miles J. Felton, individually, and in his capacity as grantor of the Murray Family Trust; The Doris Felton Family Trust; William D. Felton, individually, in his capacity as trustee of the Doris Felton Family Trust, in his capacity as trustee of the Murray B. Felton Revocable Trust, and in his capacity as personal representative of the Estate of Murray B. Felton; Leslie Engelson; Alicia P. Felton | *Picard v. The Murray Family Trust et al.,* S.D.N.Y. No. 11-cv-07683 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Estate Of Marjorie K. Osterman; Trust Created Under The Will Of Harold Korn For The Benefit Of Marjorie K. Osterman; L. Thomas Osterman, individually and in his capacity as Executor of the Estate of Marjorie K. Osterman; Patricia A. Thackray | *Picard v. Estate Of Marjorie K. Osterman, et al.* S.D.N.Y. No. 11-cv-07626 (JSR) |
| Neil Reger Profit Sharing Keogh; Neil Reger, individually and in his capacity as sole trustee of the Neil Reger Profit Sharing Keogh | *Picard v. Neil Reger Profit Sharing Keogh et al.,* S.D.N.Y. No. 11-cv-07577 (JSR) |
| Eugene J. Ribakoff 2006 Trust; Estate Of Eugene J. Ribakoff; Stephanie Ribakoff, As Trustee Of The Eugene J. Ribakoff 2006 Trust, As Personal Representative Of The Estate Of Eugene J. Ribakoff, And Individually | *Picard v. Eugene J. Ribakoff 2006 Trust et al.,* S.D.N.Y. No. 11-cv-07644 (JSR) |
| The Norma Shapiro Revocable Declaration Of Trust Under Agreement Dated 9/16/2008; Trust Under Will Of Philip L Shapiro; Norma Shapiro, individually, and in her capacity as Trustee for the Norma Shapiro Revocable Declaration of Trust Under Agreement Dated 9/16/2008 and the Trust Under Will of Philip L. Shapiro; Martin Rosen, in his capacity as Trustee of the Trust Under Will of Philip L. Shapiro | *Picard v. The Norma Shapiro Revocable Declaration Of Trust Under Agreement Dated 9/16/2008, et al.,* S.D.N.Y. No. 11-cv-07578 (JSR) |
| Estate Of Jack Shurman; Estate Of Helen Shurman; Paul S. Shurman, individually, in his capacity as Executor of the Estates of Jack Shurman and Helen Shurman and as beneficiary under the wills of Jack Shurman and Helen Shurman; William A. Shurman, individually, in his capacity as Executor of the Estates of Jack Shurman and Helen Shurman, and as beneficiary under the wills of Jack Shurman and Helen Shurman | *Picard v. Estate Of Jack Shurman, et al.,* S.D.N.Y. No. 11-cv-07625 (JSR) |
| Barry Weisfeld | *Picard v. Barry Weisfeld,* S.D.N.Y. No. 11-cv-07647 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| America-Israel Cultural Foundation, Inc. | *Picard v. America-Israel Cultural Foundation, Inc.*, S.D.N.Y. No. 12-cv-02756 (JSR) |

DICKSTEIN SHAPIRO LLP
Eric B. Fisher, Esq.
1633 Broadway
New York, New York 10019
(212) 277-6500

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Ilan Kelson | *Picard v. Lexus Worldwide Ltd., et al.,* S.D.N.Y. No. 12-cv-01135 (JSR) |
| Triangle Diversified Investments LLC | *Picard v. Triangle Diversified Investments, Zin Investments Limited, and Triangle Diversified Investments LLC,* S.D.N.Y. No. 12-cv-00700 (JSR) |
| Epstein Family Trust UWO Diana Epstein; Estate of David Epstein; Robert L. Epstein, individually, as co-trustee of the Epstein Family Trust UWO Diana Epstein, and as personal representative of the Estate of David Epstein; Martin B. Epstein, individually, as co-trustee of the Epstein Family Trust UWO Diana Epstein, as personal representative of the Estate of David Epstein, and as co-trustee of the Martin B. Epstein Trust UWO David Epstein; Susan I. Jacobs, individually, as co-trustee of the Epstein Family Trust UWO Diana Epstein, and as personal representative of the Estate of David Epstein; Martin B. Epstein Trust; Andrew Jacobs; Jordan Jacobs; Jason Epstein; Stacey Blechman; Kenneth Epstein; Meredith Selekman; Neal Comer, as co-trustee of the Martin B. Epstein Trust UWO David Epstein | *Picard v. Epstein Family Trust UWO Diana Epstein, et al.,* S.D.N.Y. No. 12-cv-00645 (JSR) |

DOW LOHNES PLLC
Michael D. Hays, Esq.
1200 New Hampshire Ave., NW, Suite 800
Washington, DC 20036
(202) 776-2711

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Michael S. Leeds; Andrea R. Leeds | *Picard v. Leeds, et al.,* S.D.N.Y. No. 12-cv-02785 (JSR) |
| Liselotte J. Leeds Lifetime Trust; Liselotte Leeds | *Picard v. Liselotte J. Leeds Lifetime Trust, et al.,* S.D.N.Y. No. 12-cv-02784 (JSR) |
| The Leeds Partnership; Margaret and Richard Lipmanson Foundation; Kaleidoscope Foundation; Gerard Leeds; Liselotte a/k/a Lilo Leeds; Richard Leeds; Michael Leeds; Daniel Leeds; Gregory Jobin Leeds; Jennifer Leeds | *Picard v. The Leeds Partnership, et al.,* S.D.N.Y. No. 12-cv-02786 (JSR) |

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
John F. Zulack, Esq.
Elizabeth A. O'Connor, Esq.
Megan P. Davis, Esq.
One Liberty Plaza
New York, New York 10006
(212) 412-9500

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Panagiotis Sakellariou Settlement, an irrevocable trust u/a/d 12/17/92; SG Hambros Bank & Trust (Bahamas) Limited, in its capacity as Trustee of the Panagiotis Sakellariou Settlement, an irrevocable trust u/a/d 12/17/92 | *Picard v. Panagiotis Sakellariou Settlement, an irrevocable trust u/a/d 12/17/92, et al.*, S.D.N.Y. No. 12-cv-00531 (JSR) |

FOLEY HOAG LLP
Kenneth S. Leonetti, Esq.
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| 1998 William Gershen Revocable Trust; 1998 Debra Gershen Revocable Trust; William Gershen; Debra Gershen | *Picard v. 1998 William Gershen Revocable Trust, et al.*, S.D.N.Y. No. 12-cv-02791 (JSR) |
| Estate of Ruth Schlesinger; Marcia Schlesinger Roiff, in her capacity as executrix of the Estate of Ruth Schlesinger and individually | *Picard v. Estate of Ruth Schlesinger, et al.,* S.D.N.Y. 12-cv-02790-JSR |

FOX ROTHSCHILD LLP
Keith R. McMurdy, Esq.
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7919

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Keystone Electronics Corp. Profit Sharing Trust; Robert D. David; Roberta David | *Picard v. Keystone Electronics Corp. Profit Sharing Trust, et al,* S.D.N.Y. No. 10-cv-4974 (JSR) |

FRANZBLAU DRATCH, P.C.
Stephen N. Dratch, Esq.
354 Eisenhower Parkway, Suite 1
Livingston, New Jersey 07039
(973) 533-7212

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Morty Wolosoff Revocable Trust; Gloria Revocable Trust; Stephen N. Dratch, Trustee | *Picard v. Lucky Company, et al.*, S.D.N.Y. No. 11-cv-08840 (JSR) |

FULBRIGHT & JAWORSKI LLP
David A. Rosenzweig, Esq.
666 Fifth Avenue
New York, New York 10103
Tel: (212) 318-3000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| The Melvin N. Lock Trust; The Sylvia W. Lock Declaration of Trust, Dated April 13, 1982; Northern Trust Bank of Florida, N.A., a National Association, in its capacity as Personal Representative of the Estate of Sylvia W. Lock, in its capacity as Trustee of the Sylvia W. Lock Declaration of Trust, Dated April 13, 1982, and in its capacity as Trustee of the Melvin N. Lock Trust | *Picard v. Melvin N. Lock Trust, et al.,* S.D.N.Y. No. 11-cv-8894 (JSR) |
| John Nessel | *Picard v. Nessel,* S.D.N.Y. No. 11-cv-8895 (JSR) |
| Marital Trust Created Under Revocable Trust of Marvin G. Graybow; Neil N. Lapidus, in his capacity as Trustee of the Marital Trust Created Under Revocable Trust of Marvin G. Graybow; Sharon L. Graybow, in her capacity as Trustee of the Marital Trust Created Under Revocable Trust of Marvin G. Graybow | *Picard v. Marital Trust Created Under Revocable Trust of Marvin G. Graybow, et al.,* S.D.N.Y. No. 11-cv-8896 (JSR) |
| Melvin B. Nessel 2006 Trust U/A/D 3/14/06; Northern Trust N.A., in its capacity as Successor Trustee of the Melvin B. Nessel 2006 Trust U/A/D 3/14/06 | *Picard v. Melvin B. Nessel 2006 Trust, et al.,* S.D.N.Y. No. 11-cv-8897 (JSR) |

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
David J. Eiseman, Esq.
Jonathan L. Flaxer, Esq.
Douglas L. Furth, Esq.
Michael S. Weinstein, Esq.
437 Madison Avenue
New York, New York 10022
(212) 907-7300

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Lewis W. Bernard 1995 Charitable Remainder Trust; Lewis W. Bernard in his capacity as Grantor and Trustee and individually; Robert B. Feduniak in his capacity as Special Trustee | *Picard v. Lewis W. Bernard 1995 Charitable Remainder Trust, et al.*, S.D.N.Y. No. 12-cv-2407 (JSR) |
| Peter Joseph | *Picard v. Joseph*, S.D.N.Y. No. 12-cv-00036 (JSR) |
| Stuart Perlen Revocable Trust dtd 1/4/08; Stuart Perlen, in his capacity as Grantor and Trustee for the Stuart Perlen Revocable Trust and individually; Myra Perlen, in her capacity as Trustee for the Stuart Perlen Revocable Trust and individually | *Picard v. Stuart Perlen Revocable Trust dtd 1/4/08, et al.*, S.D.N.Y. No. 11-cv-09370 (JSR) |
| Queensgate Foundation | *Picard v. Queensgate Foundation*, S.D.N.Y. No. 12-cv-00038 (JSR) |
| Elaine S. Stein | *Picard v. NTC & Co. LLP, as former custodian of the Individual Retirement Account for the benefit of Elaine S. Stein, and Elaine S. Stein*, S.D.N.Y. No. 12-02579 (JSR) |
| Elaine S. Stein; Elaine S. Stein Revocable Trust | *Picard v. Stanley I. Lehrer, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS, et al.*, S.D.N.Y. No. 12-cv-02578 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Story Family Trust #3; Theodore Story, individually and as trustee of the Story Family Trust #3; Cynthia Story, individually and as trustee of the Story Family Trust #3; Warren B. Kahn, as trustee of the Story Family Trust #3; Samantha Story, individually | *Picard v. Story Family Trust #3, et al.*, S.D.N.Y. No. 12-cv-00039 (JSR) |
| Theodore Story, individually and in his capacity as joint tenant; Cynthia Story, individually and in her capacity as joint tenant | *Picard v. Theodore Story, individually and in his capacity as joint tenant, et al.*, S.D.N.Y. No. 12-cv-00040 (JSR) |
| Irwin R. Weindling | *Picard v. Weindling*, S.D.N.Y. No. 12-cv-01690 (JSR) |
| Gary J. Korn; Robert Korn Revocable Trust; Robert Korn; Joan Korn; The Korn Family Limited Partnership | *Picard v. Gary J. Korn, et al.*, S.D.N.Y. No. 12-cv-00037 (JSR) |
| Frederic J. Perlen | *Picard v. Perlen*, S.D.N.Y. No. 11-cv-09368 (JSR) |
| Trust f/b/o Melissa Perlen u/a dated 9/12/1979; Stuart Perlen and Myra Perlen, in their capacities as Trustee for the Trust f/b/o Melissa Perlen u/a dated 9/12/1979; Melissa Perlen (a/k/a Melissa Perlen Greenbaum), in her capacity as Grantor of the Trust f/b/o Melissa Perlen u/a dated 9/12/1979 and individually | *Picard v. Trust f/b/o Melissa Perlen u/a dated 9/12/1979, et al.*, S.D.N.Y. No. 11-cv-09367 (JSR) |
| Myra Perlen Revocable Trust; Myra Perlen, individually and in her capacity as Trustee of the Myra Perlen Revocable Trust; Stuart Perlen, in his capacity as Trustee of the Myra Perlen Revocable Trust | *Picard v. Myra Perlen Revocable Trust, et al.*, S.D.N.Y. No. 11-cv-09369 (JSR) |
| Sharon L. Graybow | *Picard v. Marital Trust Created Under Revocable Trust of Marvin G. Graybow, et al.*, S.D.N.Y. No. 11-cv-08896 (JSR) |

GOODWIN PROCTER LLP
Daniel M. Glosband, Esq.
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

GOODWIN PROCTER LLP
Christopher Newcomb, Esq.
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Estate of Gilbert M. Kotzen; Gilbert M. Kotzen 1982 Trust; Stephen B. Riemer and Linda S. Paresky, in their capacities as personal representatives of the Estate of Gilbert M. Kotzen and Gilbert M. Kotzen 1982 Trust | *Picard v. Estate of Gilbet M. Kotzen, et al.*, S.D.N.Y. No. 11-cv-08741 (JSR) |
| Gilbert M. Kotzen 1982 Trust; Marcia Kotzen 2002 Revocable Trust; Stepheny B. Riemer and Linda S. Paresky, individually and in their capacities as personal representatives of the Gilbert M. Kotzen 1982 Trust; Marcia Kotzen 2002 Revocable Trust | *Picard v. Gilbert M. Kotzen 1982 Trust, et al.*, S.D.N.Y. No. 11-cv-08745 (JSR) |
| I.I. Kotzen Co. | *Picard v. I.I. Kotzen Co.*, S.D.N.Y. No. 11-cv-08744 (JSR) |
| Estate of Stanley J. Bernstein; Cathy G. Bernstein and David R. Andelman, each in their capacity as Personal Representative of the Estate of Stanley J. Bernstein | *Picard v. Bernstein*, S.D.N.Y. No. 11-cv-08742 (JSR) |
| Frank Petito d/b/a The Petito Investment Group; Frank Petito, individually | *Picard v. Petito, et al.*, S.D.N.Y. No. 11-cv-08743 (JSR) |
| Russell J. deLucia | *Picard v. deLucia*, S.D.N.Y. No. 11-cv-08746 (JSR) |

GOULSTON & STORRS, P.C.
Richard J. Rosensweig, Esq.
Peter D. Bilowz, Esq.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Tel: (617) 482-1776

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| The Susan Paresky Trust; Susan Paresky, in her capacity as Trustee of the Susan Paresky Trust and individually as settler and beneficiary thereof; Joseph M. Paresky, in his capacity as Trustee of the Susan Paresky Trust | *Picard v. The Joseph M. Paresky Trust, et. al.*, S.D.N.Y. 11-cv-08969 (JSR) |
| Joseph M. Paresky, in his capacity as Trustee of the Joseph M. Paresky Trust and individually as settler and beneficiary thereof; Susan Paresky, in her capacity as Trustee of the Joseph M. Paresky Trust | *Picard v. The Susan Paresky Trust, et al.*, No. 11-cv-08970 (JSR) |

HOLLAND & KNIGHT LLP
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, New York 10019
212-513-3200

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Pergament Equities, LLC | *Picard v. Pergament Equities, LLC, et al.,* S.D.N.Y. Case No. 12-cv-02153(JSR) |

HUNTON & WILLIAMS LLP
Peter S. Partee, Sr., Esq.
Richard P. Norton, Esq.
Robert A. Rich, Esq.
200 Park Avenue, 53rd Floor
New York, New York 10166
(212) 309-1132

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
| --- | --- |
| Edward A. Zraick, Jr.; Nancy Zraick; Patricia Zraick DeLuca; Karen M. Rich; Estate of Lorraine Zraick | *Picard v. Edward A. Zraick, Jr., et al.,* S.D.N.Y. No. 12-cv-00521 (JSR) |

**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**
Daniel L. Carroll
Jennifer B. Zourigui
250 Park Ave., 6th Floor
New York, New York 10177
(212) 907-9600

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| George E. Nadler | *Picard v. George E. Nadler*, S.D.N.Y., No. 12-cv-02923 (JSR) |
| Janis Berman | *Picard v. Janis Berman*, S.D.N.Y., No. 12-cv-02924 (JSR) |
| Candice Nadler Revocable Trust dtd 10/18/01; Candice Nadler, individually and in her capacity as Trustee for the Candice Nadler Revocable Trust dtd 10/18/01; Charles E. Nadler, in his capacity as Trustee for the Candice Nadler Revocable Trust dtd 10/18/01 | *Picard vs. Candice Nadler Revocable Trust DTD 10/18/01, et al.*, S.D.N.Y. No. 12-cv-02925 (JSR) |

JONES & SCHWARTZ, P.C.
Harold D. Jones, Esq.
One Old Country Road, Suite 384
Carle Place, New York 11514
(516) 873-8700

ROBINS, KAPLAN, MILLER &
 CIRESI LLP
Michael V. Ciresi, Esq.
Thomas B. Hatch, Esq.
Damien A. Riehl, Esq.
Thomas F. Berndt, Esq.
2800 LaSalle Plaza,
800 LaSalle Avenue
Minneapolis, Minnesota 55402
(612) 349-8500

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Fiterman Investment Fund; Verdeway Investment Partners, LLC; Steven Fiterman, Individually, And In His Capacity As General Partner Of Fiterman Investment Fund; Susan Fiterman, Individually, And In Her Capacity As General Partner Of Fiterman Investment Fund; Steven C. Fiterman Living Trust Dated 1/6/95, As Amended; Susan L. Fiterman Living Trust Dated 1/6/95, As Amended | *Picard v. Fiterman Investment Fund, et al.,* S.D.N.Y. No. 11-cv-08984 |
| Miles & Shirley Fiterman Charitable Foundation; Steven Fiterman In His Capacity As Trustee For The Miles & Shirley Fiterman Charitable Foundation; Valerie Herschman In Her Capacity As Trustee For The Miles & Shirley Fiterman Charitable Foundation | *Picard v. Miles & Shirley Fiterman Charitable Foundation, et al.,* S.D.N.Y. No. 11-cv-08989 |
| Miles Q. Fiterman Revocable Trust; Miles Q. Fiterman Non-Exempt Marital Trust; Towers Management Company, LLC; Shirley Fiterman, Individually And In Her Capacity As Trustee For The Miles Q. Fiterman Revocable Trust And The Miles Q. Fiterman Non-Exempt Marital Trust; Fiterman GST Exempt Marital Trust; Miles Fiterman Family Trust; Steven Fiterman, Individually, And In His Capacity As Trustee For The Miles Q. Fiterman Revocable Trust And The Miles Q. Fiterman Non-Exempt Marital Trust; Valerie Herschman, Individually, And In Her Capacity As Trustee For The Miles Q. Fiterman Revocable Trust And The Miles Q. Fiterman Non-Exempt Marital Trust; Karen Wasserman; Lynn Guez; Stephanie Rosenthal; Miles Q. Fiterman II; Matthew Fiterman | *Picard v. Miles Q. Fiterman Revocable Trust, et al,* S.D.N.Y. No. 11-cv-08988 |
| Metro Motor Imports, Inc. | *Picard v. Metro Motor Imports, Inc.,* S.D.N.Y. No. 11-cv-08987 |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
| --- | --- |
| Hess Kline Revocable Trust; Hess Kline, Individually And In His Capacity As Trustee Of The Hess Kline Revocable Trust | *Picard v. Hess Kline Rev. Trust, et al.,* S.D.N.Y. No. 11-cv-08986 |

**K&L GATES LLP**
Richard A. Kirby, Esq.
Laura K. Clinton, Esq.
Martha Rodriguez-Lopez, Esq.
1601 K Street, N.W.
Washington, D.C. 20006-1600
(202) 778-9000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Estate of Doris M. Pearlman; Marvin A. Goldenberg; Heidi Pearlman; Jill Beth Pearlman; Doris M. Pearlman Revocable Trust | *Picard v. Pearlman, et al.,* S.D.N.Y. No. 12-2433 (JSR) |
| South Ferry #2 LP; Emmanuel Gettinger; Aaron Wolfson; Abraham Wolfson; Zev Wolfson; South Ferry Building Company | *Picard v. South Ferry #2, LP, et al.,* S.D.N.Y. No. 11-9451 (JSR) |
| ZWD Investments, LLC; Wolfson Descendants 1983 Trust; ZW 1999 Trust; Ezriel Munk, in his capacity as Trustee of the Wolfson descendants 1983 Trust and the ZW 1999 Trust; Zev Wolfson | *Picard v. ZWD Investments, LLC, et al.,* S.D.N.Y. No. 11-9450 (JSR) |
| Lanx BM Investments, LLC; The Lanx Fund II, LP; Wolfson Cousins, LP; Edara Partnership | *Picard v. Lanx BM Investments, LLC, et al.,* S.D.N.Y. No. 11-9448 (JSR) |
| Wolfson Equities; The Wolfson Trust; Rebecca Wolfson Wolmark 1983 Trust; The Nadine R. Wolfson 1991 Trust; The Elishiva Wolfson 1983 Trust; Aaron Wolfson, individually; The Aaron Wolfson 1983 Trust; The Abraham Wolfson 1983 Trust; The Alisa Wolfson Safier 1983 Trust; The Daniel Wolfson 1983 Trust | *Picard v. Lowrey, et al.,* S.D.N.Y. No. 12-2510 (JSR) |
| Morris Blum Living Trust Agreement; Norman Blum Family Trust; Norman Blum Non-Exempt Family Trust; Joel Blum Family Trust; Joel Blum Non-Exempt Family Trust; Norman Blum individually and as Trustee for the Morris Blum Living Trust Agreement; Joel A. Blum, individually and as Trustee for the Morris Blum Living Trust Agreement | *Picard v. Berger, et al.,* S.D.N.Y. No. 12-2637(JSR) |

| | |
|---|---|
| South Ferry Building Company,; Emanuel Gettinger; Abraham Wolfson; Zev Wolfson, in his capacity as trustee u/i/t f/b/o Aaron Wolfson and Alisa Wolfson and individually; A. Trust; AA. Trust; A.O.N. Trust; Aaron Trust; Abraham Adeff; Abraham Trust; AL. Trust; Alisa Trust; A.N. Trust; B.F.&W. Realty Company; R. Trust; R.A. Trust; Rebecca Trust; Chana Wolfson; Aaron Zeitlin, individually and in his capacity as trustee for Abraham Trust, Rebecca Trust, Alisa Trust, Aaron Trust, Abraham N. Trust, R.A. Trust, Al. Trust, Aa. Trust, A.N. Trust, R. Trust, A. Trust, and A.O.N. Trust; Rachel Zeitlin; Goldie Appelgrad, individually and in her capacity as a joint tenant of Simcha & Goldie Applegrad, as j/t/w/r/o/s; Simcha Appelgrad, individually and in his capacity as a joint tenant of Simcha & Goldie Applegrad, as j/t/w/r/o/s; David G. Aviv; Miriam Beren; Helen Elbaum, in her capacity as custodian for Zelda Elbaum and Ruth Elbaum; Zelda Elbaum; Razel Faskowitz; Roslyn Gettinger; Morris Goldstein; Samuel Goldstein; Israel Grossman; Kalman Halpern; Zevi Harris Joseph Katz; Bessie Kaufman, individually and in her capacity as joint tenant of David & Bessie Kaufman, as j/t/w/r/o/s; David Kaufman, individually and in his capacity as joint tenant of David & Bessie Kaufman, as j/t/w/r/o/s; Sara Klein, individually and in her capacity as joint tenant of Sol & Sara Klein, as j/t/w/r/o/s; Sol Klein, individually and in his capacity as joint tenant of Sol & Sara Klein, as j/t/w/r/o/s; Albert Kleinman Moses Leiter, individually and in his capacity as joint tenant of Moses & N. Zwi Leiter, j/t/w/r/o/s; N. Zwi Leiter, individually and in her capacity as joint tenant of Moses & N. Zwi Leiter, j/t/w/r/o/s; Gerda Levinsohn; Hyman Mandelbaum; Max Mandis, individually and in his capacity as joint tenant of Max Mandis & Freda Rosenberg, as j/t/w/r/o/s; Anthony Margadonna, individually and in his capacity as joint tenant of Anthony & Julia Margadonna, as j/t/w/r/o/s; | *Picard v. South Ferry Building Company, et al.,* S.D.N.Y. No. 11-9447 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Julia Margadonna, individually and in her capacity as joint tenant of Anthony & Julia Margadonna, as j/t/w/r/o/s; Clara Meth; ; Morris Ilewski;Morris Nussbaum; Mary Peters; Irving Rosen; Freda Rosenberg, individually and in her capacity as joint tenant of Max Mandis & Freda Rosenberg, as j/t/w/r/o/s; Leo Schechter; Benjamin Schenker, individually and in his capacity as joint tenant of Benjamin & Minnie Schenker, as j/t/w/r/o/s; Minnie Schenker, individually and in her capacity as joint tenant of Benjamin & Minnie Schenker, as j/t/w/r/o/s; Mildred Shapiro, individually and in her capacity as joint tenant of Rabbi Solomon B. & Mildred Shapiro, as j/t/w/r/o/s; Rabbi Solomon B. Shapiro, individually and in his capacity as joint tenant of Rabbi Solomon B. & Mildred Shapiro, as j/t/w/r/o/s; Leon Shiffman; Lee Siegmund; Nachema Singer; Sarah Spindell; Chaim Twerksy, individually and in their capacity as a joint tenant of Chaim & Rachel Twersky, as j/t/w/r/o/s; Rachel Twersky, individually and in her capacity as a joint tenant of Chaim & Rachel Twersky, as j/t/w/r/o/s ; Ernest Wachtel, individually and in his capacity as joint tenant of Ernest & Rose Wachtel, as j/t/w/r/o/s; Rose Wachtel, individually and in her capacity as joint tenant of Ernest & Rose Wachtel, as j/t/w/r/o/s; Max Weil; Helen Younger | *Picard v. Chesed Congregations of America, et al.,* S.D.N.Y. No. 11-9446 (JSR) |
| Chesed Congregations of America | *Picard v. United Congregations Mesora, et al.,* S.D.N.Y. No. 11-9445 (JSR) |
| United Congregations Mesora | *Picard v. Wolfson Equities, et al.,* S.D.N.Y. No. 11-9449 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| James Lowrey, individually and in capacity as general partner of Turtle Cay Partners, capacity as personal representative of the Estate of Marianne Lowrey and in his capacity as successor partner of Coldbrook Associates Partnership; Jessica Lee Lowrey, in her capacity as personal representative of the Estate of Marianne Lowrey and in her capacity as successor partner of Coldbrook Associates Partnership; Tracy McDonald Lowrey Lenehan, in her capacity as personal representative of the Estate of Marianne Lowrey and in her capacity as successor partner of Coldbrook Associates Partnership,; Whitney Hanlon Lowrey Gaeta, in her capacity as personal representative of the Estate of Marianne Lowrey and in her capacity as successor partner of Coldbrook Associates Partnership; Turtle Cay Partners; Coldbrook Assoc. Partnership, individually and in its capacity as general partner of Turtle Cay Partners; Trust Created For The Benefit Of Jessica Lee Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984; Trust Created For The Benefit Of Tracy McDonald Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984; Trust Created For The Benefit Of Whitney Hanlon Lowrey Trust Under Article Second of a Certain Trust Agreement Dated August 29, 1984; Marianne B. Lowrey Trust; Larry B. Alexander, in his capacity as personal representative of the Estate of Marianne Lowrey, in his capacity as trustee for the Marianne B. Lowrey Trust and in his capacity as successor partner of Coldbrook; The Estate of Marianne Lowrey | *Picard v. Blum, et al.,* S.D.N.Y. No. 12-2513 (JSR) |
| Linda Berger, individually and in her capacity as Trustee of the Doris Glantz Living Trust | *Picard v. Rabin,* S.D.N.Y. No. 12-2512(JSR) |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Marc E. Kasowitz, Esq.
Daniel J. Fetterman, Esq.
Adam K. Grant, Esq.
David J. Mark, Esq.
1633 Broadway
New York, New York 10019
(212) 506-1990

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| JRAG, LLC; Tesuji Partners, LLC | *Picard v. JRAG, LLC et al*, S.D.N.Y. No. 12-cv-2876 (JSR) |
| The 1995 Jack Parker Descendant Trust No.1; Adam P. Glick; Harold Anfang; Daniel F. Lindley; John Reisman; Peri Arenas; Kim Dickstein; Jill Fischer; Tesuji Partners, LLC | *Picard v. The 1995 Jack Parker Descendant Trust No. 1, et al*, S.D.N.Y. No. 12 cv 2875 |

KATSKY KORINS LLP
Robert A. Abrams, Esq.
Steven H. Newman , Esq.
605 Third Avenue
New York, New York 10158
Telephone: (212) 953-6000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| S.H. & Helen R. Scheuer Family Foundation, Inc. | *Picard v. S.H. & Helen R. Scheuer Family Foundation, Inc.,* S.D.N.Y. No. 12-cv-02348 (JSR) |
| Freda Epstein Revocable Trust; Freda B. Epstein; Jennifer Spring McPherson | *Picard v. Freda Epstein Revocable Trust, et al.,* S.D.N.Y. No. 12-cv-02345 (JSR) |

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
David Parker, Esq.
Matthew J. Gold, Esq.
551 Fifth Avenue
New York, New York 10176
(212) 880-9827

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Elins Family Trust, A California Trust; Elins Daughters Trust For The Benefit Of Jamie Ann Elins Dated December 12 1989, A California Trust; Elins Daughters Trust For The Benefit Of Julie Lynn Elins Dated December 12 1989, A California Trust; Lawrence Robert Elins a/k/a Larry Elins, As Trustee And An Individual; Linda Elins; Jamie Elins Sabet; Julie Elins Banks | *Picard v. Elins Family Trust, et al.,* S.D.N.Y. No. 11-cv-04772 (JSR) |
| Kenneth Hubbard | *Picard v. Kenneth Hubbard,* S.D.N.Y. No. 11-cv-07731 (JSR) |
| Lawrence Elins a/k/a Larry Elins | *Picard v. Lawrence Elins,* S.D.N.Y. No. 11-cv-07733 (JSR) |
| Malibu Trading & Investing LP; Patricia Vinnecour; Keith Vinnecour | *Picard v. Malibu Trading & Investing LP, et al.,* S.D.N.Y. No. 11-cv-07730 (JSR) |
| Uri And Myna Herscher Family Trust Dated May 27 1998; Uri D. Herscher As Trustor, Trustee And As An Individual; Myna M. Herscher As Trustor, Trustee And As An Individual | *Picard v. Uri & Myna Herscher Family Trust, et al.,* S.D.N.Y. No. 11-cv-07732 (JSR) |

KLESTADT & WINTERS, LLP
Tracy L. Klestadt, Esq.
John E. Jureller, Jr., Esq.
Brendan M. Scott, Esq.
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| The Phoebe Blum Revocable Trust; Patty Blum Kussell, Individually and in Her Capacity as Trustee of The Phoebe Blum Revocable Trust | *Picard v. The Phoebe Blum Rev. Trust, et al.,* S.D.N.Y. No. 12-cv-00327 (JSR) |
| Gertrude E. Alpern Revocable Trust; Lewis Alpern, in His Capacity as Successor Trustee of The Gertrude E. Alpern Revocable Trust, as Beneficiary of The Gertrude E. Alpern Revocable Trust, as Executor of The Estate of Gertrude E. Alpern, and in His Capacity As Trustee of The Paul Alpern Residuary Trust; Jane Alpern, As Beneficiary of The Gertrude E. Alpern Revocable Trust; The Estate Of Gertrude E. Alpern | *Picard v. Gertrude E. Alpern Rev. Trust, et al.,* S.D.N.Y. No. 12-cv-00939 (JSR) |
| Lewis Alpern; Jane Alpern | *Picard v. Lewis Alpern and Jane Alpern,* S.D.N.Y. No. 12-cv-00940 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Arnold Shapiro 11/9/96 Trust; Douglas Shapiro, in His Capacity as Successor Trustee for The Arnold Shapiro 11/9/96 Trust and in His Capacity as Trustee For The First Marital Trust Under The Arnold Shapiro 11/9/96 Trust And The Second Marital Trust Under The Arnold Shapiro 11/9/96 Trust; Muriel Shapiro, in Her Capacity as Successor Trustee of The Arnold Shapiro 11/9/96 Trust; Alan Abramson, in His Capacity as Successor Trustee of The Arnold Shapiro 11/9/96 Trust and in His Capacity as Trustee for The First Marital Trust Under The Arnold Shapiro 11/9/96 Trust And The Second Marital Trust Under The Arnold Shapiro 11/9/96 Trust; First Marital Trust Under The Arnold Shapiro 11/9/96 Trust; Second Marital Trust Under The Arnold Shapiro 11/9/96 Trust | *Picard v. Arnold Shapiro 11/9/96 Trust et al.,* S.D.N.Y. No. 12-cv-00941 (JSR) |
| Samuel Robinson | *Picard vs. Samuel Robinson*, S.D.N.Y. No: 12-cv-02799 (JSR) |
| Ronnie Harrington, Individually and in Her Capacity as Trustee of The Doris Glantz Living Trust | *Picard v. Doris Glantz Living Trust, et al.,* S.D.N.Y. No: 12-cv-02801 (JSR) |

KLESTADT & WINTERS, LLP
Tracy L. Klestadt, Esq.
Brendan M. Scott, Esq.
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

LEONARD, STREET AND DEINARD
Allen I. Saeks, Esq.
Blake Shepard, Esq.
150 So. Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
(612) 335-1500

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Herbert R Goldenberg Revocable Trust; Herbert R. Goldenberg, individually and in his capacity as Grantor of and Trustee for the Herbert R. Goldenberg Revocable Trust; Judith S. Goldenberg, individually and in her capacity as Trustee for the Herbert R. Goldenberg Revocable Trust | *Picard v. Herbert R. Goldenberg Revocable Trust, et al.*, S.D.N.Y. No. 12-cv-02793 (JSR) |
| Sidney Ladin Revocable Trust dated 12/30/96; Sidney R. Ladin, individually and in his/her capacity as Grantor and Trustee of the Sidney Ladin Revocable Trust dated 12/30/96 and the Sidney R. Ladin Grantor Retained Annuity Trust dated 11/3/04; Sharlene Ladin, in her capacity as Trustee of the Sidney Ladin Revocable Trust dated 12/30/96; Sidney Kaplan, in his/her capacity as Trustee of the Sidney R. Ladin Grantor Retained Annuity Trust dated 11/3/04; Sidney R. Ladin Grantor Retained Annuity Trust dated 11/3/04 | *Picard v. Sidney Ladin Revocable Trust dated 12/30/96, et al.*, S.D.N.Y. No. 12-cv-02798 (JSR) |
| Dean L. Greenberg | *Picard v. Dean L. Greenberg*, S.D.N.Y. No. 12-cv-02794 (JSR) |
| Sheldon Shaffer Trust DTD 3/26/1996; Sheldon Shaffer, individually and in his capacity as Trustee of the Sheldon Shaffer Trust DTD 3/26/1996 (Deceased Defendant Substituted-Amended Complaint/Stipulation) | *Picard v. Sheldon Shaffer Trust DTD 3/26/1996, et al.*, S.D.N.Y. No. 12-cv-02797 (JSR) |
| Sheldon Shaffer, individually and as Joint Tenant (Deceased Defendant Substituted-Amended Complaint/Stipulation); Diane Shaffer, individually and as Joint Tenant, and in her capacity as Personal Representative of the Estate of Sheldon Shaffer | *Picard v. Sheldon Shaffer, et al.*, S.D.N.Y. No. 12-cv-02796 (JSR) |
| Samuel Roitenberg Trust; Harold Roitenberg, in his capacity as Trustee for the Samuel Roitenberg Trust; Estate of Samuel Robert Roitenberg | *Picard v. Estate of Samuel Robert Roitenberg, et al.*, S.D.N.Y. No. 12-cv-02795 (JSR) |

KOSTELANETZ & FINK, LLP
Brian C. Wille, Esq.
Christopher M. Ferguson, Esq.
7 World Trade Center
New York, New York 10007
(212) 808-8100

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Nancy Portnoy | *Picard v. Portnoy et al.* S.D.N.Y. No. 12-CV-2414 (JSR) |

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Philip Bentley, Esq.
Elise S. Frejka, Esq.
Jason Rappaport, Esq.
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Ambassador Shoe Corporation | *Picard v. Ambassador Shoe Corporation,* S.D.N.Y. No. 11-cv-08474 (JSR) |
| Arthur M. Siskind | *Picard v. Arthur M. Siskind,* S.D.N.Y. No. 11-cv-08476 (JSR) |
| Lillian Berman Goldfarb | *Picard v. Lillian Berman Goldfarb,* S.D.N.Y. No. 11-cv-08477 (JSR) |
| Estate of Helene Abraham; Estate of Alexander Abraham; Nancy Abraham; James Abraham; Trust Under Clause Third (B) F/B/O Myron Wilk; Antonia Abraham; Karen Abraham; Lauren Abraham Mahoney; Trust U/A Dated 4/2/1996 F/B/O Karen Abraham; Trust U/A Dated 4/2/1996 F/B/O Antonia Abraham; Trust U/A Dated 4/2/1996 F/B/O Lauren Abraham | *Picard v. Estate of Helene Abraham, et al.,* S.D.N.Y. No. 11-cv-08478 (JSR) |
| Richard A. Broms Revocable Trust; Richard A. Broms | *Picard v. Richard A. Broms Revocable Trust, et al.,* S.D.N.Y. No. 11-cv-08479 (JSR) |
| Carol Nelson; Stanley Nelson | *Picard v. Carol Nelson, et al.,* S.D.N.Y. No. 11-cv-08480 (JSR) |
| Lyle Berman; Lyle A. Berman Revocable Trust U/A DTD 6/18/04 | *Picard v. Lyle Berman, et al.,* S.D.N.Y. No. 11-cv-08481 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Estate of Robert Rimsky; Rimsky Family Limited Partnership; L. Rimsky Inc.; Article Third Trust U/W Jeanne Rimsky; Article Fourth Trust Section One; Article Fourth Trust Section Three; Article Fifth Trust Section One; Douglas Jay Rimsky; Rena Rimsky Wing; Lee Cooper Rimsky; Don Harris Rimsky; Renee Rimsky; Margaret Rimsky; Sarah Rimsky Levitin; Kenneth Wing; Gabrielle Jaffe; Adam Beer; Jonathan Wing; Juliette Beer; Barry Meyers; Harriet L. Meyers; Eric Rimsky; Liza Rimsky; Kate Rimsky; K.A.L.; A.R.L.; J.L.W.; T. Randolph Harris; Sheldon Silverberg | *Picard v. Estate Of Robert Rimsky, et al.*, S.D.N.Y. No. 11-cv-08482 (JSR) |
| Robert A. Meister | *Picard v. Robert A. Meister*, S.D.N.Y. No. 11-cv-08483 (JSR) |
| Theresa Berman Revocable Trust; Theresa Berman; Lyle Berman; Sharon Berman Snyder | *Picard v. Theresa Berman Revocable Trust, et al.*, S.D.N.Y. No. 11-cv-08484 (JSR) |
| The Olesky Survivors Trust dated 2/27/84; Cynthia Olesky Giammarrusco | *Picard v. The Olesky Survivors Trust dated 2/27/84, et al.*, S.D.N.Y. No. 11-cv-08485 (JSR) |
| Malcolm Sherman | *Picard v. Malcolm Sherman*, S.D.N.Y. No. 11-cv-08486 (JSR) |
| Agas Company L.P.; Fred Schwartz; Allyne Schwartz; Ann J. Schwartz Kluger; Steven Schwartz; Amy Madlyn Schwartz; Gary Paul Schwartz | *Picard v. Agas Company L.P., et al.*, S.D.N.Y. No. 11-cv-08487 (JSR) |
| AHT Partners, LP, AHT Associates, LLC, Andrew H. Tananbaum | *Picard v. AHT Partners, LP, et al.*, S.D.N.Y. No. 11-cv-08488 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| BWA Ambassador, Inc.; Robert Siff; Shirley Siff | *Picard v. BWA Ambassador, Inc., et al.,* S.D.N.Y. No. 11-cv-08489 (JSR) |
| Bernard Greenman Marital Deduction Trust; Greenman Family Foundation, Inc.; Phyllis Greenman; Lester Greenman; Judith Katz; Stewart Katz | *Picard v. Bernard Greenman Marital Deduction Trust, et al.,* S.D.N.Y. No. 11-cv-08490 (JSR) |
| Michael Goldstein | *Picard v. Goldstein,* S.D.N.Y. No. 11-cv-08491 (JSR) |
| Indian Wells Partnership, LTD.; Linda H. Kamm; Harvey R. Heller | *Picard v. Indian Wells Partnership, LTD., et al.,* S.D.N.Y. No. 11-cv-08492 (JSR) |
| Rubin Family Investments Partnership; Harold Rubin Living Trust U/A dated August 24, 1990; Harold R. Rubin, Elaine Rubin Living Trust U/A dated August 24, 1990; Elaine S. Rubin; Stuart A. Rubin; Benjamin H. Rubin; Carol J. Rubin; Lisa P. Rubin; Linda S. Benenson; Dona L. Rodich; Paul A. Benenson; Michael E. Rodich | *Picard v. Rubin Family Investments Partnership, et al.,* S.D.N.Y. No. 11-cv-08493 (JSR) |
| Geoffrey S. Rehnert | *Picard v. Geoffrey S. Rehnert,* S.D.N.Y. No. 11-cv-08574 (JSR) |
| Karen Siff Exkorn | *Picard v. Karen Siff Exkorn,* S.D.N.Y. No. 11-cv-08576 (JSR) |
| Collingwood Group; Richard Forman; Joan Forman | *Picard v. Collingwood Group, et al.,* S.D.N.Y. No. 11-cv-08577 (JSR) |
| Shirley S. Siff Trust 1989 DTD 12/20/89; Robert M. Siff; Shirley S. Siff | *Picard v. Shirley S. Siff Trust 1989 DTD 12/20/89, et al.,* S.D.N.Y. No. 11-cv-08578 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Marc B. Wolpow 1995 Family Trust; Barry S. Volpert; R. Bradford Malt; Marc B. Wolpow; Nina Wolpow | *Picard v. Marc B. Wolpow 1995 Family Trust, et al.,* S.D.N.Y. No. 11-cv-08579 (JSR), Bankr. Ct. No. 10-04646 |
| Audax Group LP; Audax Management Co. LLC; 101 Huntington Holdings LLC; Marc B. Wolpow; Geoffrey S. Rehnert; Richard T. Joseph | *Picard v. Audax Group LP, et al.,* S.D.N.Y. No. 11-cv-08580 (JSR) |
| Carol Nelson | *Picard v. Carol Nelson,* S.D.N.Y. No. 11-cv-08581 (JSR) |
| Gordon Associates; Bruce Gordon | *Picard v. Gordon Associates, et al.,* S.D.N.Y. No. 11-cv-08582 (JSR) |
| Robert M. Siff | *Picard v. Robert M. Siff,* S.D.N.Y. No. 11-cv-08583 (JSR) |
| Robert Rosenfield | *Picard v. Estate Of Maurice U. Rosenfield A/K/A Maurice Rosenfield, et al.,* S.D.N.Y. No. 11-cv-08584 (JSR) |
| Lawrence A. Siff | *Picard v. Lawrence A. Siff,* S.D.N.Y. No. 11-cv-08585 (JSR) |
| Kay Morrissey | *Picard v. Kay Morrissey,* S.D.N.Y. No. 11-cv-08586 (JSR) |
| Ludmilla Goldberg | *Picard v. Ludmilla Goldberg,* S.D.N.Y. No. 11-cv-08587 (JSR) |
| Ninth Street Partners, Ltd. f/k/a Heller Bros. Partnership, Ltd.; SHL, Inc. | *Picard v. Ninth Street Partners, Ltd., et al.,* S.D.N.Y. No. 11-cv-08588 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| James Morrissey | *Picard v. James Morrissey,* S.D.N.Y. No. 11-cv-08589 (JSR) |
| Branch Family Development, LLC; Adam Steiner; Charles Steiner; Bryan Steiner | *Picard v. Branch Family Development, LLC, et al.,* S.D.N.Y. No. 11-cv-08590 (JSR) |
| Mathew and Evelyn Broms Investment Partnership; Mathew Broms Revocable Trust; Evelyn Broms; Richard Broms; Irrevocable Trust for the Benefit of Alison Sarah Broms dtd 11/7/1984 | *Picard v. Mathew and Evelyn Broms Investment Partnership, et al.,* S.D.N.Y. No. 11-cv-08591 (JSR) |
| Carol Lederman | *Picard v. Carol Lederman,* S.D.N.Y. No. 11-cv-08592 (JSR) |
| Lucerne Foundation; Douglas J. Rimsky | *Picard v. Lucerne Foundation, et al.,* S.D.N.Y. No. 11-cv-08593 (JSR) |
| Estate of James Heller; Barbara H. Freitag; Steven P. Heller; Harry H. Falk; Eve Freitag; Elizabeth Freitag Dranoff; Trust F/B/O An.D. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller, a New York trust; Trust F/B/O A1.D. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller, a New York trust; Trust F/B/O S.H. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller, a New York trust; Trust F/B/O Katherine Heller under Articles Sixth and Eighth of the Last Will and Testament of James Heller; Katherine Heller; Eleanor Leacock | *Picard v. Estate Of James Heller, et al.,* S.D.N.Y. No. 11-cv-08630 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Love & Quiches LTD. 401(k) Savings Plan and Its Related Trust; Susan Axelrod; Irwin Axelrod | *Picard v. Love & Quiches LTD. 401(k) Savings Plan and Its Related Trust, et al.,* S.D.N.Y. No. 11-cv-08631 (JSR) |
| D. Stone Industries, Inc. Profit Sharing Plan; Daniel Stone; Michael Stone; Susan Stone | *Picard v. D. Stone Industries, Inc. Profit Sharing Plan, et al.,* S.D.N.Y. No. 11-cv-08632 (JSR) |
| The Lyle Berman Family Partnership; Neil I. Sell; Stanley Taube; Amy Berman Irrevocable Trust U/TA 8/9/89; Julie Berman Irrevocable Trust U/TA 8/9/89; Bradley Berman Irrevocable Trust U/TA 8/9/89; Jessie Lynn Berman Irrevocable Trust U/TA 8/9/89; Julie Berman; Bradley Berman; Jessie Lynn Berman; Amy Berman | *Picard v. The Lyle Berman Family Partnership, et al.,* S.D.N.Y. No. 11-cv-08633 (JSR) |
| Bertram Bromberg Trust UAD 5/26/06; Gloria Bromberg Trust UAD 5/26/06; Bertram Bromberg; Gloria Bromberg | *Picard v. Bertram Bromberg Trust UAD 5/26/06, et al.,* S.D.N.Y. No. 11-cv-08634 (JSR) |
| Daniel Stone; Susan Jane Stone | *Picard v. Daniel Stone, et al.,* S.D.N.Y. No. 11-cv-08635 (JSR) |
| Eugenia G. Vogel; Howard Vogel; Howard Vogel Retirement Plan | *Picard v. Eugenia G. Vogel, et al.,* S.D.N.Y. No. 11-cv-08636 (JSR) |
| Harry Schick | *Picard v. Harry Schick,* S.D.N.Y. No. 11-cv-08637 (JSR) |
| Robert M. Siff | *Picard v. Robert M. Siff,* S.D.N.Y. No. 11-cv-08638 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Lichter Family Partnership; Seymour Lichter; Betty G. Lichter | *Picard v. Lichter Family Partnership, et al.,* S.D.N.Y. No. 11-cv-08639 (JSR) |
| The Robert M. Siff Trust – 1990; Robert M. Siff; Shirley S. Siff | *Picard v. Joyce G. Moscoe, et al.,* S.D.N.Y. No. 11-cv-08676 (JSR) |
| Estate of Elaine Cooper; Steven Mnuchin; Alan Mnuchin; Generation Skipping Transfer Trust FBO Alan Mnuchin; Generation Skipping Transfer Trust FBO Steven Mnuchin; Trust FBO Alan Mnuchin; Trust FBO Steven Mnuchin; Trust FBO E.M. Under Article 5C; Trust FBO D.M. Under Article 5C; Trust FBO J.M. Under Article 5C | *Picard v. Estate of Elaine Cooper, et al.,* S.D.N.Y. No. 11-cv-08677 (JSR) |
| Jeffrey H. Fisher Separate Property Revocable Trust, DTD 6/7/2007; Jeffrey Fisher, as grantor and as a trustee of the Jeffrey H. Fisher Separate Property Revocable Trust, DTD 6/7/2007; Louis Cohen, as a trustee of the Jeffrey H. Fisher Separate Property Revocable Trust, DTD 6/7/2007 | *Picard v. Jeffrey H. Fisher Separate Property Revocable Trust, DTD 6/7/2007, et al.,* S.D.N.Y. No. 11-cv-08678 (JSR) |
| Stuart M. Stein; Arthur Siskind; Arthur J. Feibus; Jamat Company, LLC; The Mestro Company | *Picard v. Stanley I. Lehrer, et al.,* S.D.N.Y. No. 11-cv-08679 (JSR) |
| RIP Investments, LP; Village Hook, LLC; Sidney Kimmel Revocable Trust Dated May 17, 2001; Sidney Kimmel | *Picard v. RIP Investments, LP, et al.,* S.D.N.Y. No. 11-cv-08680 (JSR) |
| Estate of David A. Wingate; Shoshanna L. Wingate | *Picard v. Estate Of David A. Wingate, et al.,* S.D.N.Y. No. 11-cv-08681 (JSR) |
| Falcon Associates, L.P.; Marc B. Fisher | *Picard v. Falcon Associates, L.P., et al.,* S.D.N.Y. No. 11-cv-08682 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| The Trust U/W/O H. Thomas Langbert F/B/O Evelyn Langbert; Evelyn Langbert; Fred Dechowitz (deceased) | *Picard v. The Trust U/W/O H. Thomas Langbert F/B/O Evelyn Langbert, et al.,* S.D.N.Y. No. 11-cv-08683 (JSR) |
| James Heller Family, LLC; Estate of James Heller; Barbara H. Freitag; Steven P. Heller; Harry H. Falk; Steven P. Heller Revocable Trust; Robert P. Saltsman; Eve Freitag; Elizabeth Freitag Dranoff; Trust FBO AN.D. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller; Trust FBO AL.D. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller; Trust FBO S.H. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller; Trust FBO Katherine Heller under Articles Sixth and Eighth of the Last Will and Testament of James Heller; Katherine Heller; Eleanor Leacock | *Picard v. James Heller Family, LLC, et al.,* S.D.N.Y. No. 11-cv-08686 (JSR) |
| Mark & Carol Enterprises, Inc.; Mark T. Lederman; Carol Lederman | *Picard v. Mark & Carol Enterprises, Inc., et al.,* S.D.N.Y. No. 11-cv-08687 (JSR) |
| CAJ Associates, L.P.; Carol Lederman | *Picard v. CAJ Associates, L.P., et al.,* S.D.N.Y. No. 11-cv-08688 (JSR) |
| Jewish Association for Services for the Aged | *Picard v. Jewish Association for Services for the Aged,* S.D.N.Y. No. 11-cv-08689 (JSR) |

**LATHAM & WATKINS LLP**
Michael J. Riela, Esq.
885 Third Avenue
New York, New York 10022
(212) 906-1200

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Calesa Associates L.P.; Edward F. Calesa; Janice M. Calesa 1984 Trust; Randi M. Calesa 1986 Trust; Jeff E. Calesa Trust 1989; Janice M. Calesa; Randi C. Crawford; Jeff E. Calesa | *Picard v. Calesa Associates L.P., et al.,* S.D.N.Y. No. 12-cv-02366 (JSR) |

LAW OFFICE OF RICHARD E. SIGNORELLI
Richard E. Signorelli, Esq.
Bryan Ha, Esq.
799 Broadway, Suite 539
New York, New York 10003
(212) 254-4218

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Ostrin Family Partnership; Richard M. Glantz; Jerald Ostrin; Elaine Ostrin; Vista Management Company; Fern Creek Limited Partnership | *Picard v. Ostrin Family Partnership, et al.*, S.D.N.Y. No. 12-cv-0884 (JSR) |
| Macher Family Partnership; Joel Yanowitz; Jerry Yanowitz; Amy Metzenbaum; Kenneth Macher; Blanchefleur Macher | *Picard v. Macher Family Partnership, et al.*, S.D.N.Y. No. 12-cv-2779 (JSR) |
| Stephen H. Stern | *Picard v. Stephen H. Stern*, S.D.N.Y. No. 12-cv-2780 (JSR) |
| Cynthia A. Delles; Cheryl K. Tomchin | *Picard v. Dahme Family Bypass Testamentary Trust Dated 10/27/76, et al.*, S.D.N.Y. No. 12-cv-2781 (JSR) |
| The Lustig Family 1990 Trust; David I. Lustig, individually and in his capacity as Trustee for The Lustig Family 1990 Trust | *Picard v. The Lustig Family 1990 Trust, et al.*, S.D.N.Y. No. 12-cv-2782 (JSR) |
| David Ivan Lustig | *Picard v. David Ivan Lustig*, S.D.N.Y. No. 12-cv-2783 (JSR) |

LAX & NEVILLE LLP
Barry R. Lax, Esq.
Brian J. Neville, Esq.
Gabrielle J. Pretto, Esq.
1450 Broadway, 35th Floor
New York, New York 10036
(212) 696-1999

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Bonnie Kansler | *Picard vs. Kanlser,* S.D.N.Y. No. 11-cv-8533 (JSR) |
| The Ernest Oscar Abbit Living Trust; Ernest Oscar Abbit, individually and in his capacity as trustee of the Ernest Oscar Abbit Living Trust; The Nadine Lange Living Trust; Nadine Roxanne Lange, individually and in her capacity as trustee of the Nadine Lange Living Trust | *Picard vs. The Ernest Oscar Abbit Living Trust et al.,* S.D.N.Y. No. 11-cv-8770 (JSR) |
| The Abbit Family Trust 9/7/90; Linda Anne Abbit, individually and in her capacity as Trustee of the Abbit Family Trust 9/7/90; Jeffrey Brian Abbit, individually and in his capacity as Trustee of the Abbit Family Trust 9/7/90 | *Picard vs. The Abbit Family Trust 9/7/90 et al.,* S.D.N.Y. No. 11-cv-8771 (JSR) |
| Stanley Gordon Bennett III 1988 Trust; Stanley Gordon Bennett III | *Picard vs. Stanley Gordon Bennett III 1988 Trust et al.* S.D.N.Y. No. 11-cv-8773 (JSR) |
| Frieda Bloom | *Picard vs. Freida Bloom,* S.D.N.Y. No. 11-cv-8774 (JSR) |
| Myra Cantor | *Picard vs. Myra Cantor,* S.D.N.Y. No. 11-cv-8904 (JSR) |
| Elinor Friedman Felcher | *Picard vs. Elinor Freidman Felcher,* S.D.N.Y. No. 11-cv-8775 (JSR) |
| John Fujiwara and Gladys Fujiwara | *Picard vs. John Fujiwara et al.,* S.D.N.Y. No. 11-cv-8776 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Architectural Body Research Foundation, Inc. | *Picard vs. Architectural Body Research Foundation, Inc.,* S.D.N.Y. No. 11-cv-8772 (JSR) |
| Madeline Gins Arakawa; The Estate of Shusaku Arakawa | *Picard vs. Madeline Gins Arakawa et al.,* S.D.N.Y. No. 11-cv-8777 (JSR) |
| Judith Haber | *Picard vs. Judith Haber,* S.D.N.Y. No. 11-cv-8778 (JSR) |
| The Irving B. Kahn Foundation, Inc. | *Picard vs. Lucky Co., et al.,* S.D.N.Y. No. 12-cv-00207 (JSR) |
| Jaffee Family Investment Partnership; Bruce Jaffe | *Picard vs. Jaffe Family Investment Partnership et al.,* S.D.N.Y. No. 11-cv-8779 (JSR) |
| Estate of Elizabeth H. Kahn, a/k/a Betty Kahn; Jean A. Kahn; Ruth E. Kahn; Jann Jones | *Picard vs. Estate of Elizabeth H. Kahn a/k/a Betty Kahn et al.,* S.D.N.Y. No. 11-cv-8780 (JSR) |
| Jean Kahn | *Picard vs. Jean Kahn,* S.D.N.Y. No. 11-cv-8781 (JSR) |
| Ruth Kahn | *Picard vs. Ruth Kahn,* S.D.N.Y. No. 11-cv-8782 (JSR) |
| Abraham Kleinman; Marjorie Kleinman | *Picard vs. Abraham Kleinman et al.,* S.D.N.Y. Index No. 11-cv-8785 (JSR) |
| Marjorie Kleinman; Fairfield Pagma Associates, LP; Seymour Kleinman; Fairfox, LLC; Seyfair, LLC | *Picard vs. Fairfield Pagma Associates, LP et al.,* S.D.N.Y.  No. 11-cv-8898 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Stephen B. Kaye; Sandra Phillips Kaye | *Picard vs. Stephen B. Kaye et al.,* S.D.N.Y. No. 11-cv-8784 (JSR) |
| Steven Kaye | *Picard vs. Steven Kaye et al.,* S.D.N.Y. No. 11-cv-8783 (JSR) |
| Kelly-Sexton Inc. Profit Sharing Plan and Trust; T. Michael Kelly; Kevin M. Kelly; Timothy Sexton | *Picard vs. Kelly-Sexton Inc. Profit Sharing Plan et al.,* S.D.N.Y. No. 11-cv-8786 (JSR) |
| Sheila Kolodny | *Picard vs. Sheila Kolodny* ,S.D.N.Y. No. 11-8787 (JSR) |
| Judith E. Kostin | *Picard vs. Judith E. Kostin,* S.D.N.Y. No. 11-cv-8788 (JSR) |
| The Frances J. Le Vine Revocable Trust; Frances J. Le Vine | *Picard vs. The Frances J. Le Vine Revocable Trust et al.,* S.D.N.Y. Index No. 11-cv-8789 (JSR) |
| Bruce Leventhal; Bruce Leventhal 2001 Irrevocable Trust | *Picard vs. Bruce Leventhal et al.,* S.D.N.Y. No. 11-cv-8790 (JSR) |
| Shirley G. Libby Trust dated 11/30/95; Shirley G. Libby | *Picard vs. Shirley G. Libby et al.,* S.D.N.Y. Index No. 11-cv-8834 (JSR) |
| Armand Lindenbaum | *Picard vs. Armand Lindenbaum,* S.D.N.Y. Index No. 11-cv-8835 (JSR) |
| Jillian Wernick Livingston | *Picard vs. Jillian Wernick Livingston,* S.D.N.Y. No. 11-cv-8944 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Lucky Company | *Picard vs. Lucky Co., et al.* S.D.N.Y. No. 11-cv-9632 (JSR) |
| Lucky Company | *Picard vs. Lucky Co., et al.* S.D.N.Y. No. 11-cv-8839 (JSR) |
| Munchkins | *Picard vs. Lucky Co., et al.* S.D.N.Y. No. 12-cv-00513 (JSR) |
| Elizabeth Sarro; O'Hara Family Partnership | *Picard vs. O'Hara Family Partnership et al.,* S.D.N.Y. No. 12-cv-00644 (JSR) |
| Harry Pech; Jeffrey Pech | *Picard vs. Harry Pech at al.,* S.D.N.Y. No. 11-cv-8842 (JSR) |
| Lanny Rose; The Lanny Rose Revocable Trust, a Florida Trust | *Picard vs. Lanny Rose et al.,* S.D.N.Y. No. 11-cv-8843 (JSR) |
| Jonathan H. Simon | *Picard vs. Jonathan H. Simon,* S.D.N.Y. No. 11-cv-8844 (JSR) |
| Lawrence Simonds | *Picard vs. Lawrence Simonds,* S.D.N.Y. No. 11-cv-8845 (JSR) |
| Elinor Solomon | *Picard vs. Elinor Solomon,* S.D.N.Y. No. 11-cv-8847 (JSR) |
| Howard Solomon | *Picard vs. Howard Solomon,* S.D.N.Y. Index No. 11-cv-8848 (JSR) |
| Marilyn Speakman | *Picard vs. Marilyn Speakman,* S.D.N.Y. Index No. 11-cv-8899 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Anne Squadron; Anne Strickland Squadron; Seth Squadron; Elizabeth Squadron; Daniel Squadron; William Squadron; Debra Lagapa; Richard Squadron; Theodosia Price; Diane Squadron; Thomas Shea; Peter Gold; Carol Gold; Sarah D. Gold; Swing Harre; David Harre; Vaness N. Gang; Anna Rothwell; Robert Vas Dias; Margaret Butcher | *Picard vs. Anne Squadron et al.,* S.D.N.Y. No. 11-cv-8900 (JSR) |
| Estate of Carl S. Stecker; Leona Stecker; Carl S. Stecker Revocable Trust | *Picard vs. Estate of Carl S. Stecker et al.,* S.D.N.Y. No. 11-cv-8901 (JSR) |
| Robin Geoffrey Swaffield | *Picard vs. Robin Geoffrey Swaffield et al.,* S.D.N.Y. No. 11-cv-8945 (JSR) |
| Jyoti Ulrych; Andre Ulrych | *Picard vs. Jyoti Ulrych et al.,* S.D.N.Y. No. 11-cv-8902 (JSR) |
| David S. Wallenstein | *Picard vs. David S. Wallenstein,* S.D.N.Y. No. 11-cv-5219 (JSR) |
| David S. Wallenstein; Wallenstein/NY Partnership | *Picard vs. David S. Wallenstein et al,.* S.D.N.Y. No. 11-cv-5222 (JSR) |
| Nicolette Wernick Nominee Partnership; Nicolette Wernick | *Picard vs. Nicolette Wernick et al.,* S.D.N.Y. No. 11-cv-8946 (JSR) |
| Rosalind C. Whitehead Revocable Trust dated 3/8/07; Rosalind C. Whitehead | *Picard vs. Rosalind C. Whitehead et al,.* S.D.N.Y. No. 11-cv-8903 (JSR) |
| Peng Yan | *Picard vs. Peng Yan et al.,* S.D.N.Y. No. 11-cv-8905 (JSR) |

LEWIS & MCKENNA
Paul Z. Lewis, Esq.
82 East Allendale Road
Saddle River, New Jersey 07458
(201) 934-9800

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Andrew Cohen | *Picard v. Cohen* S.D.N.Y. No. 12-cv-02583 JSR |
| Edward Coughlin; Suzanne Coughlin | *Picard v. Edward Coughlin & Suzanne Coughlin* S.D.N.Y. No. 12-cv-00886 (JSR) |

LOWENSTEIN SANDLER LLP
Amiad M. Kushner, Esq.
Peter D. Greene, Esq.
Zachary D. Rosenbaum, Esq.
1251 Avenue of the Americas, 18th Fl.
New York, New York 10020
(212) 262-6700

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Cornerstone Capital (Del), Inc.; David Pulver; Carol Pulver | *Picard v. Cornerstone Capital (Del), Inc., et al.,* S.D.N.Y. No. 12-cv-00328 (JSR) |
| Pulver Family Foundation, Inc. | *Picard v. Pulver Family Foundation, Inc.,* S.D.N.Y. No. 12-cv-00329 (JSR) |

MCDERMOTT WILL & EMERY LLP
Michael Huttenlocher
340 Madison Avenue
New York, New York 10173
212-547-5482

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| F & P Lynch Family Partnership, L.P., a Colorado Limited Partnership; Frank J. Lynch, a.k.a. Frank J. Lynch III; Patricia Lynch | Picard v. F & P Lynch Family Partnership, L.P. et al., S.D.N.Y. No. 11-cv-9216 (JSR) |
| Frank J. Lynch, a.k.a. Frank J. Lynch III | Picard v. Lynch, S.D.N.Y. No. 11-cv-9215 (JSR) |

MILBERG LLP
Jennifer L. Young, Esq.
Matthew A. Kupillas, Esq.
Joshua Keller, Esq.
One Pennsylvania Plaza, 49th Floor
New York, New York 10119
(212)-594-5300

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Estate of Gary Albert, individually and in its capacity as shareholder of Impact Designs Ltd.; Kathleen Albert and Steven Braun as personal representatives of the Estate of Gary Albert | *Picard v. Albert, et al.,* S.D.N.Y. No. 11-4390 (JSR) |
| Aspen Fine Arts Co.; Melvin Knyper | *Picard v. Aspen Fine Arts Co., et al.,* S.D.N.Y. No. 11-4391 (JSR) |
| Gerald Blumenthal | *Picard v. Blumenthal,* S.D.N.Y. No. 11-4293 (JSR) |
| The Aspen Company; Harold Thau; Robert Courson | *Picard v. The Aspen Company, et al.,* S.D.N.Y. No. 11-4400 (JSR) |
| Jan Marcus Capper | *Picard v. Capper,* S.D.N.Y. No. 11-4389 (JSR) |
| Norton Eisenberg | *Picard v. Eisenberg,* S.D.N.Y. No. 11-4388 (JSR) |
| P. Charles Gabriele | *Picard v. Gabriele,* S.D.N.Y. No. 11-4481 (JSR) |
| Stephen R. Goldenberg | *Picard v. Goldenberg,* S.D.N.Y. No. 11-4483 (JSR) |
| Ruth E. Goldstein | *Picard v. Goldstein,* S.D.N.Y. No. 11-4371 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| John Denver Concerts, Inc. Pension Plan Trust; Harold Thau as the Trustee | *Picard v. John Denver Concerts, Inc., Pension Plan Trust,* S.D.N.Y. No. 11-4387 (JSR) |
| Lester Kolodny | *Picard v. Kolodny,*, S.D.N.Y. No. 11-4502 (JSR) |
| Laurence Leif | *Picard v. Leif,* S.D.N.Y. No. 11-4392 (JSR) |
| Steven V. Marcus Separate Property of the Marcus Family Trust; The Marcus Family Limited Partnership; Steven V. Marcus, individually and in his capacity as Trustee of the Steven V. Marcus Separate Property of the Marcus Family Trust, General Partner of the Marcus Family Limited Partnership and Guardian of O.M., K.M. and H.M; Denise C. Marcus, in her capacity as Trustee of the Steven V. Marcus Separate Property of the Marcus Family Trust | *Steven V. Marcus Separate Property of the Marcus Family Trust., et al.,* S.D.N.Y. No. 11-4504 (JSR) |
| Trust U/W/O Harriet Myers | *Picard v. Trust U/W/O Harriet Myers,* S.D.N.Y. No. 11-4397 (JSR) |
| Robert Potamkin; Alan Potamkin | *Picard v. Potamkin Family Foundation, Inc.,* S.D.N.Y. No. 11-4398 (JSR) |
| Delia Gail Rosenberg; Estate of Ira S. Rosenberg | *Picard v. Estate of Ira S. Rosenberg, et al.,* S.D.N.Y. No. 11-4482 (JSR) |
| Leon Ross, individually and in his capacity as representative of the estate of Miriam Ross | *Picard v. Ross,* S.D.N.Y. No. 11-4480 (JSR) |
| Leon Ross | *Picard v. Ross,* S.D.N.Y. No. 11-4479 (JSR) |
| Richard Roth | *Picard v. Roth,* S.D.N.Y. No. 11-4501 (JSR) |
| Harold A. Thau | *Picard v. Thau,* S.D.N.Y. No. 11-4399 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| William M. Woessner Family Trust; Sheila A. Woessner Family Trust; William M. Woessner individually, and as Trustee of the William M. Woessner Family Trust and the Sheila A. Woessner Family Trust; Sheila A. Woessner, individually, and as Trustee of the William M. Woessner Family Trust and the Sheila A. Woessner Family Trust | *Picard v. William M. Woessner Family Trust, et al.,* S.D.N.Y. No. 11-4503 (JSR) |

MORGAN, LEWIS & BOCKIUS LLP
Bernard J. Garbutt III, Esq.
Vladimir Pavlovic, Esq.
101 Park Avenue
New York, New York 10178
(212) 309-6000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Kostin Co.; Andrew Kostin; David Kostin; Susan Kostin; Deborah Weinstein | *Picard v. Kostin Company, et al.,* S.D.N.Y. No. 12-cv-02409 (JSR) |

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
Richard G. Haddad, Esq.
230 Park Avenue
New York, New York 10169
(212) 661-9100

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Philadelphia Financial Life Assurance Company | *Picard v. Connecticut General Life Insurance Co., et al.*, S.D.N.Y. No. 12-cv-1229 (JSR) |
| Philadelphia Financial Life Assurance Company | *Picard v. Connecticut General Life Insurance Co., et al.,* S.D.N.Y. No. 12-cv-1228 (JSR) |
| Estate of Richard M. Stark; Richard M. Stark Article Fifth Trust; Betty Stark, individually, as executor of the Estate of Richard M. Stark, as designated beneficiary of NTC & Co. f/b/o Richard M. Stark (xxxxxxx), and as beneficiary of the Richard M. Stark Article Fifth Trust; Thomas L. Stark, as beneficiary of the Richard M. Stark Article Fifth Trust; Hilary M. Stark, as beneficiary of the Richard M. Stark Article Fifth Trust | *Picard v. Richard M. Stark Article Fifth Trust, et al.,* S.D.N.Y. No. 12-cv-2445 (JSR) |
| Thomas L. Stark; Hilary M. Stark | *Picard v. Stark*, *et ano.* S.D.N.Y. No. 12-cv-2465 (JSR) |
| Dorothy Ervolino | *Picard v. Ervolino*, S.D.N.Y. No. 12-cv-2444 (JSR) |

PROSKAUER ROSE LLP
Richard L. Spinogatti, Esq.
11 Times Square
New York, New York 10036
(212) 969-3540

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Isaac Blech | *Picard v. Isaac Blech,* S.D.N.Y. No. 12-cv-02353 (JSR) |
| Buffalo Laborers' Pension Fund; James Logan, as trustee; Robert F. Hill, as trustee; Mark C. Shober, as trustee; D. Ronald Rosser, as trustee; Samuel Capitano, as trustee; John J. Massaro, as trustee; Gary Bernardo, as trustee; Charles P. Paladino, as trustee; Ann McNamara, as trustee; Louis P. Ciminelli, as trustee; John S. O'Hare, as trustee | *Picard v. Buffalo Laborers' Pension Fund, et al.,* S.D.N.Y. No. 12-cv-02413 (JSR) |
| Cohen Pooled Assets Account; 61 Associates LLC; Amy Cohen | *Picard v. Cohen Pooled Assets Account, et al.,* S.D.N.Y. No. 12-cv-00883 (JSR) |
| Helaine Berman Fisher, individually, in her capacity as Trustee of the Bennett M. Berman Trust, in her capacity as trustee of the Jordan Finnegan Trust, and in her capacity as personal representative of the Estate of Bennett M. Berman; Jordan Finnegan; Trust created for the benefit of Jordan Finnegan under Section 6.1 of the Bennett M. Berman Trust dated May 9, 2003; Justin Finnegan | *Picard v. Bennett M. Berman Trust, et al.,* S.D.N.Y. No. 12-cv-02451 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Charles D. Kelman Revocable Trust dated May 16, 2001, as restated and amended, a Florida Trust; Steven A. Belson as trustee; Darren S. Berger as trustee; Marital Trust Under Article X of the Charles D. Kelman Revocable Trust, a Florida Trust; Ann G. Kelman, as trustee and as an individual; Steven A. Belson, as trustee; Darren S. Berger, as trustee; Trust for Evan Kelman under Article XIII of the Charles D. Kelman Revocable Trust, a Florida trust; Ann G. Kelman, as trustee; Steven A. Belson, as trustee; Darren S. Berger, as trustee; Evan Kelman; Trust for J.K. (a minor) under Article XIII of the Charles D. Kelman Revocable Trust, a Florida trust; Ann G. Kelman, as trustee; Steven A. Belson, as trustee; Darren S. Berger, as trustee; J.K. (a minor); Trust for S.K. (a minor) under Article XIII of the Charles D. Kelman Revocable Trust, a Florida trust; Ann G. Kelman, as trustee; Steve A. Belson, as trustee; Darren S. Berger, as trustee; S.K. (a minor); Trust for Charles D. Kelman's Grandchildren and more remote descendants under Article VII of the Charles D. Kelman Revocable Trust, a Florida trust; Steven A. Belson, as trustee; Darren S. Berger, as trustee | *Picard v. Kelman Partners Limited Partnership, et al.,* S.D.N.Y. No. 11-cv-05513 (JSR) |
| Marital Trust Under Article X of the Charles D. Kelman Revocable Trust dated May 16, 2001, as restated and amended; Ann G. Kelman, as trustee and individually; Steve A. Belson, as trustee; Darren S. Berger, as trustee | *Picard v. Marital Trust Under Article X of Charles D. Kelman Revocable Trust Dated May 16, 2001, as Restated and Amended, et al.,* S.D.N.Y. No. 11-cv-04936 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Estate of Matthew R. Kornreich; Estate of Susanne L. Kornreich; Matthew R. Kornreich Declaration of Trust dated January 20, 2009; GST Exempt Trust f/b/o William D. Kornreich created under the Matthew R. Kornreich Declaration of Trust dated January 20, 2009; GST Exempt Trust f/b/o Kathy K. Weinberg created under the Matthew R. Kornreich Declaration of Trust dated January 20, 2009; William D. Kornreich, individually, as personal representative and as trustee; Kathy R. Weinberg, individually, as personal representative and as trustee | *Picard v. Estate of Matthew R. Kornreich, et al., S.D.N.Y. No. 12-cv-02750 (JSR)* |
| Ronald Eisenberg 1995 Continuing Trust; Maxine Eisenberg, Trustee | *Picard v. Ronald Eisenberg 1995 Continuing Trust, et ano., S.D.N.Y. No. 12-cv-02352 (JSR)* |

PRYOR CASHMAN LLP
Richard Levy, Jr., Esq.
David C. Rose, Esq.
7 Times Square
New York, New York 10036-6569
(212) 421-4100

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Kara Fishbein Goldman; Steven Goldman | *Picard v. Goldman, et al.,* S.D.N.Y. No. 11-cv-4959 (JSR) |
| Patrice M. Auld; Merritt Kevin Auld; James P. Marden | *Picard v. Patrice M. Auld et al.,* S.D.N.Y. No. 11-cv-5005 (JSR) |
| Boslow Family Limited Partnership; Iris Boslow Revocable Living Trust; Alvin S. Boslow; Iris C. Boslow; Mindy Boslow; Judy Boslow; Lisa Boslow Dorman | *Picard v. Boslow Family Limited Partnership et al.,* S.D.N.Y. No. 11-cv-5006 (JSR) |
| Bernard Marden Profit Sharing Plan; Patrice M. Auld, as Trustee of Bernard Marden Profit Sharing Plan; James P. Marden, as Trustee of Bernard Marden Profit Sharing Plan | *Picard v. Bernard Marden Profit Sharing Plan et al.,* S.D.N.Y. No. 11-cv-5007 (JSR) |
| Helene R. Cahners Kaplan; Helene R. Cahners Grantor Retained Annuity Trust #1; Nancy L. Cahners, individually and in her capacity as Trustee of the Helene R. Cahners Grantor Retained Annuity Trust #1; Robert M. Cahners, individually and in his capacity as Trustee of the Helene R. Cahners Grantor Retained Annuity Trust #1; Arthur B. Page, in his capacity as Trustee of the Helene R. Cahners Grantor Retained Annuity Trust #1; Rachel Cahners Caveney; Philip Cahners | *Picard v. Helene R. Cahners Kaplan et al.,* S.D.N.Y. No. 11-cv-5008 (JSR) |
| Charlotte M. Marden; The Charlotte M. Marden Irrevocable Insurance Trust, a Florida Trust; Neal J. Nissel, as trustee; James P. Marden; Patricia M. Auld; Alexandria K. Marden; Gabrielle Z. Marden; Meghan M. Auld; Elizabeth C. Auld; O.A., a minor | *Picard v. Charlotte M. Marden et al.,* S.D.N.Y. No. 11-cv-5009 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Robert Fried; Joanne Fried, individually and in their capacities as joint tenants with rights of survivorship | *Picard v. Robert Fried et al.,* S.D.N.Y. No. 11-cv-5156 (JSR) |
| James P. Marden; Iris Zurawin Marden; Patrice M. Auld | *Picard v. James Marden et al.,* S.D.N.Y. No. 11-cv-5158 (JSR) |
| Marden Family Limited Partnership, a Delaware limited partnership; B&C Marden LLC, a Delaware limited liability company; Bernard A. Marden Revocable Trust, a Florida Trust; Estate Of Bernard A. Marden;; Charlotte Marden (AKA Chris Marden) as trustee and as an individual; Patrice M. Auld, as trustee, as personal representative and as an individual; James P. Marden, as trustee, as personal representative and as an individual | *Picard v. Marden Family Limited Partnership et al.,* S.D.N.Y. No. 11-cv-5160 (JSR) |
| Norma Fishbein IRA | *Picard v. Norma Fishbein IRA,* S.D.N.Y. No. 11-cv-5161 (JSR) |
| Norma Fishbein Revocable Trust Dtd 3/21/90; Norma Fishbein, individually and in her capacity as Trustee of the Norma Fishbein Revocable Trust Dtd 3/21/90; Robert Fishbein, in his capacity as Trustee of the Norma Fishbein Revocable Trust Dtd 3/21/90 | *Picard v. Norma Fishbein et al.,* S.D.N.Y. No. 11-cv-5162 (JSR) |
| Oakdale Foundation Inc.; Bernard A. & Chris Marden Foundation Inc.; The Patrice and Kevin Auld Foundation; The Marden Family Foundation, Inc. | *Picard v. Oakdale Foundation Inc. et al.,* S.D.N.Y. No. 11-cv-5163 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Bruce D. Pergament; Pergament & Pergament Realty LLC; Murray Pergament 1999 Trust FBO Bruce Pergament; Bruce Pergament and Eric B. Woldenberg in their capacities as Trustees of the Murray Pergament 1999 Trust FBO Bruce Pergament; Linda Horowitz Spousal Trust FBO Richard Horowitz, f/k/a Murray Pergament 1999 Trust FBO Linda Horowitz; Eric B. Woldenberg in his capacity as Trustee of the Linda Horowitz Spousal Trust FBO Richard Horowitz, f/k/a Murray Pergament 1999 Trust FBO Linda Horowitz, Richard Horowitz | *Picard v. Bruce D. Pergament. et al.,* S.D.N.Y. No. 11-cv-5216 (JSR) |
| Sharon Raddock | *Picard v. Sharon Raddock,* S.D.N.Y. No. 11-cv-5217 (JSR) |
| The Murray & Irene Pergament Foundation, Inc.; The Horowitz & Libshutz Family Foundation, Inc., f/k/a Linda & Richard Horowitz Foundation, Inc.; The Randi Pergament & Bruce Pergament Foundation, Inc. | *Picard v. The Murray & Irene Pergament Foundation, Inc. et al.,* S.D.N.Y. No. 11-cv-5218 (JSR) |
| Avram J. Goldberg, individually and in his capacity as trust officer for The Sidney R. Rabb Trust FBO Carol Goldberg; Carol R. Goldberg, individually and in her capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg; M. Gordon Ehrlich, in his capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, and as attorney-in-fact for Carol R. Goldberg, Avram J. Goldberg, and the Carol R. Goldberg and Avram J. Goldberg Special Account; Sidney R. Rabb Trust FBO Carol Goldberg; The Avcar Group Ltd. | *Picard v. Avram J. Goldberg et al.,* S.D.N.Y. No. 11-cv-5220 (JSR) |
| Pergament Equities, LLC; Robert Pergament; Lois Pergament; Paul S. Tierstein; Justin Weitz; David Weitz; Lauren Weitz; Felicia Weitz; Arthur Luxenberg; Karl B. Kornblum; Alyse Kornblum; Charles W. Pecorella; Pecorella Investment Group, LLC; Corey Platzner; Linda Platzner; The Platzner Organization LLC; Daphne Jo Stasco | *Picard v. Pergament Equities LLC et al.,* S.D.N.Y. No. 11-cv-5221 (JSR) |

SCHLESINGER GANNON & LAZETERA LLP
Ross Katz, Esq.
535 Madison Avenue
New York, New York 10022
(212) 652-3713

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Jenny W. Schlesinger, individually | *Picard v. Estate of Ruth Schlesinger, et al.,* S.D.N.Y. 12-cv-02790-JSR |
| Muriel B. Cantor; Robert I. Cantor, Individually, as Personal Representative of the Estate of Sol B. Cantor and as Co-Trustee of the Robert I. Cantor Trust and the Ellen T. Peck Trust; Ellen T. Peck, Individually, as Personal Representative of the Estate of Sol B. Cantor and as Co-Trustee of the Ellen T. Peck Trust and the Robert I. Cantor Trust; Sanford J. Schlesinger, as Trustee of the Robert I. Cantor Trust and the Ellen T. Peck Trust; Warren Cohen; C.C.; L.C.; M.C.; Wendy Wilder; S.W.; N.W. | *Picard v. Muriel B. Cantor, et al.,* S.D.N.Y. 12-cv-00205 (JSR) |

SCHLAM STONE & DOLAN LLP
Richard H. Dolan, Esq.
Bennette D. Kramer, Esq.
26 Broadway
New York, New York 10004
(212) 344-5400

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| The Arthur and Rochelle Belfer Foundation, Inc.; Belfer Corporation; The 1999 Belfer Partnership, L.P.; The Robert A. Belfer and Renee E. Belfer Family Foundation; Robert A. Belfer, as Trustee of The Robert A. Belfer and Renee Belfer Family Foundation | *Picard v. The Arthur and Rochelle Belfer Foundation, Inc., et al.*, S.D.N.Y. No. 12 CV 2372 (JSR) |

SCHULTE ROTH & ZABEL LLP
Marcy Ressler Harris, Esq.
Jennifer M. Opheim, Esq.
Mark D. Richardson, Esq.
919 Third Avenue
New York, New York 10022
(212)-756-2000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| HHI Investment Trust #2; King Harris, in his fiduciary capacity; Katherine P. Harris, in her fiduciary capacity; Toni H. Paul, in her fiduciary capacity; Denise Saul, in her fiduciary capacity; Sidney Barrows, in his fiduciary capacity; The Harris Family Foundation; Pam F. Szokol Trust; William J. Friend Trust Dated 06/22/95; Scott C. Friend Trust of 1984 Under Trust Agreement Dated 11/21/84; Bette D. Harris Grandchildren's Trust for the Children of Katerine Harris; Pam Friend Szokol Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of Katherine Harris; William Friend Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of King Harris; John B. Harris Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of Toni Paul Under Trust Agreement Dated 01/13/59; King W. W. Harris Trust for Children Under Trust Agreement Dated 12/15/76; Toni Harris Paul Children's Trust Dated 12/15/76; Katherine Harris Custodian for John B. Harris Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/01/76; King Harris Custodian for Charles Henry Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 06/01/79; King Harris Custodian for Kelly Lynn Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 10/01/80; King Harris Custodian for Alan Harris Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/20/84; King Harris Custodian for Laurie Beth Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/20/84; John B. Harris; Charles Henry Paul; Kelly Lynn Paul; Alan Harris Paul; Laurie Beth Paul | *Picard v. HHI Investment Trust #2 et al.,* S.D.N.Y. No. 11-cv-9061<br><br>*(Note:  Although this action was described in the Motion for Consolidation of Appeals (ECF NO. 96-2) as an "Inadvertently Omitted Action," it is identical in substance and procedural status to all of the Eligible Actions in this appeal and is therefore treated as such.)* |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Thomas H. Lee | *Picard v. Blue Star Investors LLC et al.,* S.D.N.Y. No. 11-cv-9059 (JSR)<br><br>*(Note: Although this action was described in the Motion for Consolidation of Appeals (ECF NO. 96-2) as an "Inadvertently Omitted Action," it is identical in substance and procedural status to all of the Eligible Actions in this appeal and is therefore treated as such.)* |
| Pati H. Gerber, individually and in her fiduciary capacity; Pati H. Gerber 1997 Trust; The Pati H. Gerber Marital Deduction Trust Under the Last Will and Testament of Oscar L. Gerber; Oscar L. Gerber Residuary Trust A; Oscar L. Gerber Residuary Trust B; Pati H. Gerber Ltd. | *Picard v. Pati H. Gerber et al.,* S.D.N.Y. No. 11-cv-9060 |

SEEGER WEISS LLP
Stephen A. Weiss, Esq.
Parvin K. Aminolroaya, Esq.
77 Water Street, 26th Floor
New York, New York 10005
(212) 584-0700

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Elbert R. Brown Trust; Viola Brown Trust; Do Stay, Inc.; Elbert Brown, in his capacities as Creator and Trustee of the Elbert R. Brown Trust, and Individually as Beneficiary of the Elbert R. Brown Trust; Viola Brown, in her capacities as Creator and Trustee of the Viola Brown Trust, and Individually as Beneficiary of the Viola Brown Trust | *Picard v. Elbert Brown Trust, et al.,* S.D.N.Y. No. 11-05155 (JSR) |
| Lewis R. Franck, individually and in his capacity as Trustee of the Florence Law Irrevocable Trust dtd 1/24/05; Florence Law Irrevocable Trust DTD 1/24/05 | *Picard v. Franck, et al.,* S.D.N.Y. No. 11-04723 (JSR) |
| Jonathan Sobin | *Picard v. Sobin,* S.D.N.Y. No. 11-04728 (JSR) |
| Joseph S. Popkin Revocable Trust Dated February 9, 2006; Robin Popkin Logue, as trustee of the Joseph S. Popkin Revocable Trust Dated February 9, 2006, as the personal representative of the Estate of Joseph S. Popkin, and as an individual; Estate of Joseph S. Popkin | *Picard v. Joseph S. Popkin Revocable Trust, et al.,* S.D.N.Y. No. 11-04726 |
| The M & B Weiss Family Limited Partnership of 1996 c/o Melvyn I. Weiss; Melvyn I. Weiss, individually and in his capacity as a Joint Tenant; Barbara J. Weiss, individually and in her capacity as a Joint Tenant; Stephen A. Weiss; Leslie Weiss; Gary M. Weiss | *Picard v. The M & B Weiss Family Limited Partnership of 1996, et al.,* S.D.N.Y. No. 11-6244 (JSR) |

**SHAPIRO, ARATO & ISSERLES LLP**
Eric S. Olney, Esq.
Alexandra A.E. Shapiro, Esq.
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 257-4884

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Leon Meyers; Harold Cohen Living Trust; Elsa Cohen Living Trust; David Zahner; H&E Cohen Foundation; Seth Zahner; Perry Zahner; Benjamin Zahner; Kenneth Sadinoff; William Meyers; Cecilia Sacharow; Defendant named as "Leon Meyers Trust" | *Picard v. Cohen Pooled Asset Account, et al.*, S.D.N.Y. No. 10-cv-00083 (JSR) |
| The Mosaic Fund, L.P.; Leon Meyers | *Picard v. Mosaic Fund L.P., et al.*, S.D.N.Y. No. 11 Civ. 9444 (JSR) |

SHEARMAN & STERLING LLP
Brian H. Polovoy, Esq.
599 Lexington Ave
New York, New York  10022
(212) 848-4000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Citrus Investment Holdings, Ltd. | *Picard v. Citrus Investment Holdings, Ltd.,* S.D.N.Y., No. 12-cv-2435 (JSR) |

STIM & WARMUTH, P.C.
Paula J. Warmuth, Esq.
Glenn P. Warmuth, Esq.
2 Eighth Street
Farmingville, New York 11738
(631)732-2000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Marjorie Most | *Picard v. Most,* S.D.N.Y No. 12-cv-02278 (JSR) |
| Michael Most | *Picard v. Most,* S.D.N.Y No. 12-cv-02279 (JSR) |

STUTMAN TREISTER & GLATT, P.C.
William P. Weintraub, Esq.
Gregory W. Fox, Esq.
675 Third Avenue, Suite 2216
New York, New York 10017
(212) 235-0800

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Robert Nystrom | *Picard v. Nystrom,* S.D.N.Y. No. 12-cv-2403 (JSR) |
| Jeffrey Hinte | *Picard v. Hinte*, S.D.N.Y. No. 12-cv-2404 (JSR) |

**SULLIVAN & CROMWELL LLP**
Jeffrey T. Scott, Esq.
Patrick Berarducci, Esq.
125 Broad Street
New York, New York 10004
(212) 558-4000

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Hope W. Levene | *Picard v. Hope W. Levene*, S.D.N.Y. No. 12-cv-2585 (JSR) |
| Judy L. Kaufman; Lisa D. Kava; Neal S. Kaufman; Robert and Rebecca Epstein Living Trust; Robert A. Epstein; Rebecca B. Epstein; Daniel C. Epstein | *Picard v. Freda Epstein Revocable Trust, et al.*, S.D.N.Y. No. 12-cv-2586 (JSR) |

WACHTEL MISSRY LLP
Howard Kleinhendler, Esq.
Sara Spiegelman, Esq.
885 Second Avenue
New York, New York 10017
(212) 909-9500

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Joel R. Levey | *Picard v. Levey,* S.D.N.Y. No. 12-cv-02570 (JSR) |
| Aaron D. Levey Revocable Living Trust; Joel Levey; Wendy Kapner; Sandra Moore | *Picard v. Levey et al,* S.D.N.Y. No. 12-cv-02576 (JSR) |
| Aaron D. Levey Revocable Living Trust; Joel Levey as trustee and individually; Wendy Kapner, as trustee and individually; and Sandra Moore | *Picard v. Levey et al,* S.D.N.Y. No. 12-cv-02577 (JSR) |
| Frances Levey Revocable Living Trust; Wendy Kapner Revocable Trust; Wendy Kapner as trustee of Frances Levey Revocable Living Trust, grantor and trustee of Wendy Kapner Revocable Trust and individually; Joel Levey, as trustee of Wendy Kapner Revocable Trust; James L. Kapner | *Picard v. Levey et al,* S.D.N.Y. No. 12-cv-02573 (JSR) |
| Franklin Sands | *Picard v. NTC & Co. LLP*, S.D.N.Y. No. 11-cv-09277(JSR) |
| Gloria Landis; Shelley Michelmore | *Picard v. Landis et al.,* S.D.N.Y. No. 12-cv-02572(JSR) |
| Lori Chemla and Alexandre Chemla | *Picard v. Chemla et al.,* S.D.N.Y. No. 11-cv-09282 (JSR) |
| Steven Schiff | *Picard v. Schiff,* S.D.N.Y. No. 11-cv-09280 (JSR) |
| Schiff Family Holdings Nevada Limited Partnership; Schiff Family Holdings, Nevada, Inc., In Its Capacity as General Partner Of Schiff Family Holdings Nevada Limited Partnership | *Picard v. Schiff Family Holdings et al.,* S.D.N.Y. No. 11-cv-09276 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Helene Juliette Feffer | *Picard v. Feffer,* S.D.N.Y. No. 12-cv-02571 (JSR) |
| Estate of Paul E. Feffer; Emily Feffer Kogan, individually and in her capacity as Personal Representative of the Estate of Paul E. Feffer; Nicholas W.O. Feffer, individually and in his capacity as Personal Representative of the Estate of Paul E. Feffer; Helene Juliette Feffer; Joseph Feffer; Alisin Feffer Kasner | *Picard v. Estate of Paul E. Feffer, et al.,* S.D.N.Y. No. 11-cv-09275 (JSR) |
| Kenneth H. Landis individually and in his capacity as joint tenant; Rosalind A. Landis, individually and in her capacity as joint tenant | *Picard v. Landis et al.,* S.D.N.Y. No. 12-cv-02569 (JSR) |
| Arlene F. Silna Altman | *Picard v. Altman,* S.D.N.Y. No. 12-cv-02575 (JSR) |
| Daniel N. Silna, individually and in his capacity as general partner of White Lakes Associates; White Lake Associates; Joan Silna, as partner of White Lake Associates; Amy Silna Shafron Trust as Partner of White Lake Associates; Trust [E.S. Trust], as partner of White Lake Associates; Trust [N.S. Trust], as partner of White Lake Associates; Tracy Silna Zur, as partner of White Lake Associates; Trust [C.Z. Trust], as partner of White Lake Associates; Trust [K.Z. Trust], as partner of White Lake Associates; Trust [L.Z. Trust], as partner of White Lake Associates. | *Picard v. Silna, et al.,* S.D.N.Y. No. 11-cv-09279 (JSR) |
| The Silna Family Inter Vivos Trust; Ozzie Silna, in his individual capacity and as trustee for the Silna Family Inter Vivos Trust; Spencer A. Silna; Samantha R. Silna; Sophie H. Silna | *Picard v. The Silna Family Inter Vivos Trust et al.,* S.D.N.Y. No. 11-cv-09278 (JSR) |
| O.D.D. Investment, L.P., D.D.O., Inc.; Daniel N. Silna; Ozzie Silna; Donald Schupak; The Robin Silna 1997 Trust; Robin Silna; The Jeffrey Silna 1997 Trust; Jeffrey Silna; The Silna Family Inter Vivos Trust; Spencer Silna; Samantha Silna; Sophie Silna | *Picard v. O.D.D Investment , L.P., et al.,* S.D.N.Y. No. 12-cv-02568 (JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
| --- | --- |
| Shetland Fund Limited Partnership; Robert I. Lappin, in his capacity as General Partner of the Shetland Fund Limited Partnership U/W/O Louis Zaiger Residue Trust, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Marion L. Lappin, in her capacity as a Limited Partner of Shetland Fund Limited Partnership; Nancy J. Lappin, in her capacity as a Limited Partner of Shetland Fund Limited Partnership; Peter J. Lappin, in his capacity as a Limited Partner of Shetland Fund Limited Partnership; Barton Realty Trust, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Shetland Associates Limited Partnership, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Lappin Grandchildren's Trust, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Shetland Properties, Inc., in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Shetland Investments Limited Partnership, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Lappin Family Limited Partnership, it its capacity as a Limited Partner of Shetland Fund Limited Partnership; Robert I. Lappin 1972 Family Trust FBO Nancy Lappin, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Robert I. Lappin 1972 Family Trust FBO Peter Lappin, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Robert I. Lappin 1972 Family Trust FBO Andrew Lappin, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Robert I. Lappin Irrevocable 1976 Family Trust FBO Nancy Lappin, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Robert I. Lappin Irrevocable 1976 Family Trust FBO Peter Lappin, it its capacity as a Limited Partner of Shetland Fund Limited Partnership; Robert I. Lappin Irrevocable 1976 Family Trust FBO Andrew Lappin, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Marion L. Lappin Trust, in its capacity as a Limited Partner of Shetland Fund Limited Partnership; Andrew Lappin, in his capacity as a Limited Partner of Shetland Fund Limited Partnership; Lappin Grandchildren's Trust FBO Danielle F. Lappin, it its capacity as a Limited Partner of Shetland Fund Limited Partnership | *Picard v. Shetland Fund Limited Partnership et al.,* S.D.N.Y. No. 11-cv-09281 (JSR) |
| Carole Kasbar Bulman | *Picard v. Bulman,* S.D.N.Y. No. 12-cv-02574(JSR) |

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Ted Goldberg; Lori Goldberg | *Picard v. Goldberg et al.,* S.D.N.Y. No. 12-cv-02567 |

WEIL, GOTSHAL & MANGES LLP
Alfredo R Pérez
700 Louisiana, Suite 1600
Houston, Texas 77002-2755
(713) 546-5040

| Blue Star Investors LLC | *Picard v. Blue Star Investors LLC et al., S.D.N.Y. No. 11-cv-9059 (JSR)* |
| | *(Note: Although this action was described in the Motion for Consolidation of Appeals (ECF NO. 96-2) as an "Inadvertently Omitted Action," it is identical in substance and procedural status to all of the Eligible Actions in this appeal and is therefore treated as such.)* |

**WESTERMAN BALL EDERER MILLER & SHARFSTEIN, LLP**
John E. Westerman, Esq.
Richard Gabriele, Esq.
Mickee Hennessy, Esq.
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| DOS BFS Family Partnership II, L.P.; The Donald and Bette Stein Family Trust; Donald O. Stein; William Stein; Jamie Stein Walker; Barbara Stein Jaffe | *Picard v. DOS BFS Family Partnership II, L.P. et al.,* S.D.N.Y. No. 11-cv-2453 (JSR) |
| Morton Kurzrok | *Picard v. Cohmad Securities Corporation et al.,* S.D.N.Y. No. 12-cv-2589 (JSR) |

WHITEFORD TAYLOR
& PRESTON L.L.P.
Brent C. Strickland, Esq.
Paul M. Nussbaum, Esq.
Kenneth Oestreicher, Esq.
7 Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700

LEVIN & GANN, P.A.
Stanford G. Gann, Sr., Esq.
502 Washington Avenue
8th Floor
Towson, Maryland 21204
(410) 321-0600

| NAME(S) OF DEFENDANT(S)-APPELLEE(S) | ACTION BELOW |
|---|---|
| Milton Davis Non Exempt Marital Trust u/a 12/13/84; Marcia Castleman, in her capacity as successor trustee of the Milton Davis Marital Trust; Howard L. Castleman, in his capacity as successor trustee of the Milton Davis Marital Trust; Karen Davis, in her capacity as successor trustee of the Milton Davis Marital Trust | *Picard v. Milton Davis Non Exempt Marital Trust U/A 12/13/84, et al.,* S.D.N.Y. No. 11-cv-2415 (JSR) |

STATE OF NEW YORK      )
                       )          ss.:      **AFFIDAVIT OF SERVICE**
COUNTY OF NEW YORK     )                    **BY OVERNIGHT EXPRESS**
                                            **MAIL**

**TYRONE HEATH**
**2304 CROTONA AVE. APT. #1B**
**BRONX, NY 10458** , being duly sworn, depose and say that deponent is not a
party to the action, is over 18 years of age.


**On   October 11, 2013**


deponent served the within:   **Joint Brief of Customer Appellees**


**upon:**

Mr. Stanley Plesent
24 Maple Avenue
Larchmont, New York 10538

the address(es) designated by said attorney(s) for that purpose by depositing **2** true
copy(ies) of same, enclosed in a postpaid properly addressed wrapper in a Post Office
Official Overnight Express Mail Depository, under the exclusive custody and care of the
United States Postal Service, within the State of New York.


**Sworn to before me on October 11, 2013**

**MARIA MAISONET**
Notary Public State of New York
No. 01MA6204360
Qualified in Queens County
Commission Expires Apr. 20, 20174


Job No.  249750